UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.  : | Criminal No. 07-152 (ESH) |
| : | |
| ANTHONY MAURICE SUGGS, *et al.*, : | |
| Defendants.  : | |

## GOVERNMENT'S MOTION TO SUSPEND THE COMPUTATION OF TIME PURSUANT TO THE SPEEDY TRIAL ACT

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court pursuant to the Speedy Trial Act, 18 United States Code, §§ 3161, *et seq*., to suspend the computation of time as provided in the Act.  See  18 United States Code, §§ 3161(h)(8)(A) and 3161(h)(8)(B)(ii).  As grounds for its motion the government cites the following points and authorities.

*Facts*

The Indictment in this matter charges the defendants in two counts and seeks the forfeiture of assets derived from the criminal conspiracies charged in the Indictment.[1]  All seven defendants are charged as co-conspirators in Count One, and defendants Suggs and Joy are charged with possession with intent to distribute one kilogram or more of phencyclidine, in violation of Title 21, United States Code, Section 846.  The Indictment charges that the conspiracy opened on or about August 1, 2005, the exact date being unknown, and continuing thereafter up to and including at least June 12, 2007, in the District of Columbia, the District of Maryland, the Northern District of Georgia, the Eastern District of Missouri, the Central District of California, and elsewhere.

---

[1] The Indictment in this matter is related to the Indictment in *United States v. Glover, et al.,* Criminal No. 07-153 (ESH), in that both indictments arise from the same investigation and the same series of court authorized interceptions of wire and oral communications.

The greatest part of the government's evidence in this matter is the result of electronic surveillance conducted in the District of Columbia pursuant to Title 18 United States Code, section 2510, *et seq.*, authorized by the Honorable Rosemary M. Collyer of this Court. Electronic surveillance conducted pursuant to eleven court orders signed by Judge Collyer[2] resulted in more than 1817 hours of interceptions and approximately 34,227 separate activations, of which at least 2,570 were deemed pertinent.[3] An "activation" is a term of art in electronic surveillance which means that the target telephone has been turned on, that is with regard to a cellular telephone, that the send button or its equivalent has been pushed. While every activation does not result in a conversation, the overwhelming majority of activations result in an interception of either a conversation, a voicemail message or, while the telephone is activated and acting as a microphone, the interception of a background conversation. Moreover, with regard to the interception of oral communications in and within the vicinity of Glover's pick-up truck, the conversations were frequently extended. The hours of interceptions is a measure of the actual hours of recorded audio. Finally, the criminal activity charged in the Indictment occurred in the District of Columbia, the District of Maryland, the Eastern District of New York, the Southern District of New York, the

---

[2] Judge Collyer signed Orders on January 9, 2007 (SUGGS' cellular telephone), February 7, 2007 (extension on SUGGS' cellular telephone), February 9, 2007 (GLOVER's cellular telephone), March 9, 2007 (extension on SUGGS' and GLOVER's cellular telephones), March 19, 2007 (GLOVER's truck), April 5, 2007 (extension on GLOVER's cellular telephone), April 19, 2007 (extension on GLOVER's truck), April 30, 2007 (WILLIAMS' cellular telephones), May 4, 2007 (extension on GLOVER's cellular telephone), May 18, 2007 (extension on GLOVER's truck), and June 2, 2007 (extension on GLOVER's cellular telephone).

[3] These totals are as of June 12, 2007, when two of the electronic mediums were still being monitored, Glover's cellular telephone, which is the most active of all the monitoring mediums, and the microphone in his truck which produces extended conversations, some ranging to an hour and longer.

Southern District of Florida, the Northern District of Georgia, the Eastern District of Missouri, the Central District of California, and elsewhere.

