IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No 07-152 (ESH) |
| | : | |
| ANTHONY M. SUGGS, *et al* | : | |

DEFENDANTS' JOINT, AND RECIPROCAL, MOTION TO
ENLARGE TIME FOR FILING MOTIONS

Defendant, Helery Price, through undersigned counsel, on behalf of all of the remaining Defendants in the case, respectfully requests that this Court enlarge the time for filing pretrial motions by one week, the same amount of time the Court allowed the United States to late file its discovery. As grounds therefore, Defendant states:

1. Five Defendants apparently remain in the case, Anthony Maurice Suggs, James Lawrence Parker, Ernest Milton Glover, Glendale Earl Lee and Helery Price.[1] The Defendants are charged with one count of narcotics conspiracy involving the distribution and possession with intent to distribute of one kilogram or more of PCP, and a criminal forfeiture count.[2]

---

[1] The case against Julian Johnson was dismissed by the Court on October 15, 2007 in order to permit authorities in Texas to try him for offenses allegedly committed there. Codefendant Ngozi Joy no longer appears as part of the case for reasons which are not publicly stated.

[2] Codefendants Suggs and Joy are also charged with a count of possession with intent to distribute one kilogram or more of PCP. The case is also related to another case, *United States v. Lonell G. Glover*, Crim. No. 07-153 which charges some 19 defendants with one count of narcotics conspiracy involving the distribution and possession with intent to distribute of one kilogram or more each of PCP and heroin, and a criminal forfeiture count.

1

2. The indictment is apparently based upon evidence uncovered as a result of eleven court orders authorizing electronic surveillance; these orders resulted in over 1,800 hours of interceptions with over 34,000 "activations." The United States has also represented that it expects to obtain a superseding indictment incorporating evidence seized during the arrests and searches of the Defendants.

3. The Court held a status hearing on September 21, 2007 at which time the Court discussed Defendants' discovery requests, the expected motions and scheduling. As a result, on September 25, 2007, this Court issued an Order which set the following pertinent dates:

> a. October 15, 2007 - the United States is to provide Rule 16 discovery,
>
> b. October 22, 2007 - the United States is file any superseding indictment,
>
> c. November 5, 2007 - Defendants' motions due,
>
> d. November 19, 2007 - government responses due,
>
> e. November 26, 2007 - Defendants' replies due,
>
> f. December 7, 2007 - status conference,
>
> g. January 22, 2008 - trial begins.

4. On October 15, 2007, instead of providing discovery to Defendants, the United States filed a motion requesting an additional week, until October 22, 2007, in which to provide discovery. The government asserted that it was unable to comply with the Court's Order because, at least in part, the "process has been delayed by the press of other business for the undersigned prosecutors and the FBI agents assigned to this matter."

5. The Court granted the government's motion the same day. Presumably the Court did not wait to hear from Defendants with respect to the government's motion because an objection to the delay would have been fruitless - the government could not produce what it did not have ready.

6. In the government's motion, however, it made the representation that its request would only have a "minimal disruption to the proceedings." This is simply false. The effect of the government's delay is to compress the time in which Defendants are to file their motions from three weeks after receiving discovery to two weeks. This is a major disruption as the United States itself admits that the expected discovery may fill one or two computer disks and encompasses a wide range of discovery. Based counsel's past experience, the linesheets alone should come to roughly <u>10,000 pages</u>, figuring 3 to 4 activations per page. Defendants fully expected to need the entire three weeks to digest the discovery and prepare the applicable motions. This is especially true for undersigned counsel who agreed to prepare the motion to suppress wiretaps and for whom the linesheets are essential.

7. Defendants therefore request that they be given an additional week commensurate with the week delay granted the government. Such a delay would have the added benefit of giving new counsel for Defendant Suggs one more week to consult with other counsel and decide what motions to file.[3]

---

[3] Undersigned counsel does presume to declare whether even three weeks is time for new counsel for Mr. Suggs to become sufficiently familiar with the case. That is a matter for Defendant Suggs and the Court. Undersigned counsel only intends to point out that the delay requested by the remaining defendants will not prejudice Defendant Suggs or his counsel.

8. To the extent that the Court wishes to keep on schedule as much as possible, the logical, and fair, solution is to compress the government's time to respond to Defendants' motion, by retaining the November 19, 2007 date. After all, the government's failed to adhere to the Court's Order in the first place, and the government is at least on notice as to what motions Defendants intend to file. Defendants do not, however, <u>expressly</u> request the Court take that action; Defendants leave that to the Court's discretion.

WHEREFORE, for the above reasons, as well as those set forth in the attached Memorandum of Points and Authorities, Defendants respectfully request that this Court enlarge the time for filing pretrial motions until November 12, 2007.

Respectfully submitted

/s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004
(202) 898-0857

Attorney for Defendant Price
(Appointed By The Court)

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No 07-152 (ESH) |
| | : | |
| ANTHONY M. SUGGS, *et al* | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' JOINT, AND RECIPROCAL, MOTION TO
ENLARGE TIME FOR FILING MOTIONS

1. The Federal Rules of Criminal Procedure do not specify a time for filing motions (or to provide discovery for that matter). It remains in the discretion of the Court to set the appropriate dates. When circumstances dictate that a deadline cannot be met, the Court retains discretion to grant an extension.

2. Defendants further submit that when deadlines are related to each other, delay caused by one party should not prejudice the other party. It appears that the failure of the United States to comply with the Court's Order was due, in part, to the fact that the prosecutors and agents were "busy" with other matters. Counsel for the Defendants also have other matters and have had their schedule disrupted by the delay in discovery that was ordered, and, thus, expected. Defendants should not be penalized by reducing the time to properly prepare motions because of delay caused by the United States.

3. Defendants take no position on whether the Court should slip the entire schedule for motions back by one week, allowing the United States to file responses by

November 26, 2007 and Defendants to file replies by December 3, 2007 or whether it should adhere the remaining schedule, essentially compressing the government's response time from two weeks to one. That also is a matter for the Court's discretion.

                                                Respectfully submitted

                                                          /s/

                                              Richard K. Gilbert
                                            Bar. No. 939884
                                            601 Pennsylvania Avenue, N.W.
                                            Suite 900, South Building
                                            Washington, D.C.  20004
                                            (202) 898-0857

                                            Attorney for Defendant Price
                                            (Appointed By The Court)

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No 07-152 (ESH) |
| | : | |
| ANTHONY M. SUGGS, *et al* | : | |

ORDER

Upon consideration of Defendants' Joint Motion To Enlarge Time For Filing Motions, (and the opposition of the United States), it is this ____ day of _____, 2007, ORDERED

That the Motion is GRANTED and that Defendants' motions are due on November 12, 2007. It is FURTHER ORDERED that:

[the schedule for responses and replies to such motions shall remain the same as set forth in the Court's Order of September 25, 2007.]

[government responses are now due on November 26, 2007 and Defendants' replies are due December 3, 2007.]

_____
Ellen S. Huvelle
United States District Court Judge