UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Criminal No. 07-152 (ESH) |
| : | |
| ANTHONY MAURICE SUGGS, *et al.*, : | |
| Defendants. : | |

## GOVERNMENT'S MOTION TO DELAY ARRAIGNMENT

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to delay the arraignment of the defendants James Lawrence Parker, Ernest Milton Glover, Glendale Earl Lee, and Helery Price on the superseding Indictment in this case filed on October 16, 2007. As grounds for this motion the government cites the following points and authorities.

1. On June 13, 2007, a grand jury of this court returned an Indictment in this matter against Anthony Maurice Suggs, Julian Johnson, James Lawrence Parker, Ernest Milton Glover, Glendale Earl Lee, Helery Price, and Ngozi Joy charging them with conspiracy to distribute and possess with intent to distribute more than a kilogram of phencyclidine in violation of 21 United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A)(iv);  possession with intent to distribute one kilogram or more of phencyclidine in violation of  21 United States Code, §§ 841(a)(1) and 841(b)(1)(A)(iv); and seeking forfeiture pursuant to 21 United States Code, § 853. On October 16, 2007, that same grand jury returned a superseding Indictment in this matter charging Anthony Maurice Suggs, James Lawrence Parker, Ernest Milton Glover, Glendale Earl Lee, and Helery Price with conspiracy to distribute and possess with intent to distribute more than a kilogram of phencyclidine in violation of 21 United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A)(iv); possession with intent to distribute one kilogram or more of phencyclidine in violation of 21 United

States Code, §§ 841(a)(1) and 841(b)(1)(A)(iv); distribution of phencyclidine in violation of 21 United States Code, §§ 841(a)(1) and 841(b)(1)(C); distribution of cocaine in violation of 21 United States Code, §§ 841(a)(1) and 841(b)(1)(C); possession of heroin in violation of 21 United States Code, § 844; possession of a firearm after conviction of a felony in violation of 18 United States Code, § 922(g)(1) and seeking forfeiture pursuant to 21 United States Code, § 853.

      2.      Rule 10 of the Federal Rules of Criminal Procedure governs arraignment upon filing of an Indictment or criminal Information. It provides:

> **a) In General.**
> An arraignment must be conducted in open court and must consist of:
> **(1)** ensuring that the defendant has a copy of the indictment or information;
> **(2)** reading the indictment or information to the defendant or stating to the defendant the substance of the charge; and then
> **(3)** asking the defendant to plead to the indictment or information.
> **(b) Waiving Appearance.**
> A defendant need not be present for the arraignment if:
> **(1)** the defendant has been charged by indictment or misdemeanor information;
> **(2)** the defendant, in a written waiver signed by both the defendant and defense counsel, has waived appearance and has affirmed that the defendant received a copy of the indictment or information and that the plea is not guilty; and
> **(3)** the court accepts the waiver.

Rule 10, Federal Rules of Criminal Procedure. In the instant matter each of the defendants has been arraigned on the original Indictment in this matter on June 19th and 20th by Magistrate Judge John M. Facciola of this Court when the defendants were before him on the return on the Rule 9 bench warrants for their arrest issued upon the return of that Indictment by the grand jury. Further, all of the defendants are aware that the government intended to return a superseding Indictment because the government announced its intention in response to a question posed in open court by the Court.

2.       Rule 10 permits the Court to waive arraignment upon a written waiver from the defendant signed by the defendant and his counsel acknowledging receipt of the Indictment and entering a plea of not guilty.  While we seek here only to <u>delay</u> arraignment, in many respects we have actual compliance with the provisions of Rule 10(b).  In the instant case the United States has been in contact with counsel for the defendants Parker, Glover and Price concerning this motion to delay arraignment pending the next status hearing in this matter.  Each of those defendants, by counsel, has indicated they have no objection to this motion.  Counsel for defendant Price, consistent with Rule 10, asked for a copy of the superseding Indictment.  As of this time we have not heard from counsel for defendant Lee but we would point out that with regard to Mr. Lee, there are no new charges in the superseding Indictment.  Finally, with regard to the defendant Suggs, there is no need to delay the arraignment since he was arraigned in open court on October 19, 2007.  We submit that all counsel will receive a copy of the superseding Indictment when it is attached to the ECF notice of its filing.  Additionally, we are attaching a copy of the superseding Indictment to this pleading.

