UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **v.** : | Criminal No. 07-152 (ESH) |
| : | |
| **ANTHONY MAURICE SUGGS,** *et al.*, : | |
| **Defendants.** : | |

### GOVERNMENT'S NOTICE OF FILING

    The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully notices the filing of the attached letter to all defense counsel in the above-captioned matter regarding discovery in compliance with the Court's Orders of September 21, 2007 and October 16, 2007.

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


_____
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney


_____
ANTHONY SCARPELLI
Assistant United States Attorney


_____
JOHN K. HAN
Assistant United States Attorney

*Certificate of Service*

    **I HEREBY** certify that I have caused a copy of the foregoing government's Notice of Filing to be served by mail upon counsel, for defendants as listed below; this 23rd day of October, 2007.

_____
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney
D. C. Bar No. 166-991
555 4th Street, N.W., Fourth Floor
Washington, D.C.  20001
(202) 305-1749

**Anthony Maurice Suggs**
Patrick Donahue, Esquire
18 West Street
Annapolis, MD   21401

**James Lawrence Parker**
James W. Rudasill, Jr.
601 Indiana Avenue, N.W. #500
Washington, D.C. 20004

**Ernest Milton Glover**
H. Heather Shaner
1702 S. Street, N.W.
Washington, D.C. 20009

**Glendale Earl Lee**
Frederick Jones
5901 Montrose Rd.,
Apt. 1009 North
Rockville, Maryland 20852

**Helery Price**
Richard K. Gilbert
601 Pennsylvania Avenue, N.W.
Suite 900, South Bldg.
Washington, D.C. 20001



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

October 23, 2007

Patrick Donahue, Esquire
18 West Street
Annapolis, MD   21401

                              **Re:  United States v. Anthony Maurice Suggs**
                              **Criminal Number 07-152-01 (ESH)**

Dear Counsel:

      We are in receipt of your letter of September 17, 2007, requesting certain discovery materials in the above-captioned matter.  If an effort to respond concisely to your request, we have responded in the same fashion as outlined in your September 17th letter.  We have provided the information you requested on compact discs.

I. WIRETAP INFORMATION

      A.  Linesheets; B.  Daily Reports; C. Operating Procedures; and Transcripts of the Intercepts.
      You have requested "the 'linesheets' or contemporary synopses of the wiretap interceptions produced in a single file for each wiretap."  On the compact disc labeled Discovery October 22, 2007, we have a folder labeled WIRETAP INFORMATION.  Within that folder, there is a sub-folder labeled Linesheets.  That sub-folder contains the information you requested.  You have also requested "the daily reports as to the number of pertinent calls, the number of 'minimizations,' and any malfunctions or irregularities."  Withing the Wiretap Information folder there is a second sub-folder labeled Daily Reports.  That sub-folder contains the information you requested.  You have also requested the operating procedures "to be used and written operating procedures to be kept as a reference."  Withing the Wiretap Information folder there is a third sub-folder labeled Operating Procedures.  That sub-folder contains the information you requested.   You have also requested transcripts of the Intercepts.  We are diligently working on the transcripts, and should have a copy to you in the near future.

II.  PHYSICAL EVIDENCE

    A. Documentation

You requested documentation regarding "the search of John Crum's house in Virginia." We believe that since your preparation of the September 17th discovery request letter, we have provided that information to you.  You have also requested "the documents concerning the actual search of Ernest Glover's house . . .."  These documents were previously provided to you on the compact disc labeled "Search Warrant Docs and Photo Disc 3."  (See government's correspondence dated September 14, 2007).  Finally, you requested documentation regarding the search of Jannazzo Boyd's residence, which is located at 3331 22nd Street, Apartment G, S.E., Washington, D.C.  There is a folder on the compact disc labeled Miscellaneous.  Within that folder there is a sub-folder labeled 3331 22nd Street, Apartment G, S.E.

    B.  Cellphones; C.  Computer Harddrives

You have requested that you be permitted to examine the cellular telephones and computer harddrives recovered by law enforcement in this case.  We will provide you the opportunity to examine these cellular telephones and harddrives, under law enforcement supervision, at a time agreeable to you and the F.B.I. special agents assigned to this case.  We are endeavoring to obtain the recharging equipment for the cellular telephones in our custody.  Once we have these available, we will make arrangements for your inspection of the cellular telephones and the computers.

    D.  Items Seized by Consent

You requested information regarding items seized by means other than by way of search warrants.  As noted in the FD-302 pertaining to 9002 Old Palmer Road, Fort Washington, MD, there were items recovered from that residence by way of a consent search.  These items were made available for your inspection when you went to the FBI's Washington Field Office.  While arresting Glendale Lee at 3536 New Hampshire Avenue, N.W., Washington, D.C., Glendale Lee and Patricia Hill gave consent to search the that residence.  See FD-302 previously sent to you by way of discovery.  You were provided an opportunity to view these items when you reviewed all the evidence at the FBI Office.  Daniel Thompson's 1994 Infiniti Q45 was searched by way of consent to search.  Nothing was taken from the automobile.  While arresting Jannazzo Boyd at 3331 22nd Street, S.E., Apt. G, Washington, D.C.,he consented to a search of the residence.  See FD-302 concerning that search which is included in this discovery submission, ¶ IIA, *supra.*  You were provided an opportunity to view these items when you reviewed all the evidence at the FBI Office.

