IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No 07-152 (ESH) |
| | : | |
| ANTHONY M. SUGGS, *et al* | : | |

DEFENDANTS' JOINT MOTION TO COMPEL DISCOVERY

Defendant, Helery Price, through undersigned counsel, on behalf of all of the remaining Defendants in the case,[1] respectfully requests that this Court compel the United States to produce, by various dates certain, the discovery set forth below, in a format counsel for defendants can access, or be precluded from introducing such evidence. As grounds therefore, Defendant states:

1. The superseding indictment jointly charges the five Defendants who remain in the case, Anthony Maurice Suggs, James Lawrence Parker, Ernest Milton Glover, Glendale Earl Lee and Helery Price, with one count of narcotics conspiracy involving the distribution and possession with intent to distribute of one kilogram or more of PCP, and a criminal forfeiture count. Three of the defendants, Suggs, Parker, and Glover, are also charged with individual counts. Defendants Lee and Price are <u>not</u> charged with any individual counts. The case is also related to another case, *United States v. Lonell G. Glover*, Crim. No. 07-153 which charges some 19 defendants with one count of narcotics

---

[1] This Court has directed that a pleading filed by one defendant shall be deemed filed as to all defendants, unless a defendant specifically excludes himself. The Court has also designated undersigned counsel to "coordinate" discovery issues and the filing of motions among the defendants.

conspiracy involving the distribution and possession with intent to distribute of one kilogram or more each of PCP and heroin, and a criminal forfeiture count.

2. The United States has over the course of the case provided defendants with a great deal of discovery; however such discovery was not complete. On September 17, 2007, undersigned counsel submitted a letter to the Assistant United States Attorneys assigned to the case setting out the discovery which the defendants had not received. A copy of that letter is attached as an Appendix to this Motion.

3. The September 17, 2007 letter was discussed by the parties at a status hearing held on September 21, 2007. The United States essentially agreed that they would produce the requested discovery. As a result, on September 25, 2007, this Court issued an Order which set out the pertinent dates to include a requirement that the United States provide Rule 16 discovery by October 15, 2007. A copy of the Court's Order is attached as an appendix to this motion.

4. On October 15, 2007, instead of providing discovery to Defendants, the United States filed a motion requesting an additional week, until October 22, 2007, in which to provide discovery. The Court granted the government's motion the same day. A copy of the Court's Order is attached as an appendix to this motion. On October 23, 2007, the United States provided Defendants with more discovery;[2] However, once again such discovery was not complete.

5. On November 6, 2007, undersigned counsel once again sent the Assistant

---

[2] Although the United States provided the discovery a day late, undersigned counsel on behalf of Defendant raises no objection to that brief delay. *See,* note 3, *infra.*

United States Attorneys assigned to the case a letter listing the outstanding discovery. A copy of that letter is attached as an appendix to this motion. Although the prosecutors indicated that they would respond to counsel's letter, as of the morning of November 13, 2007, no reply had been received. While Defendant does not accuse the United States of bad faith in providing discovery to this point, because Defendants' motions were due on November 13, 2007[3] and Defendants did not want to be considered as having waived their rights to discovery, they file the instant Motion.

6. The outstanding discovery falls into the following categories:

      a. Wiretap Data

      b. Forensic Evidence and Expert Testimony

      c. Evidence Concerning the Proffered 404(b) Evidence

      d. Trial Exhibits

Defendant addresses each category in turn.

7. <u>Wiretap Data</u>

      a. Linesheets: The United States has provided the linesheets for the various wiretaps; however, the file containing the linesheets for the wiretap on Lonnell Glover's phone (202-276-4337) , is nearly <u>46,000 kb</u> in size and "crashes" <u>both</u> counsel's laptop and desktop computers. Counsel has requested that the United States either break the file into

---

[3] When the United States failed to produce the discovery as initially ordered, undersigned counsel requested that the Court grant him an extra week in which to file motions, which the Court granted. Counsel had requested to have until Monday, November 12, 2007, not realizing that date was a federal holiday. By filing motions on Tuesday, November 13, 2007, Defendant has the same amount of time in which to file motions after receiving the discovery which the government provided as the Court originally intended.

smaller components, say 10,000 kb or less, or provide him with a hard copy (which will likely approach or exceed 10,000 pages.)

