IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No 07-152 (ESH) |
| | : | |
| ANTHONY M. SUGGS, *et al* | : | |

DEFENDANT HELERY PRICE'S MOTION TO SEVER
COUNTS AND/OR DEFENDANTS

Defendant, Helery Price, through undersigned counsel, respectfully requests that this Court sever his case from that of the other defendants in the case, or in the alternative, that the Court sever those counts in the indictment which allege that some of the codefendants committed criminal acts unrelated to the charged conspiracy. As grounds therefore, Defendant states:[1]

I. THE INDICTMENT

1. According to the superseding indictment, five Defendants remain in the case: Anthony Maurice Suggs, James Lawrence Parker, Ernest Milton Glover, Glendale Earl Lee and Helery Price.[2] Defendants are jointly charged with one count of narcotics conspiracy involving the distribution and possession with intent to distribute of one

---

[1] This Court has directed that a pleading filed by one defendant shall be deemed filed as to all defendants, unless a defendant specifically excludes himself. The Court has also designated undersigned counsel to "coordinate" the filing of motions among the defendants. Some pleadings however are fact-dependent and undersigned counsel can only raise general legal arguments on behalf of the defendants as a group and specific facts that apply to his client, Mr. Price. This motion to sever is one such motion.

[2] The case against Julian Johnson was dismissed by the Court on October 15, 2007 in order to permit authorities in Texas to try him for offenses allegedly committed there. Codefendant Ngozi Joy no longer appears as part of the case for reasons which are not publicly stated.

kilogram or more of PCP, and a criminal forfeiture count. Three of the defendants, Suggs, Parker, and Glover, are also charged with individual counts. Defendants Lee and Price are not charged with any individual counts.

2. The conspiracy count alleges that the conspiracy started sometime on or about August 1, 2005 and continued to "at least" June 11, 2007. It alleged venue in the District of Columbia, Maryland, Georgia, Missouri, and California. Other alleged coconspirators include:

       a. Julian Johnson
       b. Ngozi Joy
       c. Lonnell Glover
       d. Velma Williams
       e. Cornell Glover
       f. Cooleridge bell
       g. Charles Gladden
       h. Henry Brown
       i. Leslie Wood
       j. Christian Donaldson
       k. Diane Holmes
       l. Jerome Hampton
       m. Joe Brown
       n. Ronald Cook
       o. Lena brown
       p. John Crum

The only illegal drug charged in the conspiracy count is phencyclidine, known simply as PCP.

3. The forfeiture count, on the other hand seeks a money judgment equal tot he proceeds obtained from a conspiracy to distribute and possess with intent to distribute more than one kilogram of both PCP and heroin. It also seeks to specifically forfeit

$7,000 seized on March 27, 2007 from 4000 10th Street, N.E., Washington, D.C., an address the United States has proffered was associated with Suggs and Joy.

4. The superseding indictment contains nine additional counts that apply to individual defendants:

a. Count Two charges Ernest Glover with possession with intent to distribute PCP on June 19, 2007.

b. Count Three charges Ernest Glover with possession of <u>heroin</u> on June 19, 2007.

c. Count Four charges Ernest Glover with being a felon in possession of a firearm on June 19, 2007.

d. Count Five charges Ernest Glover with a second count of being a felon in possession of a firearm on June 19, 2007.

e. Count Six charges Anthony Suggs with possession with intent to distribute at least one kilogram of PCP on March 27, 2007.

f. Count Seven charges Anthony Suggs with distribution of PCP on January 20, 2007.

g. Count Eight charges James Parker with distribution of PCP on January 4, 2007.

h. Count Nine charges Anthony Suggs with distribution of <u>cocaine</u> on November 15, 2006.

i. Count Seven charges Anthony Suggs with distribution of PCP on August 23, 2006.

II. THE EVIDENCE (TO DATE)

5. The indictment is apparently based in large part upon evidence uncovered as a result of eleven court orders authorizing electronic surveillance; these orders resulted in over 1,800 hours of interceptions with over 34,000 "activations." The targets of the electronic surveillance were the telephone allegedly belonging to Suggs (one initial authorization and two extensions), the telephone allegedly belonging to Lonnell Glover (one initial authorization and three extensions), a truck allegedly belonging to Lonnell Glover (one initial authorization and two extensions), and two telephones allegedly belonging to Velma Williams (one initial authorization only).[3] To Defendant's knowledge, he appears only on the wiretaps of the Suggs telephone.

6. The United States also apparently intends to introduce evidence of three "controlled buys" of drugs from Suggs, two of PCP and one of cocaine, and one "controlled buy' of PCP from Parker. No other defendant appears directly involved with any of these purchases.

7. The United States apparently intends to rely on evidence seized on March 27, 2007 from 4000 10th Street, N.E., Washington, D.C., an address the United States has proffered was associated with Suggs and Joy, and evidence seized on June 19, 2007 from 47 Randolph Place, N.W., Washington, D.C., the presumed residence of Ernest Glover. No other defendant appears to have any connection with either address, nor was any other defendant present at those locations at the time of the search and seizure.

