**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v | : | **Criminal Case No.  07-152 (ESH)** |
| | : | |
| **ANTHONY MAURICE SUGGS, et al.,** | : | |
| Defendants. | : | |

**GOVERNMENT'S SUPPLEMENTAL MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO 404(b) OF THE FEDERAL RULES OF EVIDENCE AND PERMIT IMPEACHMENT PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the admission of certain evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.  In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter.  This serves as a supplement to the government's motion filed on October 15, 2007.

### Background

The following are the other crimes, and bad acts evidence the government seeks to introduce against each defendant:

1

**1. Anthony Suggs:**

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---------|-------------|--------------|----------|------|
| (a) Unlawful Dist. 5 grams of cocaine base | Crim. No. 98-402 | D.C. | 87 months incar. | 6/16/99 |

On April 29, 1998, a confidential source ("CS") approached the defendant, Anthony Suggs, who was seated in an automobile stopped in the vicinity of Otis Place and Georgia Avenue, N.W. The CS entered the defendant's automobile and requested a "31" (referring to 31 grams of crack) from Suggs. The defendant said that he would need 15 minutes to retrieve the drugs. A short time later, the defendant and the CS met in the area of 10th Street, N.W. The defendant provided the CS with 31 grams of crack cocaine, and offered to sell the CS an additional 62 grams of crack cocaine. Fifteen minutes later parked plead guilty to the unlawful.

On April 7, 1999, the defendant pled guilty to a superseding information charging him with unlawful distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). On June 16, 1999, the defendant was sentenced to a term of eighty-seven months imprisonment.

This case is highly probative to the defendant's knowing and intentional possession to distribute PCP in the present case. At the very least, these other crimes show that the defendant was and is aware of "how to get drugs, what they looked like, where to sell them, and so forth." <u>See</u> <u>United States v. Crowder</u>, 141 F.3d at 1209, n. 5.

**2. James Parker:**

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---------|-------------|--------------|----------|------|
| PWID PCP and cocaine | 3E00334876 | P.G. County, MD | Dismissed | 6/1/07 |

On May 31, 2007, law enforcement officers executed a search warrant at 9001Breezewood Terrace, #103, in Greenbelt, Maryland, which was the defendant's residence. . The defendant along with Mark Rinford. found inside the apartment was approximately 88 grams of PCP, approximately 400 grams of marijuana, a quantity of crack cocaine, $4,513 in U.S. Currency, scales, and various materials used for distributing drugs.

The case in Prince Georges's County was dismissed after the defendant was indicted in this case. The government submits that this is part of the *res gestae* of the pending indictment, but in an abundance of caution, also cites this criminal conduct as Rule 404(b0 evidence.

This prior charge and crime demonstrates that defendant Parker had the knowledge and intent to possess, and distribute, illegal substances. His action of throwing the drugs away at the sight of approaching officers serves as evidence that Parker was aware of the guilt associated with possessing quantities of an illegal substance. This evidence also goes on to show that the defendant's possession and distribution of PCP in the present case was not by mistake.

**3. Ernest Glover:**

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---------|-------------|--------------|----------|------|
| (a) PWID - PCP | Crim. No. 96-51 | D.C. | 108 months incar. | 10/24/96 |

From between April 1994 and April 1996, law enforcement developed evidence that the defendant was trafficking PCP and crack cocaine, and using his residence located at 47 Randolph Place, N.W., as a hub for his drug enterprise.  On several occasions during the relevant time period, the defendant sold large quantities of PCP to undercover law enforcement officers ("UC").  Specifically, on January 18, 1995, Glover sold a UC 408 grams of PCP for $1,500.  On February 23, 1995, Glover sold the UC 323.3 grams of PCP for $1,750.  On February 13, 1996, Glover sold a cooperating witness ("CW") 345 grams of PCP for $2,200.  There were numerous other drug transactions that the defendant was involved in, this was merely a sampling.  All the drug transactions occurred within 1000 feet of the Emery Elementary School.