*Argument*

The general breadth of the multi-jurisdictional conspiracy charged, the voluminous discovery material including wire intercepts in several jurisdictions, and overall complexity of this case justifies a 270 day exclusion from the statutory period in which this case must be tried under the Speedy Trial Act. When all defendants are before the Court and the speedy trial clock does begin to run, this Court should exclude a period of 270 days from the speedy trial calculation because of the complexity of this case. As a measure of the complexity of this case and the volume of the evidence, the 1817 hours of recorded interceptions translates to more than 75 full days of recorded interceptions. The voluminous evidence, the numerous co-conspirators, and the nature of the evidence supporting the charges in the instant indictment make this case complex and justifies an exclusion of time under 18 United States Code, § 3161(h)(8)(A).

In relevant part Title 18, United States Code, § 3161, states:

> (c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.
> \* \* \* \* \* \* \* \* \* \* \*
> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
> \* \* \* \* \* \* \* \* \* \* \*
> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his

>counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

Title 18, United States Code, § 3161(h)(8)(A), permits the Court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds, "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(B) sets forth the factors the Court may consider when determining whether to exclude time pursuant to § 3161(h)(8)(A). Where the Court finds that the case is, "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established," the Court may exclude such time as necessary to serve the ends of justice. Title 18, United States Code, §§ 3161(h)(8)(A) and 3161(h)(8)(B)(ii).

Applying the factors set forth in § 3161(h)(8)(B), courts have routinely excluded reasonable periods of time in cases similar in scale and complexity to the instant case. The court is vested with broad discretion to grant this exclusion when in its view the case's complexity makes it necessary to grant counsel further time to prepare in order to ensure a fair trial. *See United States v. Rojas-Contreras*, 474 U.S. 231 (1985).

In the past, courts have looked at three main factors in determining the complexity of a given case. These factors include the number of defendants, the amount and form of the evidence, and the nature of the prosecution. First, the presence of multiple defendants has frequently been cited as the basis for exclusion of time, particularly if the case involves a series of separate overt acts. For example, in *United States v. Hernandez,* nineteen defendants were indicted on charges of conspiracy to distribute heroin and to possess it with intent to distribute. 862 F.2d 17, 19 (2d Cir. 1988), *cert. denied*, 489 U.S. 1032 (1989). The appellate court found the district court's exclusion of a four month period was justified under the complex case exception of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii). *Id.* at 24. The court specifically cited the number of defendants as its justification for classifying the case as complex and upholding the district court's decision to exclude time. *Id. See also United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993) (upholding trial judge's exclusion of time under § 3161 (h)(8)(A) because case charging 9 co-defendants with conspiracy in a 29 count indictment was sufficiently "complex"), *cert. denied*, 510 U.S. 891 (1994); *United States v. Fogarty*, 692 F.2d 542, 546 (8th Cir. 1982) ("the complexity of the case, involving seven co-defendants and multiple overt acts occurring in seven states, outweighed the interests of the individual defendants"

and justified exclusion of time under § 3161(h)(8)(A)), *cert. denied*, 460 U.S. 1040 (1983); *United States v. Ambrosio*, 898 F. Supp. 177, 192 (S.D.N.Y. 1995) (ends of justice exclusion justified by complexity of case, where indictment charged 17 defendants with large-scale drug conspiracy).

In addition to the number of defendants, courts also look to the nature of the evidence in an assertedly "complex" case in adjudicating requests to apply the "interest of justice" provision of the Speedy Trial Act. Findings of complexity and resulting exclusions of time have been based on the presence of a large amount of evidence gathered by means of court-authorized wiretaps. Production and review of wiretap evidence often takes a substantial amount of time, justifying the exclusion of such time from the Speedy Trial Act calculation. *See United States v. Gambino*, 59 F.3d 353, 358 (2d Cir. 1995) (trial court excluded time under § 3161(h)(8)(A) because case involved "hundreds of hours of video and audio tape recordings tracking the structure of the criminal activities of the Gambino organization"), *cert. denied*, 517 U.S. 1187 (1996); *United States v. Butz, supra*, 982 F.2d at 1381 (exclusion of time justified in part because evidence of charged drug conspiracy was in form of "hundreds of hours" of conversations intercepted pursuant to a Title III wiretap); *United States v. Ditommaso, supra*, 817 F.2d at 210 (case involving "hundreds of reels of [audio]tapes" found sufficiently complex to justify exclusion of time under § 3161 (h)(8)(A)). *United States v. Vastola*, 652 F.Supp. 1446, 1447 (D.N.J.,1987)(noting case to be sufficiently complex pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) on the U.S. Attorney's estimation that 1000 hours of recorded evidence would be made available to defense counsel).