4.       There is no requirement in the Federal Rules or in the Speedy Trial Act, 18 United States Code, § 3161, *et seq.*, regarding when arraignment must be held.  However, the Speedy Trial Act provides that "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed *pro se*." 18 United States Code, § 3161(c)(2).  This should present no difficulty in this matter because we propose to conduct the arraignment of defendants James Lawrence Parker, Ernest Milton Glover, Glendale Earl Lee, and Helery Price at the next scheduled status hearing in this matter, now set for December 7, 2007, more than thirty days before the scheduled trial date in this matter of January 22, 2007.

5. All the defendants in this matter are currently incarcerated in the District of Columbia Department of Corrections. The movement of multiple prisoners by the United States Marshals Service puts a great strain on the personnel resources of the Marshals Service particularly when other multiple defendant matters are before other judges of this Court. Currently, Judge Richard W. Roberts is in an extended multi-defendant trial which is now submitted to the jury. Similarly, Judge Reggie B. Walton is in an extended multi-defendant trial. Given these trials we suggest that where, as here, the appearance of multiple incarcerated defendants in an additional trial can be minimized without adverse effect on the proceedings of the court, the safety and security of defendants, the public and courthouse personnel suggests that we should do so.

**WHEREFORE**, we respectfully request that the Court delay arraignment in this matter until the next status hearing in this matter presently scheduled for December 7, 2007.

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney


ANTHONY SCARPELLI
Assistant United States Attorney


JOHN K. HAN
Assistant United States Attorney

*Certificate of Service*

    **I HEREBY** certify that I have caused a copy of the foregoing government's Motion to Delay Arraignment and proposed Order to be served by mail upon counsel, for defendants as listed below; this 19th day of October, 2007.

 

WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney
D. C. Bar No. 166-991
555 4th Street, N.W., Fourth Floor
Washington, D.C. 20001
(202) 305-1749

**Anthony Maurice Suggs**
Patrick Donahue, Esquire
18 West Street
Annapolis, MD 21401

**James Lawrence Parker**
James W Rudasill Jr., Esquire
717 D Street NW Ste 310
Washington DC 20004-2907

**Ernest Milton Glover**
H. Heather Shaner
1702 S. Street, N.W.
Washington, D.C. 20009

**Glendale Earl Lee**
Frederick Jones, Esquire
12801 Short Hills Drive
Clarksburg MD 20871

**Helery Price**
Richard K. Gilbert, Esquire
601 Pennsylvania Avenue, N.W.
Suite 900, South Bldg.
Washington, D.C. 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

GRAND JURY SWORN IN ON MAY 11, 2006

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-152 (ESH) |
| v. | GRAND JURY ORIGINAL |
| ANTHONY MAURICE SUGGS, <br>   also known as "APPLEJACK," <br> JAMES LAWRENCE PARKER, <br>   also known as "YOGI," <br> ERNEST MILTON GLOVER, <br>   also known as "FISH," <br> GLENDALE EARL LEE, <br>   also known as "GLEN," <br> HELERY PRICE, <br>   also known as "BROTHER," <br>             Defendants. | VIOLATIONS:  OCT 1 6 2007 <br><br> 21 U.S.C. § 846 <br> (Conspiracy to Possess With Intent to Distribute and to Distribute One Kilogram or More of Phencyclidine); <br> 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) <br> (Unlawful Possession With Intent to Distribute Phencyclidine); <br> 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iv) <br> (Unlawful Possession with Intent to Distribute One Kilogram or More of Phencyclidine); <br> 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) <br> (Unlawful Distribution of Phencyclidine); <br> 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) <br> (Unlawful Distribution of Cocaine); <br> 21 U.S.C. § 844 <br> (Possession of Heroin); <br> 18 U.S.C. § 922(g)(1) <br> (Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year); <br> 21 U.S.C. § 853 (Forfeiture) |

ELLEN SEGAL HUVELLE, ESH
B

**INDICTMENT**

The grand jury charges that:

**SUPERSEDING**

Case Related To: 07-152 (ESH)