III.  SUSPECTED DRUG EVIDENCE

You have requested documentation regarding the drug evidence seized in this case.  We have provided you a DEA laboratory report, a DEA-7, and photographs of the drug evidence, if they exist, for each drug submission in this case.  These items are contained on the compact disc in a folder titled Suspected Drug Evidence.  Within that folder are sub-folders titled in various of

the defendants' names indicating that drug which were the subject of analysis in the reports in that sub-folder were seized from a location connected to that defendant.

IV. OTHER GATHERED DATA

    A. Pen Registers

You have requested pen register "data in a readable form and would like copies of the documentation supporting it. " We provided you with the pen register data. these items are contained on the compact disc in a folder titled OTHER GATHERED DATA. A sub-folder within that folder is labeled pen register, which contains the data. With respect to the supporting documents, we have not provided them to you, and believe that based on Judge Huvelle's rulings in other wiretap cases, these items are not discoverable. *See United States v. Antoine Jones*, ___F.Supp ___, 2007 WL 2506400 (D.D.C.,2007).

    B. Tracking or Global Positioning Data

You requested "global positioning system data." We have provided you with the global positioning data. These items are contained on the compact disc in a folder titled OTHER GATHERED DATA. A sub-folder within that folder is labeled tracking and GPS data, which contains this information.

    C. Cellphone location Data

You have requested "data as to geographic cell location of calls made by cellphone." We have provided you with the cellphone location data. These items are contained on the compact disc in a folder titled OTHER GATHERED DATA. A sub-folder within that folder is labeled pen register, which contains this information.

    D. Surveillance Recordings.

You have requested law enforcement surveillance recordings utilized by law enforcement in this case. We sent the video recorded discs to a company to have them placed on a compact disc. Unfortunately, the company did not fully comply with our request. We are providing you, on separate compact discs several of the surveillance videos. Unfortunately, those discs do not contain all the material described in the label and what material is included is in a "stream," that is, there are no individual sub-files for each video tape reflected on the Video Surveillance Log which accompanies this letter. We have requested that the company that copied the videos reproduce the videos in a more user friendly manner. Once we receive those compact discs, we will provide them to you as well.

You will note in your review of the Video Surveillance Log that there are tapes listed and numbered which contain no description of the events surveilled. We have not provided you the discovery regarding the controlled buys made by cooperators in this case, including the video surveillance of those buys in an effort to protect the cooperator's identity. Those cooperator incidents are contained in tapes V-1 through V-8. There is also one video tape which contains a video statement of a government witness and as it is a *Jencks* statement, we decline to produce that tape. We will turn those items over to you at a reasonable time prior to trial. Finally, you will also notice that some material has been removed from some of the descriptions, specifically, the names of the agents/officer conducting the taping. We decline

to provide this material as a disclosure of a witness' identity.  The bottom line with regard to video tapes is that we are providing what we can now.  That material will eventually replaced by more user friendly material which will include all tapes on the log save those for which no description is provided on the attached log.

V.  FORENSIC EXAMINATION AND EXPERT TESTIMONY

   a.  Forensic Examinations; B.  Forensic Experts; C. and Other Experts

You have requested "reports of any forensic examinations . . . experts to testify about any forensic examination . . . and experts to testify about topics other than forensic examination . . .."  Other than the DEA laboratory reports, we have not as yet been provided with any reports pertaining to forensic examinations.  We anticipate obtaining this information, and will provide the reports, the name of the expert, and a curriculum vitae.  Specifically, we expect to obtain reports regarding trace examinations and fingerprint examinations.  Once we have obtained transcripts we may also engage the services of an expert to characterize the activity discussed in intercepted conversations.

VI.  STATEMENTS

You have requested any statements made by your clients, to law enforcement, be identified, and the content and surrounding circumstances be provided to you.  Defendant Lena Brown made a statement, which was detailed in a FD-302, which is on the compact disc in the folder titled Miscellaneous, and within sub-folder titled 905 Glen Willow Drive, Apt 7, Capitol Hts., MD.  Defendant John Smith, Ronald Cook, and Herbert Young also made statements which are reflected in previously provided FD-302 reports.

VII.  IDENTIFICATIONS

You have requested that you be provided with "any identification procedures conducted by law enforcement officials with respect to any of our clients."  No identification procedures were conducted on any of the defendants.

VIII.  TRIAL EXHIBITS

You have requested that the government "produce diagrams, charts, maps, aerial photographs . . . as far advance of trial as possible."  We will work with you in an effort to provide you an opportunity to examine these items prior to trial.

IX.  404(b) EVIDENCE

You requested all "Federal Rule of Evidence 404(b)" evidence the government intends to present at trial.  The government filed a 404(b) motion outlining the criminal conduct/prior bad acts it intends to introduce for each defendant.  At the time of the filing of the motion we did not have the police reports documenting the criminal conduct/bad acts.  Once we receive all of the documentation, we will supplement our 404(b) motion.

X.  EXCULPATORY EVIDENCE

  You have requested that we provide you with any "exculpatory information in [our] possession." We have no knowledge of any exculpatory evidence. We are fully aware of our obligations in this area and if any exculpatory information comes to our attention, we will notify you and turn over the information immediately.

  If you have any questions, feel free to contact me at (202) 353-1679 or Assistant United States Attorney William O'Malley at (202) 305-1749.

        Sincerely yours,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY


    BY: _____
        WILLIAM J. O'MALLEY, JR.
        Assistant United States Attorney


        _____
        ANTHONY SCARPELLI
        Assistant United States Attorney


        _____
        JOHN K. HAN
        Assistant United States Attorney


cc: Chambers of Judge Huvelle

Attachment as noted