b. Daily Reports: These files for each wiretap are in a format which neither of counsel's computers even <u>recognizes</u> and he has no idea what program they were produced in. He has asked that the United States convert them to either Word or to PDF files.

c. Operating Procedures: It has been counsel's experience that the Office of the United States Attorney issues written guidelines for the conduct of each wiretap. The agents working the wiretap are expected to either attend a briefing session or to indicate in some other fashion that they have been briefed on the procedures to be followed. Although the United States has produced some files under this label, they were <u>not</u> what counsel was asking for when he requested the "operating procedures."

d. Transcripts: The United States provided some files under the label of "transcripts," but they were in a format, Wordperfect, which counsel could not open.

e. Pen Registers: Counsel was able to download and print out two pen register files, which were apparently actually parts of one large file. There were breaks in the periods which the data covered, which counsel has assumed meant no pen registers were being conducted during the dates for which there is no data. Some, but not all, of the pen register entries appear to also have some cellphone location data, which appears to have been incorrectly entered as the data appears in at least 6 different formats. Counsel has asked the United States to speak with someone who entered the data or who can explain it to his satisfaction.

8. <u>Forensic Evidence and Expert Testimony:</u>

a. Chemist Reports and Drug Evidence: The United States apparently has provided the DEA-7 reports and some laboratory photographs for the drug evidence, but has not provided any bench notes or laboratory machine printouts. Nor has counsel been provided with any CV's or resumes for the chemists in question. Finally, Defendants have not been provide an opportunity to actually <u>view</u> the drug evidence.

b. Fingerprint Evidence: Defendants understand that several exhibits were submitted for fingerprints, but have received no reports about any such examinations.

c. Computer and Cellphone Examinations: Defendants have requested to examine, with the assistance of a forensic computer expert, any computers, including hard drives, pocket computers, and cellphone memory, which the United States either subjects to testing or which belong to any person the United States decides to call as a witness in its case. The United States has given us no notice of any such examinations.

d. "Non-scientific" Experts. The United States has made no Rule 16 disclosures as to any non-scientific experts, such as an "expert" in drug "codes" and/or a "narcotics expert." Defendant is particularly concerned that such disclosures be <u>complete</u>, not merely a list of possible experts and a list of the topics, but not specific opinions, about which the expert is expected to testify.

9. <u>Evidence Concerning the Proffered 404(b) Evidence</u>: The United States has proffered that it wishes to introduce evidence of other criminal conduct by the Defendants pursuant to Federal Rule of Evidence 404(b). Without conceding the admissibility of such evidence, Defendants assert that the provisions of Federal Rule of

Criminal Procedure 16 (a) apply to any such evidence that the United States intends to introduce in its case-in-chief. Defendants seek such complete disclosure including (a) any statements made by any Defendant, (b) the opportunity to examine any documents and physical evidence, (c) copies of forensic reports, and (d) expert witness disclosures.

10. <u>Trial Exhibits</u>: Although premature at this point, Defendants seek a deadline to provide any diagrams, charts, maps, aerial photographs, photographs of persons or places, or summary exhibits that the United States intends to use at trial as far in advance of trial as possible.

11. <u>Timing Of Discovery:</u> The Court has scheduled the trial for January 22, 2008, and a status hearing for December 7, 2007. While Defendants do not seek <u>immediate</u> production of <u>all</u> of the outstanding discovery, they urge the Court to impose fixed deadlines. Defendants suggest the following schedule:

a. <u>Immediate Production</u>: All wiretap data, in a format Defendants can access.

b. <u>By December 3, 2007</u>:

(1) All forensic reports and Rule 16 disclosures for scientific witnesses.

(2) An opportunity to view the drug evidence.

(3) Rule 16 disclosures for any proposed 404(b) evidence.

c. <u>By December 22, 2007</u>:

(1) Initial draft transcripts of wiretap intercepts the United States intends to use at trial.

(2) Complete Rule 16 disclosures for any "non-scientific" experts.

(3)  Notice of whether the are any computers, including cellphone memory, in the government's possession which belong to potential government witnesses; the United States need not disclose the identity of the witness at this time, but must give Defendants notice as to how many and what type of such instruments exist.

    d. <u>By January 8, 2008:</u>

(1) Final drafts of transcripts of wiretap intercepts the United States intends to use at trial.

(2)  Opportunity for Defendants to view the government's trial exhibits.

(3)  Opportunity for Defendants' experts to examine any computers, including cellphone memory, in the government's possession which belong to potential government witnesses.