_____

[3]This case is also related to another case, *United States v. Lonell G. Glover*, Crim. No. 07-153 which charges some 19 defendants with one count of narcotics conspiracy involving the distribution and possession with intent to distribute of one kilogram or more each of PCP <u>and heroin</u>, and a criminal forfeiture count.

8. Although the United States has not given formal notice of its intention, presumably it could also seek to introduce non-contraband evidence seized during the arrests and searches of the Defendants. No defendant was apparently in the company of any other defendant at the time of those arrests and seizures. In the case of Defendant Price, the only item seized was a cellphone taken from his person when arrested.

9. The United States has given notice of its intent to use evidence of various instances of prior criminal activity, pursuant to Federal Rule of Evidence 404(b), as to each defendant.[4] No defendant appears to have been involved in any such criminal activity with any other defendant.

IV. MISJOINDER

10. Defendant asserts that the following counts are misjoined with the conspiracy count because they do not relate to the conspiracy to distribute and possess with intent to distribute PCP:

Count Three charging possession of heroin by Ernest Glover

Counts Four and Five charging Glover with being a felon in possession of a firearm.

Count Nine charging distribution of cocaine by Anthony Suggs.

11. Moreover, Defendant notes that Counts Two through Five charge Ernest Glover with offenses occurring on June 19, 2007 while the indictment only that the conspiracy continued to "at least June 11, 2007." While the term "at least" would not

---

[4] Contemporaneously with the filing of this motion, undersigned counsel will also file an opposition to the admission of such evidence.

seem to <u>absolutely</u> preclude a finding that Ernest Glover's alleged actions on June 19, 2007, fell within the scope of the conspiracy, Defendant asserts that the United States bears the burden of showing that the actions were part of the conspiracy, given the plain face of the indictment.

12. If the Court is unwilling to sever Counts Two through Five and Count Nine from the other counts, due to a desire to try Suggs and Ernest Glover for all of their alleged offenses in one trial, then Defendant Price requests that his trial be severed from that of Suggs and Glover. Assuming that defendants Parker and Lee agree with Defendant Price, the Court may, under this theory, try the three of them together.

III. SEVERANCE OF DEFENDANTS

13. Defendant Price also seeks to have his trial severed from that of the other defendants, except possibly Glendale Lee,[5] on the grounds of "disparity of the evidence" in that the case against him is *di minimus* compared to the other defendants. In this context, Defendant notes that (1) he is not charged with any other individual counts, (2) no drugs or other contraband were ever recovered from his person or his residence, (3) no "controlled buys" were ever made from him or with his assistance, (4) he is not alleged to have conducted any criminal acts in any of the other jurisdictions, except the District of Columbia, (5) he is not alleged to have been involved with any drugs other than PCP during the course of the conspiracy, (6) there is no evidence that he associated with any other persons alleged in the conspiracy count, except Suggs and

---

[5] Many of the same factors Defendant Price cites as to why the case against him is *di minimus* appear to apply to Lee as well.

Glover, (7) and the only apparent evidence against him consists of intercepted calls between himself and Suggs which were, at best, ambiguous in nature.

14. Finally, Defendant Price reserves the right to seek severance from other codefendants on other bases not yet factually presented, but which may arise  as the case proceeds to trial. Such bases, may include, but are not limited to, (a) incriminating admissions made by another codefendant and admitted solely against that codefendant, (b) irreconcilable defenses with respect to the conspiracy charge, or (c) the willingness of one or more codefendants to testify on  behalf of Defendant Price if they were tried first and separately.

WHEREFORE, for the above reasons, as well as those set forth in the attached Memorandum of Points and Authorities, Defendant Price respectfully requests that this Court sever his case from that of the other defendants in the case, or in the alternative, that the Court sever those discrete counts in the indictment which allege that some of the codefendants committed criminal acts unrelated to the charged conspiracy.

Respectfully submitted

/s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004
(202) 898-0857

Attorney for Defendant Price
(Appointed By The Court)

7

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
        v.                        :          Crim. No 07-152 (ESH)
                                  :
ANTHONY M. SUGGS, *et al*         :


MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT HELERY PRICE'S MOTION TO SEVER
<u>COUNTS AND/OR DEFENDANTS</u>

I. JOINDER

1. Federal Rule of Criminal Procedure 8(b) governs joinder involving multiple defendants, *United States v. Halliman*, 923 F.2d 873, 882-883 (D.C. Cir. 1991). Rule 8(b) provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

2. Defendant concedes, as the court in *United States v. Walker*, 720 F.2d 1527, 1533 (11th Cir. 1983); *cert. denied* 465 U.S. 1108 (1984) held, "(t)he general rule is that defendants who are jointly indicted should be tried together, and this rule applies with particular force to conspiracy cases." *Accord, United States v. Richardson*, 167 F.3d 621, 624 (D.C. Cir. 1999) (joinder favored in RICO cases). Consequently, Defendant Price concedes that, on the face of the indictment, all of the charges <u>involving PCP</u> and all of the defendants are properly joined.