On April 29, 1996, a search warrant was executed at 47 Randolph Place, N.W.  Two handguns were recovered, a small quantity of PCP, approximately $7,600 in U.S. Currency, numerous items used for distributing drugs, After this incident, a search warrant was issued and agents went into Glover's home and found, among other things, 1420.3 grams of a mixture and substance containing PCP and 58.39 grams of cocaine base.

On June 28, 1996, the defendant pled guilty to three counts of Unlawful Distribution of PCP within 1,000 feet of a school, in violation of 21 U.S.C. Section 8609a0.  On October 24, 1996, the defendant was sentenced to 108 months of incarcerations followed by an eight-year term of supervised release.

This other crime evidence clearly shows that the defendant, Glover, had knowledge and intent to possess with the intent to distribute a controlled substance.  The investigations and observations demonstrate that the defendant also had plan: he placed the PCP in bottles in brown bags, got in and out of cars quickly during transactions, gave codes to his buyers, and changed locations of deals

when he suspected people were watching.  As the Court noted in *United States v. Cassell,* 292 F.3d

788, 791 (D.C. Cir. 2002), the defendant here is charged with unlawful possession of PCP, and

evidence that he "possessed the same or similar things at other times is often quite relevant to his

knowledge and intent."  *Id.*, at 793.  The probative value of this evidence is without question.

   This prior conviction also demonstrates the knowledge and intent of the defendant to possess

and distribute a controlled substance.  By throwing the bag upon being approached by officers, this

evidence shows that possession of the controlled substance was not by mistake in 1983, and

therefore, would not be by mistake in 2006-07.

**4.  Glendale Lee:**

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---------|-------------|--------------|----------|------|
| (a) Possession - PCP | 1993-FEL-005294 | D.C. | 1 yr. incar. | 3/4/94 |
| (b) Dist. - PCP | 1988-FEL-015450 | D.C. | 3 to 10 yrs. incar. | 11/25/88 |

   On May 25, 1993, MPD officers received a report of an African-American male in a green

shirt and white shorts selling drugs in the 3400 block of 11th Street, N.W.  The report also noted that

the defendant was hiding the drugs in a rented gray automobile.  MPD officers asked the defendant

if the vehicle was his and he said yes.  The defendant then gave the MPD officers permission to

search the automobile.  MPD officers found a brown bag containing 8 plastic bags which contained

marijuana dipped in PCP.  the defendant was arrested.

   On August 31, 1993, the defendant pled guilty to the possession of PCP,  and on or about

March 4, 1994 was sentenced to one-year of incarceration.

On December 30, 1988, UC officers approached the defendant who was standing in the area of 14th Street and Perry Place, N.W.  The UC asked the defendant for "boat (a term for PCP) two times."  The defendant handed the UC two tinfoil packets containing marijuana dipped in PCP.  The UC gave the defendant $20.00 in U.S. Currency.

The UC left the area and a short time later the defendant was arrested.  A search of his clothing found an additional 7 tinfoil packets of marijuana dipped in PCP.  On or about May 12, 1989, the defendant pled guilty to attempted distribution of PCP and attempted possession with the intent to distribute PCP, and on August 17, 1989, the defendant was sentenced to not less than 3 years and not more than 10 years imprisonment.

Both the guilty plea in 1994 and in 1988 show that the defendant, Lee, had knowledge and intent to possess and distribute a controlled substance.  As argued above, the manner in which Lee was found to have packaged the PCP and cannabis in 1988 illustrates his knowledge in drug distribution.  Further, both these crimes are probative in illustrating that the defendant's actions that lead to the current indictment are not the result of accident or mistake.