In addition, courts have also recognized that the necessity of gathering and producing a large amount of documents increases the complexity of a case and can alternately justify exclusion of time under the Speedy Trial Act. *See United States v. Beech Nut Nutrition Corporation*, 871 F.2d 1181,

1197-1198 (2d Cir.) (case in which government made available to defendants approximately 30,000 documents was "complex within the meaning of the Speedy Trial Act"), *cert. denied*, 493 U.S. 933 (1989).

Further, courts have examined the nature of the prosecution in determining the complexity of a given case. In doing so, courts have looked at both the severity of the charges and the amount of preparation needed for trial. For example, in *United States v. Butz*, nine defendants were charged with conspiracy to distribute marijuana. *United States v. Butz, supra*, 982 F.2d at 1381. The court found the district court had valid reasons for granting a continuance noting specifically that the severity of the charges required counsel be given extra time to file pretrial motions. *Id. See also United States v. Kaufman*, 354 F.Supp.2d 1201, 1208 (D.Kan. 2005)(noting a complex case designation would allow the government "reasonable time for effective preparation of numerous exhibits and witnesses for a multi-week trial" in a case involving defendants of varying levels of culpability); *United States v. Brooks*, 697 F.2d 517 (3d Cir. 1982)(holding the district court's granting of a continuance was justified on the basis that counsel would need additional time for adequate preparation in a case involving a three-year drug conspiracy spanning virtually all levels of production and distribution), *cert. denied*, 460 U.S. 1071 (1983).

The instant case is at least as complex as those described above in which courts have excluded time under Section 3161(h)(8)(A). The number of co-conspirators, the numerous jurisdictions, the electronic surveillance, the severity of the charges and the amount of preparation needed for trial justifies this Court's exclusion of time from the Speedy Trial Act calculation. First,

this indictment charges 7 defendants in an Indictment.[4] The number of individual defendants and the electronic surveillance will prompt the production of voluminous pages of documents to each of the co-conspirators, material that will take time to gather, distribute, and review. All of that material will need to be reviewed by each defense attorney. That review will undoubtedly prompt motions to suppress, to sever, and to otherwise limit the quantum of evidence to be presented against these defendants. The sheer volume of evidence in this case makes it complex and, according to the above-cited authority and an application of the plain language of the Speedy Trial statute, compels an exclusion of time.

The 270 day exclusion requested in this motion will serve both the United States and the defendants and insure that this significant, complicated case is thoroughly prepared for trial. The government needs extra time to prepare a vast amount of material for trial presentation, such as preparing transcripts of the pertinent intercepted conversations.

Further, it is reasonable to believe, based upon the seriousness of the charges involved here, the potential sentences involved, and experience in similar cases in this district, that some number of the defendants will express interest in entering guilty pleas and cooperating with the government. The debriefing of those interested individuals and negotiating dispositions of their cases is extremely

---

[4] We have not addressed here the fact that the United States will almost certainly approach the grand jury with additional evidence relating to the arrests and searches of the defendants in the process of the "take down" in this matter. The government will in all likelihood seek a superseding Indictment with new charges reflecting that evidence.

time-consuming. Information provided by those individuals may very well lead to additional charges against remaining co-conspirators and possibly others not yet arrested as well as increase the amount of drugs traceable to this conspiracy and resultant increases in the potential sentences.

**WHEREFORE**, for the foregoing reasons, the United States respectfully requests that this Court enter an Order excluding from computation under the Speedy Trial Act a period of 270 days, commencing when the last defendant is brought before this Court.