## COUNT ONE

From on or about sometime in August 1, 2005, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including at least June 11, 2007, in the District of Columbia, the District of Maryland, the Northern District of Georgia, the Eastern District of Missouri, the Central District of California, and elsewhere, **ANTHONY MAURICE SUGGS,** also known as "APPLEJACK," **JAMES LAWRENCE PARKER,** also known as "YOGI," **ERNEST MILTON GLOVER,** also known as "FISH," **GLENDALE EARL LEE,** also known as "GLEN," **HELERY PRICE,** also known as "BROTHER," did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together and with JULIAN JOHNSON, also know as "JUJU," also known as "JU," LONNELL G. GLOVER, VELMA WILLIAMS, also known as "MA," also known as "MOTHER," CORNELL ANTHONY GLOVER, also known as "TONY," COOLERIDGE BELL, also known as "COOLRIDGE BELL," also known as "CARLTON BELL," CHARLES GLADDEN, also known as "BOONE," HENRY BROWN, also known as "HB," LESLIE WOOD, also known as "DIAMOND," CHRISTIAN DONALDSON, DIANE HOLMES, JEROME HAMPTON, also known as "JAY," JOE BROWN, JR., also known as "PUMPKIN," RONALD COOK, LENA BROWN, JOHN FRANKLIN CRUM, and NGOZI JOY, also known as "NIKKI," co-conspirators not indicted herein, and with others known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of phencyclidine, a Schedule I controlled substance, and the quantity of said mixture and substance was one kilogram or more, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iv).

> **(Conspiracy to Possess With Intent to Distribute and to Distribute One Kilogram or More of Phencyclidine**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

On or about June 19, 2007, within the District of Columbia, **ERNEST MILTON GLOVER,** also known as "FISH," did unlawfully, knowingly and intentionally possess with intent distribute a mixture and substance containing a detectable amount of phencyclidine, a Schedule I controlled substance.

**(Unlawful Possession with Intent to Distribute Phencyclidine,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT THREE

On or about June 19, 2007, within the District of Columbia, **ERNEST MILTON GLOVER,** also known as "FISH," did unlawfully, knowingly and intentionally possess a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

**(Unlawful Possession of Heroin,** in violation of Title 21, United States Code, Section 844)

## COUNT FOUR

On or about June 19, 2007, within the District of Columbia, the defendant, **ERNEST MILTON GLOVER,** also known as "FISH," having been convicted of a crime punishable by imprisonment for a term exceeding one year, in the United States District Court for the District of Columbia, Criminal Case Number 96-51, did knowingly possess a firearm, that is, an Ithaca shotgun, serial number 217112F, said firearm having been shipped and transported in interstate commerce.

**(Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for One Year** in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2))

## COUNT FIVE

On or about June 19, 2007, within the District of Columbia, the defendant, **ERNEST MILTON GLOVER,** also known as "FISH," having been convicted of a crime punishable by imprisonment for a term exceeding one year, in the United States District Court for the District of Columbia, Criminal Case Number 96-51, did knowingly possess a firearm, that is, a Winchester .22 caliber rifle, serial number B175102, said firearm having been shipped and transported in interstate commerce.

> **(Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for One Year** in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2))

## COUNT SIX

On or about March 27, 2007, within the District of Columbia, **ANTHONY MAURICE SUGGS,** also known as "APPLEJACK," did unlawfully, knowingly and intentionally possess with intent distribute a mixture and substance containing a detectable amount of phencyclidine, a Schedule I controlled substance, and the amount of said mixture and substance was one kilogram or more.

> **(Unlawful Possession with Intent to Distribute One Kilogram or More of Phencyclidine,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iv))

## COUNT SEVEN

On or about January 20, 2007, within the District of Columbia, ANTHONY MAURICE SUGGS, also known as "APPLEJACK," did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, a Schedule I controlled substance.

> **(Unlawful Distribution of Phencyclidine,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT EIGHT

On or about January 4, 2007, within the District of Columbia, **JAMES LAWRENCE PARKER,** also known as "YOGI," did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, a Schedule I controlled substance.

    (**Unlawful Distribution of Phencyclidine,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT NINE

On or about November 15, 2006, within the District of Columbia, **ANTHONY MAURICE SUGGS,** also known as "APPLEJACK," did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance.

    (**Unlawful Distribution of Cocaine,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT TEN

On or about August 23, 2006, within the District of Columbia, **ANTHONY MAURICE SUGGS,** also known as "APPLEJACK," did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, a Schedule I controlled substance.