12. Although Defendants do not accuse the United States of acting in bad faith to this point, the fact remains that trial is currently scheduled for just over two months away, a period which includes the holiday season. Moreover, Defendants have been limited in their ability to file motions, due, in part,[4] to incomplete discovery. Defendants respectfully contend that should the United States fail to meet any deadlines imposed by the Court as a result of this motion, and any response of the United States, sanctions would be appropriate, to include precluding the United States from introducing evidence

---

[4] Defendants concede that the recent replacement of two counsel also has hindered at least those defendants from filing timely motions.

for which Defendants have not had adequate time to prepare.

WHEREFORE, for the above reasons, as well as those set forth in the attached Memorandum of Points and Authorities, Defendants respectfully request that this Court compel the United States to produce, by various dates certain, the discovery set forth above, in a format counsel for defendants can access, or be precluded from introducing such evidence.

Respectfully submitted

/s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004
(202) 898-0857

Attorney for Defendant Price
(Appointed By The Court)

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No 07-152 (ESH) |
| | : | |
| ANTHONY M. SUGGS, *et al* | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO COMPEL DISCOVERY

1. Federal Rule of Criminal Procedure 16 governs discovery in a criminal case. Rule 16(a) governs the responsibility of the United States to provide discovery. Defendants understand that the United States has acknowledged that the material requested by Defendants comes within the scope of that rule.

2. Rule 16 (d)(2) authorizes the Court to impose sanctions in its discretion for failure to comply with discovery, to include precluding the party from using evidence not properly disclosed.

Respectfully submitted

/s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004
(202) 898-0857

Attorney for Defendant Price
(Appointed By The Court)

9

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :
                                 :
            v.                  :          Crim. No 07-152 (ESH)
                                 :
ANTHONY M. SUGGS, *et al*        :

ORDER

      Upon consideration of Defendants' Joint Motion To Compel Discovery, (and the opposition of the United States), it is this ____ day of _____, 2007, ORDERED

      That the Motion is GRANTED and the United States shall provide complete discovery to the Defendants according to the following schedule:

      a. Forthwith: All requested wiretap data, in a format Defendants can access.

      b. By December 3, 2007:

          (1) All forensic reports and Rule 16 disclosures for scientific witnesses.

          (2) An opportunity to view the drug evidence.

          (3) Rule 16 disclosures for any proposed 404(b) evidence.

      c. By December 22, 2007:

          (1) Initial draft transcripts of wiretap intercepts the United States intends to use at trial.

          (2) Complete Rule 16 disclosures for any "non-scientific" experts.

(3)  Notice of whether the are any computers, including cellphone memory, in the government's possession which belong to potential government witnesses; the United States need not disclose the identity of the witness at this time, but must give Defendants notice as to how many and what type of such instruments exist.

      d. <u>By January 8, 2008:</u>

(1) Final drafts of transcripts of wiretap intercepts the United States intends to use at trial.

(2)  Opportunity for Defendants to view the government's trial exhibits.

(3)  Opportunity for Defendants' experts to examine any computers, including cellphone memory, in the government's possession which belong to potential government witnesses.

 

_____
Ellen S. Huvelle
United States District Court Judge

**RICHARD K. GILBERT**
ATTORNEY AT LAW
601 PENNSYLVANIA AVENUE, N.W.
SUITE 900, SOUTH BUILDING
WASHINGTON, D.C., 20004
----------
TELEPHONE (202) 898-0857

Mr. William J. O'Malley, Esq.                                September 17, 2007
Mr. John K. Han, Esq.
Mr. Anthony F. Scarpelli, Esq.
Assistant United States Attorneys
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C.   20530

## Via PDF File sent to bill.j.o'malley@usdoj.gov, john.han@usdoj.gov, and anthony.scarpelli@usdoj.gov

RE: Discovery Requests; *United States v. Suggs, et al.*, Case 07-cr-152 (ESH)

Dear Sirs,

I am sending you this letter on behalf of all the defense counsel in the above case, except Mr. Jensen Barber, who represents Ms. Ngozi Joy. I have attempted to list the outstanding discovery items which we are requesting, or may request, in the case. This letter is intended to list categories of evidence which we have not been provided to date; it is not intended to preclude follow-up with your office to replace missing or illegible copies of materials which you have already provided to us (or intended to provide); I am confident we can work those issues out, perhaps even with a paralegal.