3. Rule 8(b) does require, however, that the alleged acts be part of the same series of acts or transactions, *United States v. Spriggs*, 102 F.3d 1245, 1255 (D.C.Cir. 1999). While that link may be supplied by the terms of the indictment itself, *Id.*, since the indictment in this case alleges that the conspiracy encompassed <u>only</u> the drug PCP,[6] Defendant Price asserts that Count Three involving a simple possession of heroin or Count Nine involving the distribution of cocaine, are not among the same series of events or transactions as the PCP conspiracy.

4. Nor, Defendant asserts, are Counts Four and Five, alleging possession of a firearm by a felon, included in the same series of acts or transactions as the charged conspiracy. In this regard Defendant notes that the grand jury did <u>not</u> indict Ernest Glover for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (c)(1)(A); instead it only charged a criminal offense from possession of the firearms because Glover was a convicted felon.

5. Although a closer issue, Defendant also contends that crimes committed <u>after</u> the last date specified in the indictment for the conspiracy should also be considered as separate acts or transactions from the conspiracy count and the other counts occurring within the time frame set out in the indictment.[7]

---

[6] Defendant notes that the United States decided not to charge any overt acts in the conspiracy. While this is its right, *see, United States v. Shabani*, 513 U.S. 10, 15 (1994), it limits the scope of the charged conspiracy to the expressly stated terms. *See also, United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006).

[7] The use of the term "at least" in the indictment is a peculiar one. Counsel could find no case which has ruled on the legal effect to be given that term. To the extent that the United States urges the Court that this language means no more that the usual "on or about" language, Defendant sees no problem. If, however, the United States intends that term "at least" to be open-ended, then Defendant asserts the indictment lacks the requisite specificity. The grand jury cannot indict for crimes not yet committed. Defendant awaits the response of the United States as to what legal effect it accords the term "at least."

6. Defendant acknowledges that the remedy for misjoinder could involve either severing the affected counts from the rest of the indictment, or severing Defendant and those other defendants not named in the individual counts from the defendants so named. Defendant Price therefore suggests that the Court also entertain motions for severance pursuant to Federal Rule of Criminal Procedure 14 at the pretrial stage, which may in turn inform its decision on the joinder issue. (Because the Court has several different alternatives available to it should it decide to grant a severance, and may take into account the desires of the United States as to how the severance should be accomplished, as well as which defendants and/or counts should be tried first, the proposed order is necessarily vague.)

II. SEVERANCE

7. At this juncture, Defendant Price relies on the doctrine of "disparity of evidence," in addition to misjoinder, in seeking a severance from his codefendants, most notably Suggs, but also Glover and Parker , who also have evidence from specific seizures of drugs or controlled buys against them. *See, United States v. Mardian*, 546 F.2d 973, 979-981 D.C. Cir. 1976) and *United States v. Sampol*, 636 F.2d 621 (D.C. Cir. 1980). Although "disparity of evidence" is always a matter of degree, Defendant asserts that the evidence against him is really *di minimus*.

8. It is widely assumed that joint trials normally involve judicial economy, *United States v. Lane*, 474 U.S. 438, 449 (1986), despite the fact that some degree of prejudice is inherent in a joint trial, *United States v. Walker, supra* at 1533. However, numerous courts

have debunked that idea as the size, length, and complexity of trials grow into "mega-trials," *United States v. Baker*, 10 F.3d 1374, 1389-1393 (9th Cir. 1993); *United States v. Ellender*, 947 F.2d 748, 754-755 (5th Cir. 1991); *United States v. Casamento*, 887 F.2d 1141, 1151-1152 (2nd Cir. 1989); *United States v. Gallo*, 668 F.Supp. 736 (E.D.N.Y. 1987).

9. Although prospective misjoinder and disparity of the evidence are the chief reasons Defendant Price <u>currently</u> seeks severance, he reserves the right to seek severance on the basis of other grounds not manifest at this time. Such grounds could include the admission of a confession by another co-defendant against Price, *see, Bruton v. United States*, 391 U.S. 123 (1968), inconsistent defenses *see, Zafiro v. United States*, 506 U.S. 534 (1993), or the desire for one defendant to call another willing defendant as a witness, *see United States v. Ford*, 870 F.2d 729 (D.C. Cir. 1989).

Respectfully submitted

/s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004
(202) 898-0857

Attorney for Defendant Price
(Appointed By The Court)

11

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
          v.                      :          Crim. No 07-152 (ESH)
                                  :
ANTHONY M. SUGGS, *et al*         :


ORDER

Upon   consideration   of Defendant Prices' Motion To Sever Counts and/or

Defendants,   (and the  opposition  of the  United States) (and  the response of  other

defendants), it is this _____ day of _____, 2007,  ORDERED


That the Motion is GRANTED and that the case shall proceed to trial in the

following fashion:


_____

_____

_____

_____

_____

_____


_____
Ellen S. Huvelle
United States District Court Judge