**5.  Helery Price:**

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---------|-------------|--------------|----------|------|
| PWID - cocaine | 1988-FEL-001535 | D.C. | 20 mos. To 5 yrs. incar. | 2/15/91 |
| CSA | Crim. No. 93-237 | D.C. | 120 mos. incar. 6 yrs. sup. rel. | 10/10/94 |

Defendant Price was arrested on February 16, 1988, and was charged and convicted of the possession with intent to distribute cocaine.  Price was sentenced on February 15, 1991, to

6

twenty-months of incarceration followed by three years probation.  MPD officers entered 737 7th St., S.E.,, they observed Price place a brown paper bag into a trash can.  The bag contained thirteen vials of a white rock substance that tested positive for cocaine base.

During the spring of 1993, MPD officers identified the defendant as a heroin and crack cocaine trafficker in S.E.  A CS provided information that the defendant was operating from a residence located at 1102 3rd Street. in S.W.  Law enforcement obtained a search warrant, and on May 26, 1993, entered the residence and found Price alone in a bedroom covered and surrounded by a cloud of white powder and dust (which turned out to be heroin).  Law enforcement officers collected some of the powder and it tested positive for heroin.  Also found in the residence was the following:  scales, numerous small clear plastic bags, spoons, and large quantities of quinine and mannitol (materials used to dilute and package heroin for sale).

 On September 21, 1994, the defendant pled guilty to unlawful possession with intent to distribute heroin.  On November 10, 1994, the defendant was sentenced to 120 months of incarceration.

The convictions for unlawful possession with intent to distribute a controlled substance in 1991 and 1994 demonstrate the defendant's knowledge and intent in the current case.  Furthermore, Price used a residence for the purposes of stashing his drugs and was found with packaging items, scales, and other items used for cutting and distribution.  This evidence is clearly probative towards Price's knowledge and planning in the drug trade.  Furthermore, his admission that he sold heroin and made several thousand dollars a week can show motive.

The government seeks to introduce evidence of the facts and circumstances surrounding the defendants' previous drug related convictions and/or arrests.  The defendants have numerous crimes

which appear to be admissible pursuant to Fed. R. Evid. 404(b), for the purpose of proving intent, knowledge, and absence of mistake.

### *Argument and Legal Analysis*

### A.  Proof Pursuant to Rule 404(b)

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." *Id*. at 929. As the Court of Appeals has noted *en banc*, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." *Id*. at 1206. As the Court stated in *United States v. Cassell, supra,* (citing *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990)), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"(Emphasis in original.)

Such evidence is of course subject like all evidence to the strictures of Fed. R. Evid. 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially

outweighed by the danger of unfair prejudice. *United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. *United States v. Moore, supra*, 732 F.2d at 989. *See Huddleston v. United States*, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence"). [1]

As the Court of Appeals noted in *Cassell*, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" *Id.* at 793 (citation omitted). In the instant case, among other things, the government must prove that the defendant constructively possessed the drugs inside the apartment, with the intent to distribute it. The "other crimes" evidence of defendants' previous possession of drugs with the intent to distribute, is highly probative of the defendants' knowing and intentional possession of the phencyclidine (PCP) in this case. It also shows that the defendants' possession of the drugs was not the result of mistake or accident. As the Court of Appeals observed *en banc*, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any

---

[1] As for the burden that must be met in presenting other crimes evidence, the Court is <u>not</u> required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court <u>neither</u> weighs credibility <u>nor</u> makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." *Huddleston v. United States, supra*, 485 U.S. at 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." *Id.* at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. *Ibid.*

given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth. Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." *United States v. Crowder, supra*, 141 F.3d at 1209, n.5 (*en banc*).

The defendants' other crimes, listed in the charts above, are relevant and should be admitted under the application of these precepts. As illustrated below, this evidence will assist the United States in demonstrating that the defendants had the requisite knowledge, plan, motive, and/or intent to possess and distribute PCP.

The details of the "other crimes" of these defendants serve as probative evidence. As argued above, such evidence is not conclusive in the current case, but serves as a brick in the wall of evidence needed. *See United States v. Crowder, supra*, 141 F.3d at 1209, n.5. Because of the highly probative nature of such Rule 404(b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here. *See, e.g., United States v. Burch*, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); *United States v. Crowder, supra*, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (*en banc*); *United States v. Johnson*, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)).