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

_____
ANTHONY SCARPELLI
Assistant United States Attorney

_____
JOHN K. HAN
Assistant United States Attorney

*Certificate of Service*

    **I HEREBY** certify that I have caused a copy of the foregoing government's Motion to Exclude Time to be served by mail upon counsel, for defendants as listed below;  this 25th day of June, 2007.

                              WILLIAM J. O'MALLEY, JR.
                              Assistant United States Attorney
                              D. C. Bar No. 166-991
                              555 4th Street, N.W., Fourth Floor
                              Washington, D.C.  20001
                              (202) 305-1749

| | |
|---|---|
| **Anthony Maurice Suggs**<br>Elmer Douglas Ellis<br>The Ellis Law Office<br>1100 H Street, N.W.<br>Suite 1100<br>Washington, D.C. 20005 | **Glendale Earl Lee**<br>Frederick Jones<br>5901 Montrose Rd.,<br>Apt. 1009 North<br>Rockville, Maryland 20852 |
| **Julian Johnson**<br>Manuel Retureta<br>601 Pennsylvania Avenue, N.W.<br>Suite 900<br>Washington, D.C. 20004 | **Helery Price**<br>Richard K. Gilbert<br>601 Pennsylvania Avenue, N.W.<br>Suite 900, South Bldg.<br>Washington, D.C. 20001 |
| **James Lawrence Parker**<br>James W. Rudasill, Jr.<br>601 Indiana Avenue, N.W. #500<br>Washington, D.C. 20004 | **Ngozi Joy**<br>Jensen Barber<br>400 7th Street, N.W., #400<br>Washington, D.C. 20004 |
| **Ernest Milton Glover**<br>H. Heather Shaner<br>1702 S. Street, N.W.<br>Washington, D.C. 20009 | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No. 07-152 (ESH) |
| | : | |
| **ANTHONY MAURICE SUGGS,** *et al.,* | : | |
| **Defendants.** | : | |

# ORDER

Upon motion of the United States to exclude 270 days from the computation of the Speedy Trial Act in the above-captioned matter, pursuant to 18 United States Code, section 3161(h)(8)(B)(ii), and without objection from the defendants, the Court having considered the entire record in this matter, the Court finds that given the body of evidence to be reviewed in preparing for trial in the above-captioned matter including as it does days of electronic surveillance resulting in over 1800 hours of interceptions, as well as the number of defendants charged in this matter, this litigation is more than sufficiently complex to support a finding that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.  The Court further finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  It is, this _____ day of June, 2007,

**ORDERED** that 270 days be excluded from the computation of the Speedy Trial Act in the above-captioned matter. It is

**FURTHER ORDERED** that the 270 days to be excluded will begin to run upon the date all defendants charged in this matter are before the Court in this matter or upon further order of this Court, which ever comes sooner.

ELLEN SEGAL HUVELLE
United States District Judge

Copies to:

William J. O'Malley, Jr.
Anthony Scarpelli
John K. Han
Assistant United States Attorneys

**Anthony Maurice Suggs**
Elmer Douglas Ellis
The Ellis Law Office
1100 H Street, N.W.
Suite 1100
Washington, D.C. 20005

**Julian Johnson**
Manuel Retureta
601 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20004

**James Lawrence Parker**
James W. Rudasill, Jr.
601 Indiana Avenue, N.W. #500
Washington, D.C. 20004

**Ernest Milton Glover**
H. Heather Shaner
1702 S. Street, N.W.
Washington, D.C. 20009

**Glendale Earl Lee**
Frederick Jones
5901 Montrose Rd.,
Apt. 1009 North
Rockville, Maryland 20852

**Helery Price**
Richard K. Gilbert
601 Pennsylvania Avenue, N.W.
Suite 900, South Bldg.
Washington, D.C. 20001

**Ngozi Joy**
Jensen Barber
400 7th Street, N.W., #400
Washington, D.C. 20004