    (**Unlawful Distribution of Phencyclidine,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## FORFEITURE ALLEGATION

1. The violation alleged in Count One of this Indictment is realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result of the offense alleged in Count One, the defendant(s) in this Indictment, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from proceeds obtained directly or indirectly, as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to:

   (a)   Money Judgment:

         (I) a sum of money equal to the total amount of money, representing the amount of proceeds obtained as a result of the offense, conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, one kilogram or more of phencyclidine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(a)(i) and (iv) for which the defendants are jointly and severally liable;

   (b)   United States Currency:

         i) $7,000.00 in U.S. currency, seized on March 27, 2007, in the search of the premises at 4000 10th Street, N.E., Washington, D.C.

By virtue of the commission of the felony offense charged in Count One of this Indictment, any and all interest that the defendant(s) have in the property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the charged conspiracy or used, or intended to be used, to facilitate the charged conspiracy, is vested in the United States and hereby forfeited to the United

States pursuant to Title 21, United States Code, Section 853.

3. If any of the property described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant(s):

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of said property listed above as being subject to forfeiture.

(**Criminal Forfeiture**, in violation of Title 21, United States Code, Sections 853 and 853(p).)

A TRUE BILL:

FOREPERSON.

*Jeffrey A Taylor /JhD/*
Attorney for the United States in
and for the District of Columbia

CLERK'S OFFICE  
UNITED STATES DISTRICT COURT

CO-931  
New 3/78

## NOTICE OF DESIGNATION OF PENDING* RELATED CRIMINAL CASE PURSUANT TO RULE 3-4, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Criminal Number: __07-152__  
(To be supplied by the Clerk)

**ELLEN SEGAL HUVELLE, ESH**

**NOTICE TO PROSECUTOR:**

Pursuant to LCrR 57.12(a)(1) of this Court's Rules, you should prepare this form and submit it to the Clerk's Office along with the indictments in any related cases. One copy is needed for the Clerk's records, once for the Judge to whom the case is assigned, and one additional copy for each defendant. Therefore, in a one defendant case you should submit 3 copies, for a two defendant case you should submit 4 copies, etc. The Clerk will mail copies of this form to all defense counsel along with the arraignment notice.

**NOTICE TO DEFENDANT:**

Rule LCrR 57.12(b)(1) of this Court's Rules requires that any objection by the defendant to the related case designation shall be served on the U. S. Attorney and filed with the Clerk within 10 days after arraignment.

**NOTICE TO ALL COUNSEL:**

Rule LCrR 57.12(b)(3) requires, in part, that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

---

The prosecutor will please complete the following:

1. Name of defendant: __ANTHONY M. SUGGS, et. al.__

2. Number of related case: __07-152__

3. Name of Judge assigned to related case: __JUDGE HUVELLE__

4. Name of United States Court in which the related case is pending (if other than this Court:)

5. Relationship of new case to related case:

   [Check appropriate box(es)]

   [X]  (a)  New case is a superseding indictment.

   [ ]  (b)  More than one indictment is filed or pending against defendant.

   [ ]  (c)  Prosecution against different defendant(s) arises from:

         [ ] a common wiretap

         [ ] a common search warrant

         [ ] activities which are a part of the same alleged criminal event or transaction

(*) A case is considered pending until a defendant has been sentenced. [Rule 3-4(a)(1)]

**SUPERSEDING**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 07-152 (ESH) |
| | : | |
| ANTHONY MAURICE SUGGS, *et al.*, | : | |
| Defendants. | : | |

# ORDER

Upon motion of the United States without objection from the defendants Parker, Glover and Price, finding that defendant Lee is not adversely effected, and after a consideration of the entire record in this matter, it is this _____ day of October, 2007,

ORDERED that the defendants Parker, Glover, Lee and Price shall be arraigned on the superseding Indictment in this matter at the status hearing presently scheduled for December 7, 2007, or when next they appear in court with counsel, whichever occurs sooner.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Copies to:

**William J. O'Malley, Jr.**
Anthony Scarpelli
John K. Han
Assistant United States Attorneys

**Anthony Maurice Suggs**
**Patrick Donahue, Esquire**
18 West Street
Annapolis, MD 21401

**James Lawrence Parker**
James W Rudasill Jr., Esquire
717 D Street NW Ste 310
Washington DC 20004-2907

**Ernest Milton Glover**
H. Heather Shaner
1702 S. Street, N.W.
Washington, D.C. 20009

**Glendale Earl Lee**
Frederick Jones, Esquire
12801 Short Hills Drive
Clarksburg MD 20871

**Helery Price**
Richard K. Gilbert, Esquire
601 Pennsylvania Avenue, N.W.
Suite 900, South Bldg.
Washington, D.C. 20001