Neither is this letter our final request. I am certain additional issues will arise as both sides prepare for trial. Nonetheless, it is our best effort at identifying now those items which we desire, so that we can determine your position on them. It would be my hope that we could address them at the upcoming status hearing on Friday, September, 21, 2007 and that you would be in position, with respect to each item, to (1) give us any items which you have available, (2) tell us that you will provide a given item and give us some idea when, (3) tell us you do not have a given item, or (4) tell us that you have the item, but do not intend to voluntarily provide it.

## I. WIRETAP INFORMATION

### A. "Linesheets."
I have previously requested that you provide us with the "linesheets" or contemporary synopses of the wiretap interceptions produced in sequence in a single file

for each wiretap. I am now formally asking that you provide them, because not only is it extremely time-consuming to extract the information from the disks which you gave us,[1] but after having reviewed enough "synopses," it does not appear that they contain any information as to whether the calls were believed to be "pertinent" and whether they were "minimized." I believe that we are entitled to this information in order determine whether the wiretaps were actually conducted consistently with the law.

B. Daily Reports.

Based upon past experience, I believe that the agents monitoring the wiretap prepared daily reports as to the number of pertinent calls, the number of "minimizations," and any malfunctions or other irregularities. Like the individual "linesheets," I believe that we are entitled to this information in order determine whether the wiretaps were actually conducted consistently with the law.

C. Operating Procedures.

Also based upon past experience, I believe that the agents monitoring the wiretaps were given both an oral briefing on the procedures to be used and written operating procedures to be kept as a reference. Like the other items, I believe that we are entitled to this information in order determine whether the wiretaps were actually conducted consistently with the law.

D. Transcripts Of The Intercepts

We have discussed your willingness to provide us with draft transcripts of the intercepts at an early stage in the process provided that we agree to waive the right to use the drafts for purposes of cross-examination. We are prepared to sign such waivers with one proviso - if we have a basis to believe that the drafting or editing of the transcripts was not done in good faith, we reserve the right to approach the trial judge and attempt to make such a showing and may seek to set aside the waiver as to any transcript or draft transcript that the judge finds was not made in good faith.

II. PHYSICAL EVIDENCE

A. Documentation

We are missing some documentation as to the evidence recovered. Specifically there is no copy of the warrant or affidavit used to obtain the search of John Crum's house in Virginia. Conversely, the file which purported to contain the documents concerning the actual search of Ernest Glover's house was blank (although the FBI agents gave us a copy of the return inventory). There was also evidence form some persons for which had neither warrant, affidavit, nor documentation for the execution of the warrant. We would like copies of the missing documentation.

---

[1] The disks containing the wiretap intercepts have each intercept as a separate ".wav" file accompanied by the "synopsis" in a ".rtf," or rich text file. Each synopsis is in a separate file and the date, time and interception number do not come up in the synopsis, but are contained instead in the file title.

### B. Cellphones

Many, if not most, of the cellphones recovered by law enforcement were dead when we tried to examine them. We are asking for a chance to charge, if necessary, and examine such cellphones if (1) the government is successful in getting any cellphone to operate or (2) the person whom the government alleges possessed the cellphone becomes a government witness.

### C. Computer Harddrives

The various computers seized by law enforcement were not available for our inspection. We are prepared to waive merely visually examining the computers. We would like, however, the opportunity to have an independent forensic search of any computer harddrives in the event that (1) the government conducts a forensic analysis of any harddrive or (2) the person whom the government alleges possessed the computer becomes a government witness.

### D. Items Seized By Consent Or Other Means

We discovered during the second week that the government had additional materials belonging to Lonnell Glover that were not initially available for our inspection. The agents mentioned that there had been four boxes of materials seized by consent of a third party and then made them available to us. What we do not know, however, is whether there are additional items or documents seized by law enforcement other than by means of the search warrants which you have already disclosed. If there are such items of potential evidence, we would ask that you disclose them to us and we can make a determination as to whether we need to make arrangements to inspect such evidence.

### III. SUSPECTED DRUG EVIDENCE

The suspected drug evidence was not made available to us for our inspection, nor, as of this date, have we received the DEA-7's or any other laboratory analysis of such evidence. We are aware of your desire to destroy the PCP evidence as soon as possible, but I think that we have agreed that you would provide us with all of the DEA-7's and an opportunity to view all of the drug evidence before we (1) decide what independent testing, if any, we wish to conduct, and (2) agree to the destruction of the rest of the "excess" PCP.