The other crimes evidence should be admitted because it is relevant to something other than the defendants' character or propensity. Further, the significant probative value of the evidence here

is clearly <u>not</u> outweighed by the danger of unfair prejudice in this case. The law in this Circuit is clear that in balancing the probative value of other crimes evidence against prejudicial effect, "it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged." *United States v. Harrison*, 679 F.2d 942, 948 (D.C. Cir. 1982) *(quoting United States v. Day*, 591, F.2d 861, 878 (D.C. Cir. 1978)). As illustrated above, the defendants' prior convictions, charges, and/or indictments bear a close relationship to the current indictments. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

      **B. Impeachment Pursuant to Rule 609**    "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect, and the conviction is no older than 10 years. Fed. R. Evid. 609(a)(1) and 609(b). Defendants Suggs, Glover and Price have narcotics convictions which which meet this threshold requirement. Irrespective of the Court's ruling on the government's request to introduce the facts underlying this conviction under Rule 404(b), introduction of the fact of the conviction itself should be allowed for impeachment purposes, in the event a defendant chooses to testify.

     The U.S. Court of Appeals for the D.C. Circuit held in *United States v. Lipscomb* that "all felony convictions are probative of credibility to some degree." 702 F.2d 1049, 1062 (D.C. Cir. 1983). In weighing the danger of the prejudice posed by admission of a defendant's prior conviction against its significant probative value, courts may consider the following relevant factors: (1) the kind of crime involved, (2) when the conviction occurred, (3) the importance of the witness' testimony in this case, (4) the importance of the credibility of the defendant, and (5) generally, the

impeachment value of the prior crime. *See United States v. Pettiford*, 238 F.R.D. 33, 41 (D.D.C. 2006) (Kollar-Kotelly, J.).

Addressing these factors in turn favors admission at each point. In a narcotics prosecution, a defendant's previous narcotics conviction is probative because it removes any misconception that defendant is a model citizen, and it is relevant to the ultimate questions of knowledge and intent; however, it does not create the same risk of unfair prejudice like, for instance, a murder conviction might. *See United States v. Lewis* 626 F.2d 940, 951 (D.C. Cir. 1980) (Court permitted the impeachment of defendant being tried in narcotics distribution case with a prior narcotics conviction because, while nature of evidence increased the risk of unfair prejudice, it increased the probative value even more); compare *United States v. Pettiford, supra*, 238 F.R.D. at 43 (government allowed to cross-examine defendant regarding fact that he had been previously convicted, but not permitted to elicit details of the nature of that offense, which was second-degree murder). In this case, defendant's conduct and subsequent conviction occurred less than 30 months ago. More recent convictions like this one are more probative for impeachment and should receive more favorable consideration than older ones. *See United States v. Lewis, supra*, 626 F.2d at 950.

Turning to the second factor, where the weight attached to defendant's credibility may become a central issue at trial, a prior conviction is highly relevant and probative. *See United States v. Lewis, supra*, 626 F.2d at 951 ("[I]t is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue"). Evidence of defendant's conviction is particularly probative of his credibility given the facts and circumstances of this case. At trial, the United States will introduce evidence to demonstrate,

12

among other things, that defendant knowingly and purposely trafficked in narcotics. Any attempt by a defendant to deny such knowledge or intent to engage in such an operation will involve a jury judgment on his credibility and will necessitate impeachment evidence to rebut the denials. *See United States v. Lewis, supra*, 626 F.2d at 951 ("While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser").