### IV. OTHER "GATHERED" DATA

### A. Pen Registers

We understand from the affidavits provided to us, that the law enforcement agents obtained "pen register" data. We would like to have that data in a readable form and would like copies of the documentation supporting it.

### B. TRACKING OR GLOBAL POSITIONING SYSTEM DATA

The government obtained a warrant to put a tracking device on Anthony Suggs vehicle and, as part of the electronic surveillance on Lonnell Glover's truck, permission

to obtain global positioning system data. We would like the data from those sources in readable form.

### C. CELLPHONE LOCATION DATA

We are not certain, but it seems as if the government had the capability to obtain data as to the geographic cell location of calls made by cellphone. If you did, in fact, obtain that data, or do so in the future, we would like copies of that data in readable form.

### D. SURVEILLANCE RECORDINGS

We know that law enforcement conducted some surveillance of at least some of the defendants. If there are recordings of such surveillance, whether visual or audio, we ask that you provide us copies.

## V. FORENSIC EXAMINATIONS AND EXPERT TESTIMONY

### A. Forensic Examinations

We would like reports on any forensic examinations conducted on behalf of the government, whether the results are favorable to the government or not. This would include, but is not limited to, fingerprint analysis, firearms analysis, and chemical analysis of any items of evidence.

### B. Forensic Experts

If the government plans to call any experts to testify about any forensic examinations, then in addition to the basic reports, we would ask for any bench notes, machine-generated data, protocols, as well as a written summary of any conclusions about which the expert will testify that are not made explicit in his or her written reports. We would also like the CV or resume of any such expert.

### C. Other "Experts"

If the government plans to call any experts to testify about topics other than forensic examinations, such as "drug experts" or persons who will testify about "coded language," then we would ask for a written summary of the specific conclusions about which the expert will testify, not merely a general list of potential "topics." We would also like the CV or resume of any such expert. In the event that the government is not certain which of several available experts might testify, such as the "drug experts," we ask that you identify the potential experts and provide us with the above information as to each one in advance of trial.

## VI. STATEMENTS

We are unaware of any statements made to law enforcement official attributable to any of our clients. If there are such statements, we ask that you identify them, to include the contents of the statement and the circumstances surrounding its making.

## VII. IDENTIFICATIONS

We are unaware of any identification procedures conducted by law enforcement officials with respect to any of our clients. If there were such identification procedures, we ask that you identify them, to include the results of the procedure and the circumstances surrounding the procedure. We also ask that you provide us any photographs used in or recording the procedure.

## VIII. TRIAL EXHIBITS

To the extent that government intends to produce diagrams, charts, maps, aerial photographs, photographs of persons or places, or summary exhibits, we ask to see those as far in advance of trial as possible, and in any event, before the jury portion of the trial begins.

## IX. 404(B) EVIDENCE

To the extent that the government seeks to introduce evidence of other criminal conduct, pursuant to Federal Rule of Evidence 404(b), we make the above requests for discovery as to any such evidence.

## X. EXCULPATORY EVIDENCE

We are confident you are aware of your obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. We will almost certainly file a motion seeking early disclosure of *Giglio* and related information, which we assume you will oppose, and which will fall to Judge Huvelle to decide. We are now asking that you to disclose any other exculpatory information in your possession, or which may come into your possession, sufficiently in advance of trial that we may properly investigate it and be prepared to use it at trial.

Thank you for your consideration.

Sincerely,

Richard K. Gilbert

c.c.    Mr. Price
        Suggs Defense Counsel

5

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Criminal No. 07-152 (ESH)** |
| **ANTHONY M. SUGGS,** *et al.,* | ) |
| **Defendants.** | ) |

### ORDER

Based on the status conference held with the parties on September 21, 2007, it is hereby **ORDERED** that:

(1) the government shall file a superceding indictment by October 22, 2007;

(2) the government shall file Rule 404(b) and Rule 609 motions by October 15, 2007;

(3) the defendants' motions are due by November 5, 2007; the government's responses are due by November 19, 2007; and the defendants' replies are due by November 26, 2007;

(4) a status conference is scheduled for December 7, 2007, at 2:30 p.m., at which time a schedule for evidentiary hearings shall be set;

(5) all Rule 16 discovery shall be provided by October 15, 2007;

(6) trial will begin on January 22, 2008, at 9:30 a.m.; and

(7) the parties shall consult and submit a juror questionnaire by December 6, 2007.