### Conclusion

**WHEREFORE**, for the reasons stated above, the United States respectfully requests that this Court grant the government's motion to admit defendants' other crimes evidence and to impeach defendants Suggs, Glover and Price should they testify.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
WILLIAM J. O'MALLEY, JR
Assistant United States Attorney

_____
ANTHONY SCARPELLI
Assistant United States Attorney

_____
JOHN K. HAN
Assistant United States Attorney

13

### *Certificate of Service*

**I HEREBY** certify that I have caused a copy of the foregoing supplement to the government's Motion to Admit Other Crimes Evidence Pursuant to Rule 404(b)and Permit Impeachment Pursuant to Federal Rule of Evidence 609 to be served by Electronic Case Filing upon counsel, for defendants as listed below;  this 28th day of November, 2007.

_____
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney
D. C. Bar No. 166-991
555 4th Street, N.W., Fourth Floor
Washington, D.C.  20001
(202) 305-1749

**Anthony Maurice Suggs**
Elmer Douglas Ellis
The Ellis Law Office
1100 H Street, N.W.
Suite 1100
Washington, D.C. 20005

**James Lawrence Parker**
James W. Rudasill, Jr.
601 Indiana Avenue, N.W. #500
Washington, D.C. 20004

**Ernest Milton Glover**
H. Heather Shaner
1702 S. Street, N.W.
Washington, D.C. 20009

**Glendale Earl Lee**
Frederick Jones
5901 Montrose Rd.,
Apt. 1009 North
Rockville, Maryland 20852

**Helery Price**
Richard K. Gilbert
601 Pennsylvania Avenue, N.W.
Suite 900, South Bldg.
Washington, D.C. 20001

14

15

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | | |
| | : | | |
| v | : | Criminal Case No.  07-152 (ESH) | |
| | : | | |
| ANTHONY MAURICE SUGGS, et al., | : | | |
| Defendants. | : | | |

# ORDER

Upon motion of the United States and after a consideration of defendants' opposition and the government's Supplemental Response and the entire record in this matter, pursuant to Rule 4040(b) of the Federal Rules of Evidence, it is this _____ day of December 2007,

**ORDERED** that at any trial of the defendants upon the Indictment in the above-captioned matter the government will be permitted to adduce testimony and produce proof regarding the following convictions of the defendants.

Defendant Anthony Maurice Suggs:

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| (a) Unlawful Dist. 5 grams of cocaine base | Crim. No. 98-402 | D.C. | 87 months incar. | 6/16/99 |

Defendant James Parker:

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| PWID PCP and cocaine | 3E00334876 | P.G. County, MD | Dismissed | 6/1/07 |

Defendant Ernest Glover:

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| (a) PWID - PCP | Crim. No. 96-51 | D.C. | 108 months incar. | 10/24/96 |

Defendant Glendale Lee:

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| (a) Possession - PCP | 1993-FEL-005294 | D.C. | 1 yr. incar. | 3/4/94 |
| (b) Dist. - PCP | 1988-FEL-015450 | D.C. | 3 to 10 yrs. incarceration | 11/25/88 |

Defendant Helery Price:

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| PWID - cocaine | 1988-FEL-001535 | D.C. | 20 mos. to 5 yrs. incar. | 2/15/91 |
| CSA | Crim. No. 93-237 | D.C. | 120 mos. incar. 6 yrs. sup. rel. | 10/10/94 |

_____
ELLEN SEGAL HUVELLE
United States District Judge

Copies to:

William J. O'Malley, Jr.
Anthony Scarpelli
John K. Han
Assistant United States Attorneys

**Anthony Maurice Suggs**
Patrick Donahue, Esquire
18 West Street
Annapolis, MD   21401

**James Lawrence Parker**
James W. Rudasill, Jr.
601 Indiana Avenue, N.W. #500
Washington, D.C. 20004

**Ernest Milton Glover**
Anthony Martin, Esquire
7841 Belle Point Drive
Greenbelt, Maryland, 20770

**Glendale Earl Lee**
Frederick Jones
5901 Montrose Rd.,
Apt. 1009 North
Rockville, Maryland 20852

**Helery Price**
Richard K. Gilbert
601 Pennsylvania Avenue, N.W.
Suite 900, South Bldg.
Washington, D.C. 20001