**SO ORDERED**.

_Ellen S Huvelle_

ELLEN SEGAL HUVELLE
United States District Judge

Dated: 9/25/07

**RICHARD K. GILBERT**
ATTORNEY AT LAW
601 PENNSYLVANIA AVENUE, N.W.
SUITE 900, SOUTH BUILDING
WASHINGTON, D.C., 20004
----------
TELEPHONE (202) 898-0857

Mr. William J. O'Malley, Esq.                                November 6, 2007
Mr. John K. Han, Esq.
Mr. Anthony F. Scarpelli, Esq.
Assistant United States Attorneys
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530

**Via PDF File sent to bill.j.o'malley@usdoj.gov, john.han@usdoj.gov,
and anthony.scarpelli@usdoj.gov**

RE: Discovery Requests; *United States v. Suggs, et al.*, Case 07-cr-152 (ESH)

Dear Sirs,

I am sending you this letter on behalf of the defense counsel remaining in the above case. (I assume new counsel for Mr. Suggs and Mr. Glover will join this letter, although as of this date, I have not met with them.) Except as set forth below, I have reviewed the discovery provided on October 23, 2007, which I picked up at your office.

I. Video Surveillance Disks
I have not reviewed the disks containing the video surveillance which you initially provided because you alerted me to the fact that those disks were not in a readily accessible format. Yesterday, I received new video surveillance disks, which I understand have remedied that problem, but have not yet had a chance to look at them. Therefore, this letter concerns the discovery contained on the single disk labeled "US v. Suggs Discovery."

II. Empty Folders
The discovery CD contained several folders which were empty, at least on my disk. They were labeled:

1. Statements
2. Identifications
3. Trial Exhibits
4. 404 (b) Evidence

5. Exculpatory Evidence (this folder had four subfolders that were also empty)

6. Forensic & Expert Info (this folder had three subfolders that were also empty)

In addition in the "Other Gathered Data" folder contained two subfolders labeled "Cellphone Location Data" and "Surveillance Recordings" which were also empty.

I would like to know if and when you propose to provide discovery that would fill in these empty folders and subfolders. For completeness sake, if you believe that you have already provided discovery which would otherwise be included in those folders, please specify that. For example, you may have intended the video surveillance disks to replace the empty subfolder labeled "Surveillance Recordings," but I want to make sure those are the only such recordings.

I am particularly concerned about the timing and extent of Rule 16 disclosures concerning forensic tests and expert witnesses, both forensic and non-scientific witnesses. For example, we have no fingerprint results; we have only the DEA-7's for the drug evidence, but no bench notes or laboratory machine printouts. We have no Rule 16 disclosures as to any non-scientific experts, such as an "expert" in drug "codes" and/or a"narcotics expert."

III. Discovery Provided

A. Drug Evidence

I acknowledge that the discovery disk did contain a folder labeled "Suspected Drug Evidence" which contained subfolders, labeled by defendant, which in turn contained files with DEA-7's and photographs of the suspected drugs. I believe that we agreed that the defendants did not have to decide what tests if any they wanted performed before the "excess" PCP was destroyed until after we had a chance to actually view the drug evidence. We need to accomplish this. Please give us a reasonable amount of advance notice and some flexibility as to dates for such viewing.

B. Miscellaneous Evidence

There was also a  folder labeled "Miscellaneous" which contained five subfolders:

1. Photographs from the 3/27/07 search of 4000 10th Street, N.E.

2. Documents from the search by Prince Georges County police of 9001 Breezewood Terrace in Greenbelt.

3. FBI 302's from the search of 905 Glen Willow Drive in Capitol Heights

4. Gun documents from Ithaca and Winchester

5. Documents and photographs from the search of 3331 22nd Street, S.E.

2

C. Other Gathered Data

I was able to download and print out the two GPS data files. I was able to download and print out the two pen register files, which were apparently actually parts of one file. There were breaks in the periods which the data covered. I <u>assume</u> that is because no pen registers were being conducted during the dates for which there is no data. Some, but not all, of the pen register entries appear to also have some cellphone data. I notice that, at least during the second time period, the cellphone data appears to have been incorrectly entered as the data appears in at least 6 different formats. <u>I would like to speak with</u> someone who entered the data or who can explain it to my satisfaction.

IV. Wiretap Information

This entire area proved to be quite problematic.

A. Linesheets. I was able to open and print out the linesheets for 240-988-7588, the Suggs wiretap (albeit with great difficulty.) The linesheets for 202-531-4853 were only three pages long. Is this correct?

I have been able to open the linesheets for the Chevy Truck, but am having difficulty printing it out, perhaps because of its length. I will continue to work with this file, at least for another day or so. I could open the linesheets for 323-719-5416, which appear to be for the wiretap for the Velma Williams wiretap; I have not tried to print it out as it does not really concern my client, or any of the others in our case I believe.

I have been <u>completely</u> unable to open the linesheets for 202-276-4337, which I assume is the Glover wiretap. The file crashes <u>both</u> my laptop and my desktop computers. I suspect that is because the file is nearly <u>46,000 kb</u> in size. I would ask that you either break the file into smaller components, say 10,000 kb or less, or provide me with a hard copy (which I am guessing will approach or exceed 10,000 pages.)

B. Other Files

I use Microsoft Word as my word processing program. I am unable to open Word Perfect documents, at least of recent vintage. Your subfolder labeled "Transcripts of Intercepts" contains further subfolders for the defendants in our case, plus Lonnell Glover and Julian Johnson. However each of those subfolders contain files in Word Perfect, which I cannot open. I would ask that you either convert them to Word or to a PDF file. If these are indeed the transcripts you envision using at trial, we need to agree on a workable format, as the problem will persist as we exchange drafts and revisions.

Your subfolder labeled "Daily Reports" contain subfolders for each wiretap; however those files are in a format which neither of my computers even <u>recognizes</u>. I have no idea what program they were produced in. I would ask that you convert them to either Word or to PDF files.

Your subfolder labeled "Operating Procedures" contains subfolders for the wiretaps. Some files are in Word and some are in Word Perfect. The files I could open appear to contain data on minimization, but they are not what I was asking for when I requested the "operating procedures." It has been my experience that the Office of the United States Attorney  issues written guidelines for the conduct of each wiretap. The agents working the wiretap are expected to either attend a briefing session or to indicate in some other fashion that they have been briefed on the procedures to be followed. Those written guidelines were what I was seeking. If they do not exist, then you obviously cannot produce them, but I would expect that you would then confirm that there were no such written guidelines for conducting the wiretaps.

If there are any of the materials which I have requested that you have or can get but do not intend to produce, please let me know so that I may consider whether to file a motion to compel such discovery. As to materials you plan to produce but do not have now, please give me an expected timeframe when you plan to produce them. I will not file a motion to compel discovery for items which you assure me that you will provide, unless the timeframe is simply unreasonable.

Thank you for your consideration.

Sincerely,

Richard K. Gilbert

c.c.   Mr. Price
       Suggs Defense Counsel

4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FILED

OCT 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,　　　:
　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　:　　Criminal No. 07-152 (ESH)
　　　　　　　　　　　　　　　　:
ANTHONY MAURICE SUGGS, *et al.*,　:
　　　　　　Defendants.　　　　　:

# ORDER

Pursuant to Rule 45(b)(1)(A) of the Federal Rules of Criminal Procedure, upon motion of the United States, and for good cause shown, it is, this _16_ day of October, 2007,

**ORDERED** that the United States shall provide discovery in this matter by the close of business, October 22, 2007.

ELLEN SEGAL HUVELLE
United States District Judge

Copies to:

William J. O'Malley, Jr.
Anthony Scarpelli
John K. Han
Assistant United States Attorneys

**Anthony Maurice Suggs**
Elmer Douglas Ellis
The Ellis Law Office
1100 H Street, N.W.
Suite 1100
Washington, D.C. 20005

**James Lawrence Parker**
James W. Rudasill, Jr.
601 Indiana Avenue, N.W. #500
Washington, D.C. 20004

**Ernest Milton Glover**
H. Heather Shaner
1702 S. Street, N.W.
Washington, D.C. 20009

**Glendale Earl Lee**
Frederick Jones
5901 Montrose Rd.,
Apt. 1009 North
Rockville, Maryland 20852

**Helery Price**
Richard K. Gilbert
601 Pennsylvania Avenue, N.W.
Suite 900, South Bldg.
Washington, D.C. 20001