# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No. 07-152 (ESH)** |
| | **:** | |
| **ANTHONY MAURICE SUGGS,** *et al.*, | **:** | |
| **Defendants.** | **:** | |

## GOVERNMENT'S NOTICE OF FILING

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully notices the filing of the attached submissions for use in the trial in this matter scheduled for January 22, 2008. The Attachments hereto include: Attachment A, a list of the government's proposed Redbook jury instructions; Attachment B, the government's proposed jury instruction Number 1; Attachment C, the text of the government's proposed jury instructions from Attachment A; and Attachment D, the government's proposed Jury Questionnaire.

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

_____
ANTHONY SCARPELLI
Assistant United States Attorney

_____
JOHN K. HAN
Assistant United States Attorney

*Certificate of Service*

**I HEREBY** certify that I have caused a copy of the foregoing government's Notice of Filing and attachments to be served by mail upon counsel, for defendants as listed below;  this 5th day of December, 2007.

_____

WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney
D. C. Bar No. 166-991
555 4th Street, N.W., Fourth Floor
Washington, D.C.  20001
(202) 305-1749

**Anthony Maurice Suggs**
Patrick Donahue, Esquire
18 West Street
Annapolis, MD   21401

**James Lawrence Parker**
James W. Rudasill, Jr.
601 Indiana Avenue, N.W. #500
Washington, D.C. 20004

**Ernest Milton Glover**
H. Heather Shaner
1702 S. Street, N.W.
Washington, D.C. 20009

**Glendale Earl Lee**
Frederick Jones
5901 Montrose Rd.,
Apt. 1009 North
Rockville, Maryland 20852

**Helery Price**
Richard K. Gilbert
601 Pennsylvania Avenue, N.W.
Suite 900, South Bldg.
Washington, D.C. 20001

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      :
            :
       v.           :      Criminal No. 07-152 (ESH)
            :
ANTHONY MAURICE SUGGS, *et al.*,  :
       Defendants.     :

### GOVERNMENT'S NOTICE OF FILING

**ATTACHMENT A**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Criminal Nos.  07-152 (ESH)** |
| | : | |
| **ANTHONY MAURICE SUGGS, et al.,** | : | |
| **Defendants.** | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court give the following instructions to the jury: Consistent with the Court's Order, the proposed jury instructions are printed in their entirety in Attachment A to this pleading.  Unless other wise indicated, these instructions are taken in their entirety from the Criminal Jury Instructions for the District of Columbia, the "Red Book."  Those proposed instructions which are modified are listed in italics below and the modifications in the attachment are designated by italics for additions or strikeovers for deletions.[1]  The following list also indicates the page number at which the instruction may be found in Attachment A.

### Proposed Jury Instructions

1. *1.03--Preliminary Instruction Before Trial ---- 1*[2]

---

[1]  This is not true where the modification involves the selection or omission of a bracketed portion of the Redbook instruction

[2]  This proposed instruction includes several other instructions which the Redbook suggests should be given at the beginning of a trial and which are repeated in the final instructions we are proposing, including Instructions 3.10 and 3.11, Wire Taps or Wire Interceptions and Consensual Tape Recording, respectively.

2.  1.05--Cautionary Instruction Prior to First Recess ---- 9

3.  1.22--A Juror's Recognition of a Witness or Other Party
    Connected to the Case ---- 10

4.  2.01--Function of the Court ---- 11

5.  2.02--Function of the Jury ---- 12

6.  2.03--Jury's Recollection Controls ---- 13

7.  2.04--Evidence in the Case ---- 14
         [Definitions of terms from Instruction 1.04 are included]

8.  1.07--Question Not Evidence ---- 16

9.  2.05--Statements of Counsel ---- 17

10. 2.06--Indictment Not Evidence ---- 18

11. 2.07--Inadmissible and Stricken Evidence ---- 19

12. 1.08--Expert Testimony ---- 20

13. 2.08--Burden of Proof--Presumption of Innocence ---- 21

14. *2.09--Reasonable Doubt* ---- 22
            We request that in place of Instruction 2.09 from the
        Red Book, this Court give Instruction 21, Definition of
        Reasonable Doubt, from Pattern Criminal Jury Instructions,
        which was approved by this circuit in *United States v.
        Taylor*, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993).

15. 2.10--Direct and Circumstantial Evidence ---- 23

16. 2.11--Credibility of Witnesses ---- 24

17. 2.13--Number of Witnesses ---- 25

18. 2.14--Nature of Charges Not to be Considered ---- 26

19. *2.26--Police Officer's Testimony* ---- 27

20. 2.27--Failure of Defendant to Testify (if applicable) ---- 28

21. 2.28--Defendant as a Witness (if applicable) ---- 29

22. 3.10--*Wire Taps and Wire Intercepts* ---- 30

23. 3.11- -*Consensual Tape recordings* - - - - 31

24. 2.30--*Transcripts of Tape Recordings* ---- 32

25. 4.93 - - Conspiracy - Basic Instruction ---- 33

26. 4.30 - - Distribution of a Controlled Substance - - - 35

27. 4.29 - - Possession of a Controlled Substance with Intent to Distribute- - - 36

28. 4.28 - - Possession of a Controlled Substance- - - 37

29. 4.79 - - Possession of a Firearm After Felony Conviction- - - 38

30. 3.08 - - Possession-Defined ---- 40

31. 3.02 - - Proof of State of Mind ---- 41

32. 3.07 - - On or About, Proof of ---- 42

33. 2.51(B) - - Evidence of Other Crimes Admitted to Show Intent/absence of Mistake or Accident ---- 43

34. 2.52 - - Multiple Counts - One Defendant ---- 44

35. 2.71 - - Election of a Foreperson ----45

36. 2.72 - - Unanimity ---- 46

37. 2.92 - - *Partial Verdict* ---- 47

38. 2.73 - - *Exhibits During Deliberations* ----48

39. 2.74 - - Possible Punishment Not Relevant ---- 49

40. 2.75 - - Communications Between Court and Jury During Deliberations ---- 50

41. 2.76--Furnishing the Jury with a Copy of the Instructions ---- 51

**WHEREFORE,** the United States respectfully requests that this Court give the foregoing jury instructions.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____

WILLIAM J. O'MALLEY, JR
Assistant United States Attorney

_____

ANTHONY SCARPELLI
Assistant United States Attorney

_____

JOHN K. HAN
Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No. 07-152 (ESH)** |
| | **:** | |
| **ANTHONY MAURICE SUGGS,** *et al.*, | **:** | |
| **Defendants.** | **:** | |

## GOVERNMENT'S NOTICE OF FILING

## ATTACHMENT B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Nos.  07-152 (ESH) |
| | : | |
| ANTHONY MAURICE SUGGS, et al., | : | |
| Defendants. | : | |

## GOVERNMENT'S PROPOSED INSTRUCTION NUMBER ONE

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully request that in the above-captioned matter the Court instruct the jury as follows.

> As I told you at the beginning of this trial, every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.  The burden is on the government to prove a defendant guilty beyond a reasonable doubt.  This burden of proof never shifts throughout the trial.  The law does not require a defendant to prove his innocence or to present any evidence. [Every defendant in a criminal trial has the absolute right not to testify. You must not draw any inference of guilt against the defendant because he did not testify.]  As I said, the government has the burden of proving the defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases where you were told that it was only necessary to prove that a fact is more likely true than not true. We call that the preponderance of the evidence.  In criminal cases, the government's proof must be more powerful than that; it must be beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that

we know with absolute certainty, and in criminal cases the law
does not require proof that overcomes every possible doubt.  If
based on your consideration of the evidence you are firmly
convinced that the defendant is guilty of the crime charged, it is
your duty to find him guilty.  If on the other hand you think there is
a real possibility that the defendant is not guilty, you must give him
the benefit of a doubt and find him not guilty.

*See Pattern Criminal Jury Instructions* 28, Instruction 21, Federal Judicial Center,1988.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____

WILLIAM J. O'MALLEY, JR
Assistant United States Attorney

_____

ANTHONY SCARPELLI
Assistant United States Attorney

_____

JOHN K. HAN
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          :
                                   :
                    v.             :          **Criminal No. 07-152 (ESH)**
                                   :
ANTHONY MAURICE SUGGS, *et al.*,   :
                    Defendants.    :

## GOVERNMENT'S NOTICE OF FILING

## _____ATTACHMENT C

**Instruction 1.03**

**PRELIMINARY INSTRUCTION BEFORE TRIAL**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial.  I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions which I will give at the end of the trial just before you start your deliberations.  These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you.  It is my practice to allow jurors to take notes during the trial if they want to, and to have their notes with them during the jury's deliberations.  I want to emphasize that none of you are required to take notes.  Indeed, you should not do so if you think that notetaking will distract your attention from the evidence or the testimony of the witnesses.  On the other hand, if you think that taking notes might help you remember the testimony of the witnesses and the other evidence in the case, or might make you pay more attention during the trial, you are free to take notes.  You should remember that your notes are only an aid to help your memory.  They should not replace your own memory of the evidence.  Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Whenever there is a recess in the trial, you should leave your notebooks and pencils on your seats.  They will be collected by the clerk and given to me to keep.  No one, including myself, will ever look at any of your notes.  At the end of the trial, when you come back to the courtroom to deliver your verdict, your notes will be destroyed.  Again, neither I nor anyone else will look at any notes you have taken.

~~Generally only the lawyers and the court ask witnesses questions.  Occasionally, however, a juror feels that an important question has not been asked.  I am not encouraging any of you to pose questions to the witnesses in the case.  However, if during the course of the trial you feel an important question has not been asked, you may write out that question on a piece of paper and submit it to the court after the lawyers are finished with their examination of the witness but before the witness leaves the witness stand.  After consulting with the lawyers, I will determine whether the question is a proper one; if it is and if it relates to a matter about which the witness can testify, I will ask the witness the question.~~

~~If I do not ask the question, that means I have decided that it is not legally proper that the question be asked.  If I do not ask the question, the juror posing it should not guess or speculate about what the answer might have been, and may not consider the question or discuss it with other jurors during deliberations.  If I decide the question relates to a legal issue, I may decide to wait until final instructions and answer the question then if it is relevant to your consideration of the case.~~

~~Juror questions may not be posed orally at any time during a trial.  Also, juror questions are meant only to help jurors understand the testimony, to clarify evidence, or to seek information.  Such questions are not meant to discredit or argue with a witness.  As a juror, you must be an impartial judge of the facts, not an advocate for either side in this proceeding.~~

~~Finally, even though you may submit questions to me to ask a witness, you may not discuss the questions with any fellow jurors or anyone else.~~

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. In some courtrooms, jurors in seats 13 and 14 are automatically the alternates, but that is not how it works in this courtroom. Instead, we randomly select the alternates' seats at the beginning of each trial from among all the jury seats so that any two seats -- 1 and 8, 10 and 5, 2 and 13, or any other combination -- might turn out to be the seats of the alternates.

I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. Therefore, it is important that all of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case which began when the grand jury returned an Indictment. An Assistant United States Attorney will present the evidence in support of the charges in the Indictment.

The defendants in this matter, Anthony Maurice Suggs, James Lawrence Parker, Ernest Milton Glover, Glendale Earl Lee, and Helery Price, have been charged in an Indictment with one count of conspiracy to distribute and possess with intent to distribute import one kilogram or more of phencyclidine, also known as PCP. Mr. Suggs has also been charged in that Indictment with distribution of PCP and possession with intent to distribute PCP. Mr. Parker has also been charged in that Indictment with distribution of PCP and Mr. Glover has also been charged in that Indictment with possession of PCP, heroin and possession of a firearm Count One of that Indictment, charging the defendants with conspiracy to distribute and possess with intent to distribute import one kilogram or more of phencyclidine, also known as PCP, reads:

> From on or about sometime in August 1, 2005, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including at least June 11, 2007, in the District of Columbia, the District of Maryland, the Northern District of Georgia, the Eastern District of Missouri, the Central District of California, and elsewhere, Anthony Maurice Suggs, also known as "Applejack," Julian Johnson, also known as "JuJu," also known as "Ju," James Lawrence Parker, also known as "Yogi," Ernest Milton Glover, also known as "Fish," Glendale Earl Lee, also known as "Glen," Helery Price, also known as "Brother," did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together and with Lonnell G. Glover, Velma Williams, also known as Ma, also known as "Mother," Cornell Anthony Glover, also known as "Tony," Cooleridge Bell, also known as "Coolridge Bell," also known as "Carlton Bell, Charles Gladden, also known as "Boone," Henry Brown, also known as "HB,"

Leslie Wood, also known as "Diamond," Christian Donaldson, Diane Holmes, Jerome Hampton, also known as "Jay," Joe Brown, Jr., also known as "Pumpkin," Ronald Cook, Lena Brown, John Franklin Crum, and Ngozi Joy, also known as "Nikki," co-conspirators not indicted herein, and with others known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of phencyclidine, a Schedule I controlled substance, and the quantity of said mixture and substance was one kilogram or more, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iv).

Count Two of that Indictment, charging Ernest Milton Glover with unlawful possession with intent to distribute phencyclidine, reads:

On or about June 19, 2007, within the District of Columbia, Ernest Milton Glover, also known as "Fish," did unlawfully, knowingly and intentionally possess with intent distribute a mixture and substance containing a detectable amount of phencyclidine, a Schedule I controlled substance.

Count Three of that Indictment, charging Ernest Milton Glover with unlawful possession with intent to distribute phencyclidine, reads:

On or about June 19, 2007, within the District of Columbia, Ernest Milton Glover, also known as "Fish," did unlawfully, knowingly and intentionally possess a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

Count Four of the Indictment, charging Ernest Milton Glover with unlawful possession of a firearm after conviction of a felony, reads:

On or about June 19, 2007, within the District of Columbia, the defendant, Ernest Milton Glover, also known as "Fish," having been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess a firearm, that is, an Ithaca shotgun, serial number 217112F, said firearm having been shipped and transported in interstate commerce.

Count Five of the Indictment, charging Ernest Milton Glover with unlawful possession of a firearm after conviction of a felony, reads:

On or about June 19, 2007, within the District of Columbia, the defendant, Ernest Milton Glover, also known as "Fish," having been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess a firearm, that is, a Winchester .22 caliber rifle, serial number B175102, said firearm having been shipped and transported in interstate commerce.

Count Six of the Indictment, charging Anthony Maurice Suggs with unlawful possession with

intent to distribute phencyclidine, reads:

>       On or about March 27, 2007, within the District of Columbia, Anthony
> Maurice Suggs, also known as "Applejack," did unlawfully, knowingly and
> intentionally possess with intent distribute a mixture and substance containing a
> detectable amount of phencyclidine, a Schedule I controlled substance, and the
> amount of said mixture and substance was one kilogram or more.

Count Seven of the Indictment, charging James Lawrence Parker with unlawful distribution of
phencyclidine, reads:

>       On or about January 4, 2007, within the District of Columbia, James
> Lawrence Parker, also known as "Yogi," did unlawfully, knowingly and
> intentionally distribute a mixture and substance containing a detectable amount of
> phencyclidine, a Schedule I controlled substance.

Count Eight of the Indictment, charging Anthony Maurice Suggs with unlawful possession with
intent to distribute phencyclidine, reads:

>       On or about November 27, 2006, within the District of Columbia,
> Anthony Maurice Suggs, also known as "Applejack," did unlawfully, knowingly
> and intentionally distribute a mixture and substance containing a detectable
> amount of phencyclidine, a Schedule I controlled substance.

Count Nine of the Indictment, charging Anthony Maurice Suggs with unlawful possession with
intent to distribute phencyclidine, reads:

>       On or about August 23, 2006, within the District of Columbia, Anthony
> Maurice Suggs, also known as "Applejack," did unlawfully, knowingly and
> intentionally distribute a mixture and substance containing a detectable amount of
> phencyclidine, a Schedule I controlled substance.

You should understand clearly that the Indictment that I just read is not evidence. The
Indictment is just a formal way of charging a person with a crime in order to bring him to trial.
You must not think of the Indictment as any evidence of the guilt of the defendants, or draw any
conclusion about the guilt of the defendants just because they have been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has
convinced you beyond a reasonable doubt that the defendants committed the offenses with which
they have been charged. The defendants have been charged with conspiracy to import heroin and
cocaine. To prove this offense, the government must prove beyond a reasonable doubt each of
the elements of that offense.

The elements of the charge of conspiracy to import heroin and cocaine are:

>       First, that between August 1, 2005 and June 11, 2007, an agreement
> existed between two or more people, to commit the crimes of distribution and

possession with intent to distribute phencyclidine. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to import of heroin and cocaine. It is enough that the government prove beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of importation of heroin and cocaine. So, the first thing that must be shown is the existence of an agreement.

　　　　Second, the government must prove that the defendant intentionally joined in that agreement. It is not necessary to find he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it. Even if the defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times.

The elements of the offense of distribution of phencyclidine are:

　　　　First, that the defendant distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person;
　　　　Second, that the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently. The law makes phencyclidine a controlled substance.

The elements of the offense of possession with intent to distribute a controlled substance, in this case, phencyclidine, are:

　　　　First, that the defendant possessed a controlled substance;
　　　　Second, that the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.
　　　　Third, that when the defendant possessed the controlled substance he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person.
　　　　Again, the law makes phencyclidine a controlled substance.

The elements of the offense of unlawful possession of a controlled substance are:
　　　　First, that the defendant possessed a controlled substance;
　　　　Second, that the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

Again, the law makes phencyclidine a controlled substance.

The elements of the offense of possession of a firearm after conviction of a felony are:

> First, that the defendant possessed a firearm, that is, a handgun;
> Second, that the defendant did so knowingly;
> Third, that the firearm had been shipped from one state to another (the District of
> Columbia is considered a state for this purpose; and
> Fourth, that at the time the defendant possessed the firearm, he had been
> convicted of a crime punishable by imprisonment for a term exceeding one year.
> Again, the law makes phencyclidine a controlled substance.

As I explain how the trial will proceed, I will  refer to the "government" and to the "defendant."  When I mention the "government," I am referring to the two attorneys who are presenting the evidence in support of the charges contained in the Indictment.  In this case, it is Assistant United States Attorney Anthony Scarpelli and Assistant United States Attorney John K. Han.  When I mention the defendant or the defense, I am referring either to Mr. Suggs, Mr. Parker, Mr. Glover, Mr. Lee, or Mr. Price, or to their attorneys,Mr. Patrick Donahue, Esquire, Mr. James W. Rudasill, Jr., Esquire, Mr. Anthony Martin, Esquire, Mr. Frederick Jones, Esquire, or Mr. Richard K. Gilbert, Esquire.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements.  ~~If the government makes an opening statement it must do so at the beginning of its case.~~  *The government must make an opening statement at the beginning of its case.*  The defendant may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendant's case.  The defendant does not have to make any opening statement.  The opening statements are only intended to help you understand the evidence which will be introduced.  The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to support the charges in the Indictment.  After the government presents its evidence, the defendant may present evidence, but he is not required to do so.  The law does not require a defendant to prove his innocence or to produce any evidence.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case.  The lawyers' closing arguments, just like their opening statements, are not evidence in this case.  They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdicts shall be.  Your verdicts must be unanimous; that is, all twelve jurors must agree on the verdicts.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury.  My responsibility is to conduct this trial in an orderly, fair and efficient manner, to rule on legal questions which come up in the course of the trial, and to instruct you about the law which applies to this case.  It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case.  You -- and only you -- are the judges of the facts.  You alone determine the weight, the effect, and the value of the

evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide whether to believe any witness, and to what extent to believe any witness.

And remember, you must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, comment to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and exhibits. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection or the party he represents. Indeed, it is the lawyer's responsibility to object to evidence which he or she believes is not properly admissible.

If I sustain an objection to a question asked by a lawyer, you should forget about the question because the question is not evidence. You must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must forget about both the question and the answer that was stricken. You should follow this same rule if any of the exhibits is stricken.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty. On the other hand, if you find that the government has failed to prove any element of the charged offenses beyond a reasonable doubt, you must find the defendant not guilty.

During the course of this trial, you may hear certain tape recorded conversations which were obtained through the use of wire interceptions, commonly referred to as "wire taps." The term "intercept" means to obtain the contents of any wire or oral communication by using an intercepting device. The wire interceptions, or wiretaps, in this case were court-ordered, that is, they were approved by a judge, and the government's use of these interceptions was lawful.

During the course of this trial, you may also hear the phrase "consensual tape recording." This term should not be confused with the phrase "wire interception" or "wiretap." A wire

interception or wiretap is a court-ordered interception of communications which does not require the consent of the parties to the conversation. A consensual tape recording, on the other hand, is a recording where one party to the conversation consents to the conversation being tape recorded. It is lawful to conduct consensual tape recordings, and the other party or parties to the conversation do not have to consent to the taping. Consensual tape recorded conversations may occur over the telephone or face to face.

      You must not be influenced by the nature of the charges in arriving at your verdict. Your responsibility is to decide this case solely on the evidence presented in the courtroom. As a result, you must not conduct any independent investigation of your own of the case -- like going to visit the scene.

      In addition, you should disregard any statements made about the case by anyone outside the courtroom. You must not talk about the case with the lawyers, the defendant, witnesses, or anyone else connected with the case. If you see someone involved in this case, other than a fellow juror, outside the courtroom, you should not speak with that person about anything. If, at any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion. If you speak with someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new jury and start all over again. You must also completely disregard any press coverage, including newspaper, television or radio reports which you may read, see or hear. If you are exposed to any news reports inadvertently, you should immediately disregard them and direct your attention elsewhere.

      If you have heard any statements about the case, if anyone has tried to discuss the case with you or if you have been exposed to press coverage about the case, you must tell me about it immediately by informing the marshal or the courtroom clerk. You should not tell any of your fellow jurors or anyone else. *It is very important that you do not discuss it with your fellow jurors or with anyone else until I have spoken to you.* You should tell only me, the marshal, or the clerk.

      You must not discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. Until the case is submitted to you, you must not talk about it with your fellow jurors. You must not talk about the case to your friends or relatives, or even your spouse or partner, until it is over and you have completed your deliberations.

      After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

**Instruction 1.05**

## CAUTIONARY INSTRUCTION
## PRIOR TO FIRST RECESS

We are about to take our first break during the trial and it is important that you follow certain instructions whenever the court is in recess.

First, until I submit this case to you at the end of my final instructions, you must not discuss it with anyone -- not with the parties, witnesses, attorneys or anyone else connected with the case.  You must not even discuss it with your fellow jurors, friends or family members.  To be fair to both the government and the defendant, you should keep an open mind throughout the trial.  You should reach your conclusion only during the final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions to you on the law.

Second, do not permit any other person to discuss the case in your presence.  This applies to anyone, including members of your family, friends or relatives, courtroom spectators, witnesses, reporters and parties to this case.  If anyone attempts to discuss the case with you, tell them not to talk to you.  If anyone attempts to discuss the case with you or you overhear any discussion of the case, you must report that fact to me as soon as you can.  However, you should not discuss with any of your fellow jurors the fact that someone tried to discuss the case with you or that you overheard a discussion, nor should you discuss with them any other fact that you feel necessary to bring to the court's attention.  If you need to advise me of such matters, please do so through the marshal or clerk.

Finally, although it is a natural human tendency to talk with people with whom you may be thrown into contact, you must not talk to any of the parties or their attorneys or any witness in this case during the time you serve on this jury.  If you encounter anyone connected with the case outside the courtroom, you should avoid having a conversation with them, overhearing their conversation or having any contact with them at all.  For example, if you inadvertently find yourself in a courthouse corridor, elevator, the cafeteria or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions.  If you do overhear a discussion about the case, you should report that to me as soon as you can.  Finally, if you see an attorney or witness involved in the case and they turn and walk away from you, they are not being rude.  They are merely trying to avoid any contact with you as I have instructed them.

**Instruction 1.22**

**A JUROR'S RECOGNITION OF A WITNESS
OR OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

**Instruction 2.01**

**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you.  You should consider all the instructions as a whole.  You may not ignore any instruction, or question the wisdom of any rule of law.

**Instruction 2.02**

**FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy or favoritism. You should not be improperly influenced by anyone's race, ethnic origin or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

**Instruction 2.03**

**JURY'S RECOLLECTION CONTROLS**

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations.

**Instruction 2.04**

**EVIDENCE IN THE CASE --**
**JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case was the sworn testimony of the witnesses, the exhibits which were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated -- that is, agreed to -- certain facts.  Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

**Instruction 1.04**

**DEFINITIONS**

A.    <u>STIPULATION OF FACT</u>

The government and the defendant may stipulate -- that is, agree -- to certain facts.  Any stipulation of fact is undisputed evidence, and you may consider it proven.

B.    <u>STIPULATION OF TESTIMONY</u>

The government and the defendant may stipulate -- that is, agree -- to what testimony a particular witness would have given if he or she had testified in this case.  You may consider stipulated testimony as exactly what this witness would have said had he or she testified.

C.    <u>JUDICIAL NOTICE</u>

The court may take judicial notice of public acts, places, facts and events which are matters of common knowledge or which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  When the court takes judicial notice of a particular fact, you may regard that fact as proven evidence.  However, you are not required to accept as conclusive any fact judicially noted because you are the sole judges of the facts.

**Instruction 1.07**

**QUESTION NOT EVIDENCE**

Sometimes a lawyer's question suggests that something is a fact.  Whether or not something is a fact depends on the witness's answer -- not the lawyer's question.  A lawyer's question is not evidence.

**Instruction 2.05**

**STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.

**Instruction 2.06**

**INDICTMENT OR INFORMATION NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime to bring him to trial.  You must not consider the indictment as evidence of any kind -- you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

**Instruction 2.07**

**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper.  You must not be prejudiced against the lawyer who made the objections.  It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are not evidence and you must not consider them in your deliberations.

**Instruction 1.08**

**EXPERT TESTIMONY**

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions. But there is an exception to this rule for expert witnesses. Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling. They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted _____ to testify as an expert concerning _____. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

**Instruction 2.08**

**BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him/her guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

**Instruction 2.09**

**REASONABLE DOUBT**

~~Reasonable doubt, as the name implies, is a doubt based on reason, a doubt for which you can give a reason. It is such a doubt as would cause a juror, after careful and candid and impartial consideration of all the evidence, to be so undecided that he or she cannot say that he or she has an abiding conviction of the defendant's guilt. It is such a doubt as would cause a reasonable person to hesitate or pause in the graver or more important transactions of life. However, it is not a fanciful doubt, nor a whimsical doubt, nor a doubt based on conjecture. It is a doubt which is based on reason. The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty. Its burden is to establish guilt beyond a reasonable doubt.~~

*As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.*

*Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.*

**Instruction 2.10**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may find the truth as to the facts of a case -- direct evidence and circumstantial evidence. When a witness asserts actual knowledge of a fact, such as an eyewitness, that witness's testimony is direct evidence. A chain of facts and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence. The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial.

**Instruction 2.11**

**CREDIBILITY OF WITNESSES**

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.13**

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.

**Instruction 2.14**

**NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge would affect your ability to render a fair and impartial verdict. There was a reason for that question. You must not allow the nature of the charge itself to affect your verdict. You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

**Instruction 2.26**

**POLICE OFFICER'S TESTIMONY**

A ~~police officer's~~ law enforcement officer's or agent's testimony should be considered by you just as any other evidence in the case.  In evaluating the ~~law enforcement officer's~~ credibility *of a law enforcement witness* you should use the same guidelines which you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a ~~police~~ *law enforcement agent or* officer.

**Instruction 2.27**

**FAILURE OF DEFENDANT TO TESTIFY**

Every defendant in a criminal case has an absolute right not to testify.  You must not draw any inference of guilt against the defendant because he did not testify.

**Instruction 2.28**

**DEFENDANT AS WITNESS**

The defendant has a right to become a witness in his own behalf.  His testimony should not be disbelieved merely because he is the defendant.  In weighing his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial.  As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

**Instruction 3.10**

**WIRE TAPS OR WIRE INTERCEPTIONS**

During the course of this trial, you ~~may hear~~ *heard* certain tape recorded conversations which were obtained through the use of wire interceptions, commonly referred to as "wire taps." The term "intercept" means to obtain the contents of any wire or oral communication by using an intercepting device. The wire interceptions, or wiretaps, in this case were court-ordered, that is, they were approved by a judge, and the government's use of these interceptions was lawful.

**Instruction 3.11**

**CONSENSUAL TAPE RECORDINGS**


During the course of this trial, you ~~may also hear~~ *heard* the phrase "consensual tape recording." *As I told you at the beginning of the trial* this term should not be confused with the phrase "wire interception" or "wiretap." A wire interception or wiretap is a court-ordered interception of communications which does not require the consent of the parties to the conversation. A consensual tape recording, on the other hand, is a recording where one party to the conversation consents to the conversation being tape recorded.  It is lawful to conduct consensual tape recordings, and the other party or parties to the conversation do not have to consent to the taping. Consensual tape recorded conversations may occur over the telephone or face to face.

**Instruction 2.30**

**TRANSCRIPTS OF TAPE RECORDINGS**

Tape recordings of *telephone conversations in English*  identified by witnesses have been received in evidence.  Transcripts of these tape recorded *English* conversations are being furnished for your convenience and guidance as you listen to the tapes to clarify portions of the tape which are difficult to hear, and to help you identify speakers.  *Generally speaking* the tapes, ~~however,~~ are evidence in the case; the transcripts are not evidence.

*With regard to those transcripts which present conversations which took place in English, as I said a moment ago, those transcripts of the tape recordings have been furnished for your convenience and guidance as you listen to the tapes to clarify portions of the tape which are difficult to hear, and to help you identify the speakers in those conversations.*  If you perceive any variation between the transcripts and the tapes, you must be guided solely by the tapes and not by the transcripts.  If you cannot determine from the tape that particular words were spoken, you must disregard the transcripts so far as those words are concerned.

With respect to those conversations, you have heard testimony that many of those conversations were intercepted and recorded pursuant to the authorization of a judge of this court.  You are specifically instructed that the interception and recording of telephone conversations pursuant to court authorization and the use of those recordings in a trial such as this one is legal.  You must not concern yourself with the legality or propriety of such interceptions.

**Instruction 4.93**

**CONSPIRACY:  BASIC INSTRUCTION**

I am going to tell you about the charge of conspiracy to import, which is a separate charge from importation itself and about the charge of conspiracy to distribute and possess with intent to distribute which is a separate charge from distribution or possession with intent to distribute.  *Mr. Suggs, Mr. Glover and Mr. Parker are charged with possession with intent to distribute phencyclidine or distribution of phencyclidine and Mr. Glover is charged with possession of heroin.  These are separate charge from conspiracy to distribute and possess with intent to distribute phencyclidine.*  In deliberating on this conspiracy charge you must consider each defendant individually, to decide whether the government has proved each of the elements as to that person.

Each of the defendants is charged with conspiring to distribute and possess with intent to distribute phencyclidine.  It is against the law to agree with someone to commit the crimes of distribute and possess with intent to distribute phencyclidine.  The government is not required to prove that the objective was achieved.  To find *any of* the defendants guilty of the crime of conspiracy, you must be convinced that the government has proved each of the following ~~three~~ two elements, beyond a reasonable doubt:

First, that between August 1, 2005 and June 11, 2007 an agreement existed between two or more people, to commit the  crimes of distribute and possess with intent to distribute phencyclidine.  This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details.  On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to  distribute and possess with intent to distribute phencyclidine.  It is enough that the government prove beyond a reasonable doubt that there was a common understanding among those who were involved to commit the  crimes of distribute and possess with intent to distribute phencyclidine.  So, the first thing that must be shown is the existence of an agreement.

Second, the government must prove that the defendant intentionally joined in that agreement.  It is not necessary to find he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it.  Even if the defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement.  Different people may become part of the conspiracy at different times.

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So the second thing that must be shown is that the defendant was part of the conspiracy.

~~Third, the government must show that one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This something is referred to as an overt act. The government must show that one of the people involved in the conspiracy did one of the overt acts in order to carry out the conspiracy. The charged overt acts are _____. The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, you must all agree on at least one overt act that was done.~~

A conspiracy can be proved indirectly, by facts and circumstances which lead to a conclusion that a conspiracy existed. But it is up to the government to prove that such facts and circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of all the alleged participants. In deciding whether the defendant became a member of that conspiracy, you may consider only the acts and statements of that particular defendant.

In summary, a conspiracy is a kind of partnership in crime. For any defendant to be convicted of the crime of conspiracy *as charged Count One*, the government must prove ~~three~~ two things beyond a reasonable doubt: first, that between August 1, 2005 and June 11, 2007, there was an agreement to distribute and possess with intent to distribute phencyclidine; *and* second, that the defendant intentionally joined in that agreement~~; and third, that one of the people involved in the conspiracy did one of the overt acts charged~~. *As you may recall, one or more of the defendants is charged with distribution of a controlled substance or possession with intent to distribute a controlled. So that you may understand the conspiracy charged, I will now explain for you the elements of those offenses which are also the objects of the conspiracy charged. Remember, with respect to the conspiracy, the government need not prove that all the elements of the crime or crimes which were the object of the conspiracy were committed. With respect to the conspiracy the government must prove beyond a reasonable doubt only the elements of the offense of conspiracy. However, when you consider those charges in Counts Two, Six, Seven, Eight and Nine remember that to find a defendant guilty of those charges you must find that the government has proven beyond a reasonable doubt all the elements of the offenses charged in those counts.*

**Instruction 4.30**

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**

Mr. Parker is charged in Count Seven with distribution of phencyclidine on January 4, 2007 and Mr. Suggs is charged in Counts Eight and Nine with distribution of phencyclidine on November 27, 2006 and August 23, 2006, respectively.   The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1.      That the defendant distributed a controlled substance.  Distribute means to transfer or attempt to transfer to another person.  The government need not prove that the defendant received or expected to receive anything of value in return.

2.      That the defendant distributed the controlled substance knowingly and intentionally.  This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The law makes phencyclidine a controlled substance.  You must decide whether the material was phencyclidine.  In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.  The government need not prove that the defendant distributed any particular numerical amount of phencyclidine, but it must prove beyond a reasonable doubt that the defendant distributed a detectable or measurable amount of phencyclidine.

You need not find that the offense involved any particular amount of a mixture or substance containing a controlled substance in order to find the defendant guilty of the offense of distribution of a controlled substance.  The specific amount of controlled substance involved is not an element of the offense of distribution of a controlled substance or possession with intent to distribute a controlled substance.  Similarly, the specific amount of controlled substance involved is not an element of the offense of conspiracy.  If, however, you find one of the defendants guilty of the offense of conspiracy to distribute or possess with intent to distribute phencyclidine as charged in Count One of the Indictment, you must determine beyond a reasonable doubt whether the total amount of the mixture or substance containing the particular controlled substance involved in the offense was the amount charged in the Indictment.  Similarly, if you find Mr. Suggs guilty of possession with intent to distribute phencyclidine as Charged in Count Six of the Indictment, you must determine beyond a reasonable doubt whether the total amount of the mixture or substance containing the particular controlled substance involved in that offense was the amount charged in the Indictment.  If your answer to any of those questions regarding the amount involved is "No," you may have to determine beyond a reasonable doubt whether the total amount of the mixture or substance containing the particular controlled substance involved in the offense was a lesser amount than charged in the Indictment.  An affirmative answer to any

of those questions must be unanimous.  The verdict form will help you answer these questions in a logical order.

**Instruction 4.29**

**POSSESSION OF CONTROLLED SUBSTANCE**
**WITH INTENT TO DISTRIBUTE**
21 U.S.C. § 841(a)(1)

Mr. Suggs is charged in Count Six and Mr. Glover is charged in Count Two with possession with intent to distribute phencyclidine on or about March 27, 2007 and June 11, 2007, respectively.  The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1.      That the defendant possessed a controlled substance;

2.      That the defendant did so knowingly and intentionally.  This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3.      That when the defendant possessed the controlled substance, he had the specific intent to distribute it.  Distribute means to transfer or attempt to transfer to another person.

The law makes phencyclidine a controlled substance.  You must decide whether the material in question was phencyclidine.  In doing that, you may consider all evidence that may help you, including exhibits, and expert and non-expert testimony.  The government need not prove that the defendant possessed any particular numerical amount of phencyclidine, but it must prove beyond a reasonable doubt that he possessed a detectable or measurable amount of phencyclidine.

**Instruction 4.29**

**POSSESSION OF CONTROLLED SUBSTANCE**
21 U.S.C. § 844(a)

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are

1.    That the defendant possessed a controlled substance; and

2.    That the defendant did so knowingly and intentionally.  This means consciously, voluntarily, and on purpose, not mistakenly, accidentally or inadvertently.

The law makes phencyclidine a controlled substance.  You must decide whether the material was phencyclidine.  In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.  The government need not prove that the defendant possessed any particular numerical amount of phencyclidine, but it must prove beyond a reasonable doubt that he possessed a detectable or measurable amount of phencyclidine.

**Instruction 4.79**

**POSSESSION OF FIREARM AFTER**
**CONVICTION OF FELONY**
18 U.S.C. §§ 922(g)(1)

Mr. Glover is Charged in Counts Four and Five with possession on June 19, 2007 of separate firearms after conviction of a felony.  The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1.      That the defendant knowingly possessed a firearm, that is, a shotgun and a rifle;

2.      That the firearm had been shipped or transported from one state to another; and

3.      That, at the time the defendant possessed the Ithaca shotgun, serial number 217112F and Winchester .22 caliber rifle, serial number B175102, the defendant had been convicted of a felony, that is, unlawful distribution of phencyclidine.

The term "shotgun" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.  The term "rifle" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire only a single projectile through a rifled bore for each single pull of the trigger.

The term "felony" means any offense punishable by imprisonment for a term exceeding one year.  You are instructed as a matter of law that unlawful distribution of phencyclidine is a felony.

An act is done knowingly if the defendant was conscious and aware of his/her act, realized what s/he was doing, and did not act because of mistake, inadvertence, or accident.

It is necessary that the firearm which the defendant allegedly possessed have traveled or been transported in interstate commerce.  Property is in interstate commerce if its movement originates in one state and passes through another state.  The District of Columbia is considered a state for this purpose.  The interstate character of transport begins when the property is set aside for interstate transportation and comes into the possession of those who are assisting its movement in interstate transportation, and continues until the property arrives at its destination and is delivered.

The government may meet its burden of proving a connection between interstate commerce and possession of a firearm by a convicted felon if it is demonstrated that the firearm

possessed by a convicted felon had previously travelled in interstate commerce.  It is not necessary that the government prove that the defendant purchased the gun in some state other than that where he was found with it or that he carried it across a state line, nor must the government prove who did purchase the gun.  It is necessary only that the government prove that the defendant, having previously been convicted of a felony, knowingly possessed a firearm that, at some time, had previously traveled in interstate commerce.

**Instruction 3.08**

**POSSESSION -- DEFINED**

There are two kinds of possession: actual and constructive.  A person has actual possession of something if he has direct physical control over it.  He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession.  To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the controlled substance, alone or with someone else.

**Instruction 3.02**

**PROOF OF STATE OF MIND**

Someone's intent ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind.  But you may infer the defendant's intent from the surrounding circumstances.  You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**Instruction 3.07**

**"ON OR ABOUT" -- PROOF OF**

You will note that the indictment charges that the offenses were committed "on or about" a particular date or dates.  The proof need not establish with certainty the exact date of the alleged offenses.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

**Instruction No. 2.51(B)**

## EVIDENCE OF OTHER CRIMES ADMITTED TO SHOW
## INTENT/ABSENCE OF MISTAKE OR ACCIDENT

You have heard evidence that the defendants have been previously convicted of crimes involving the possession with intent to distribute controlled substances. It is up to you to decide whether to accept that evidence.

Before you consider that evidence however, you must first decide, without considering that evidence at all, whether the government has proved beyond a reasonable doubt that the defendant committed the acts constituting the charged offenses. If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting the charged offenses, you may then go on to consider the evidence that the defendants have been previously convicted of crimes involving the possession with intent to distribute controlled substances.

If you consider the evidence that the defendant have been previously convicted of crimes involving the possession with intent to distribute controlled substances, you may use the evidence of those previous instances of possession with intent to distribute controlled substances only to help you decide whether the government has proved beyond a reasonable doubt that the defendant had the specific intent to distribute controlled substances and acted knowingly and on purpose, and not by mistake or by accident in the matters charged in this Indictment.

You may not consider this evidence for any other purpose. The defendants have not been charged with any offense relating to their prior possession of a controlled substance, and you may not consider this evidence to conclude that the defendants have a bad character, or that the defendants have a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case. Specifically, you may not consider this evidence in deciding whether the government has proved that the defendant committed the acts constituting the charged offenses, and you may not conclude from this evidence that because the defendant may have been convicted of possession of a controlled substance in the past that he also committed the acts charged in the Indictment.

You may only consider the evidence for the limited purpose of showing whether the defendants, if they did commit the acts charged in this Indictment, did so with the specific intent to distribute a controlled substance and did not do so by accident or mistake.

**Instruction 2.52**

**MULTIPLE COUNTS -- ONE DEFENDANT**

A separate offense is charged in each of the counts of the indictment which you are to consider.  Each offense, and the evidence which applies to it, should be considered separately, and you should return separate verdicts as to each count.  The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not control your verdict with respect to any other count or counts of the indictment.

**Instruction 2.71**

**ELECTION OF FOREPERSON**

When you return to the jury room, you should first select one of your members to be the foreperson.  The foreperson should preside over your deliberations and will be your spokesperson here in court.

**Instruction 2.72**

**UNANIMITY**

The verdicts must represent the considered judgment of each juror.  In order to return verdicts, each juror must agree to the verdicts.  Your verdicts must be unanimous.  *The verdict form will help you answer these questions in a logical order.*

**Instruction 2.92**

**PARTIAL VERDICT**

However, you do not have to reach unanimous agreement on all of the charges before returning a verdict on some of them.  If you have reached unanimous agreement on some of the charges, you may return a verdict on those charges, and then continue deliberating on the others. *To assist you in returning your verdicts I have provided you with a verdict form to record your verdict once you have reached a unanimous verdict on any count or counts of the Indictment. The verdict form is intended only to assist you and I caution you  that nothing in the verdict form is intended to suggest or convey any opinion by me  regarding what the verdict should be.  When you examine the form you will notice that it merely lists each count of the indictment and for each count of the indictment it contains a blank to record a verdict of either  guilty or not guilty. Once you have reached a unanimous verdict on any count or counts, record that verdict by placing a check or an "X" in the appropriate blank or blanks.  Before the jury returns to the courtroom to announce your verdicts, your foreperson should sign the verdict form on the line provided for his or her signature and fill in his or her jury seat number.*

*Let me describe briefly the procedure by which we will receive your verdicts.  When you advise me through a note that you have reached a unanimous verdict on any count or counts, I will assemble all the parties and the courtroom staff.  Once the parties and staff  are all here, the jury will return to the courtroom.  Your foreperson will be asked if you have reached a unanimous verdict.  The clerk will ask for your verdict form and once I have examined the form, it will be returned to your foreperson and the foreperson will be asked to announce the verdict or verdicts.  You will then be asked if the verdict as announced by your foreperson is your unanimous verdict.     Either party is then entitled to a poll of the jury  if they wish in order to be sure that the jury's verdict is unanimous.  If a party requests a poll, the clerk will read your verdict as recorded. Each juror will then be called by his or her seat number and  asked individually if this is his or her verdict.  You should remain seated and you need only respond yes or no when your seat number is called.*

**Instruction 2.73**

**EXHIBITS DURING DELIBERATIONS**

I am not sending the exhibits that have been admitted into evidence with you as you start your deliberations. ,  However, you are entitled to see any or all of these exhibits as you deliberate.  I suggest that you begin your deliberations and then, if it would be helpful to you, you may ask for any or all of the exhibits which have been admitted into evidence simply by sending me a note from your foreperson through one of the marshals.

*As a matter of safety, if any juror or jurors wishes to examine any of the narcotics or the firearms, a Marshal will bring the exhibit into the jury room and remain in the room with the door open while you examine it. When you have finished he will take the exhibit with him and close the door behind him.  You should be careful not to deliberate or discuss the evidence in any way while the door is open.*

*If at any time you wish to hear any of the recordings of the conversations which were admitted into evidence, please send a note through the Marshal describing as best you can which calls you wish to hear.  We will assemble the parties and coordinate the recordings so you may hear them in the courtroom.  You will be provided with the transcripts to assist you in listening to the calls but remember, those transcripts of the tape recordings have been furnished for your convenience and guidance as you listen to the tapes to clarify portions of the tape which are difficult to hear, and to help you identify the speakers in those conversations.  If you perceive any variation between the transcripts and the tapes, you must be guided solely by the tapes and not by the transcripts.  If you cannot determine from the tape that particular words were spoken, you must disregard the transcripts so far as those words are concerned.  Again, you should be careful not to deliberate or discuss the evidence in any way until you are in the jury room and the door is closed.*

**Instruction 2.74**

**POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way.  The duty of imposing sentence in the event of conviction rests exclusively with me.  You should weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

**Instruction 2.75**

## COMMUNICATIONS BETWEEN COURT AND JURY
## DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me by any means other than a signed note and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how the jury stands on the question of the defendant's guilt or innocence until after you have reached a unanimous verdict. This means, for example, that you never should state to the court that the jury is divided 6 to 6, 7 to 5, 11 to 1, or in any other fashion, whether for conviction or acquittal.

**Instruction 2.76**

**FURNISHING THE JURY WITH A COPY OF
THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No. 07-152 (ESH)** |
| | **:** | |
| **ANTHONY MAURICE SUGGS,** *et al.*, | **:** | |
| **Defendants.** | **:** | |

## GOVERNMENT'S NOTICE OF FILING

# ATTACHMENT D

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**JUDGE ELLEN SEGAL HUVELLE**

Case No. 07-152

**UNITED STATES OF AMERICA,**

**vs.**

**ANTHONY MAURICE SUGGS, *et al.*,**

**Defendants**

## <u>WRITTEN VOIR DIRE</u>

**TO THE PROSPECTIVE JUROR:**

You have been selected as a prospective juror in the case of *United States of America v. Anthony Maurice Suggs, James Lawrence Parker, Ernest Milton Glover, Glendale Earl Lee,* and *Helery Price.* Those selected as members of the jury will live at home and have their evenings and weekends free to themselves. Your contact with other people will not be restricted, although you will, of course, not be permitted to talk about the case with anyone, or read, listen to, or watch any press coverage the case might receive.

The information which you give in your answers to this questionnaire will be used only by the Court and the parties to select a qualified jury. The purpose of this questionnaire is to save time and avoid jurors having to sit and wait before they answer these or similar questions in person. After a jury has been selected, all copies of your response to this questionnaire will be returned to the Clerk of the Court and kept in confidence, under seal, not accessible to the public or the media. The attorneys are under orders to maintain the confidentiality of any information they learn in the course of reviewing this questionnaire.

Each of the defendants has been charged by the United States with violating certain federal laws between 2003 and 2005. The government alleges that the defendants belonged to an organization in which they agreed to work together to possess and distribute drugs. Each defendant denies each charge and maintains his innocence. A more detailed description of the charges will be given at the beginning of the trial. The trial is expected to last until approximately the second week in March, 2008. The Court will not sit on federal holidays or on Fridays during weeks when there is no holiday. This questionnaire is being distributed to you to assist the Court in selecting a jury to hear this case and for determining your availability to serve as a juror.

The only purpose of this questionnaire is to encourage your full expression and candor so that all parties have a meaningful opportunity to select a fair and impartial jury to try the issues of this case. Your full written answers will save all the parties, the Court, and yourself, a great deal of time. Please do not discuss with anyone any question or answer you give on this questionnaire. You are expected to sign the questionnaire, using only your juror number, your answers will have the effect of a statement under oath. Your answers to these questions will only be used in court.

Please answer each question below as completely and accurately as you reasonably can. Do keep in mind that there are no "right" or "wrong" answers, only complete and incomplete answers. Please fill out the entire questionnaire. Do not leave any questions blank. If a question does not apply to you in any way, write "N/A" rather than leaving the form blank. If you cannot answer a question because you do not understand it, write "Do not understand" in the space after the question. If you cannot answer a question because you do not know the answer, write "Do not know" in the space after the question. If you need extra space to answer any question, please use the extra blank sheets of paper included at the end of the questionnaire. Be sure to indicate on the blank page the

number of the question you are answering. Please write or print legibly using a black or blue pen. If your answers are illegible, you may be required to re-copy your answers. Do not write anything on the back of any page. **Please write your Juror number at the top of each page**.

When the jury selection process begins in court, you may be asked some follow-up questions based on one or more of your answers to the questionnaire. Please understand that if there is any personal or confidential information that you wish to discuss privately with the Court and counsel, you will have an opportunity to do so in the oral questioning once the selection process begins.

In addition, now that you are a prospective juror, you MUST follow the instructions listed below until you have been excused from further service in this case.

> **DO NOT** read anything whatsoever about this case. Please avoid any newspaper accounts that may relate to this case including articles relating to crime in the District of Columbia.

> **DO NOT** read or listen to any news accounts whether in a newspaper, on the television, or on the radio concerning this case or about any of the defendants, Anthony Maurice Suggs, James Lawrence Parker, Ernest Milton Glover, Glendale Earl Lee, and Helery Price.

> **DO NOT** at any time discuss this case with anyone, including your friends, family members, or other members of this jury panel.

> **DO NOT** let anyone, including friends, family members, court personnel, parties in this case, or persons involved in the case, talk to your about your views or any aspect of this case except officially in the courtroom.

Thank you for your cooperation with these instructions and for your careful and honest responses to the questionnaire. Your forthright and full cooperation is of vital importance to the Court and the parties.

_____

ELLEN S. HUVELLE
United States District Judge

Juror No.:_____

## I. PRELIMINARY MATTERS

1.    The trial in this case may last until the second week of March, 2008.  The jury will generally sit Monday through Thursday from 9:30 a.m. to 5:00 p.m.  If selected as a juror is there any  reason why you would be unable to serve?  If yes, please explain:

_____
_____
_____

2.    Do you have any medical condition that would make it difficult for you to serve as a juror?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If yes, please explain:_____
_____
_____

3.    Are you currently taking any medication on a regular basis which would interfere with your ability to serve as a juror in this case?  If yes, please explain and state the name of the medication.

_____
_____

4.    Does any member of your household have any chronic or major health problem(s) that would interfere with your service as a juror?  If yes, please explain.

_____
_____

5.    Prior to today, have you asked to be excused from this jury panel?   If yes, on what basis?

_____
_____

6.    What is the condition of your hearing?
\_\_\_\_    No problems at all
\_\_\_\_    Have difficulty hearing
\_\_\_\_    Have problems, but they are corrected with a hearing aid.

7.    What is the condition of your eyesight?
\_\_\_\_    No problems at all
\_\_\_\_    Have difficulty seeing
\_\_\_\_    Have problems, but they are corrected by glasses or contact lenses.

1

Juror No.:_____

8.      Do you read, speak and understand English?
        ____    Yes
        ____    With difficulty
        ____    No

9.      Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person?  If yes, please explain.

        _____
        _____

## II.      BACKGROUND

10.     What is your age and date of birth?_____dob:_____

11.     Place of Birth: _____
                (City)              (State)                 (Country)

12.     What is your gender?    _____ Male        _____ Female

13.     What is your race or ethnic background?    _____

14.     What is your current marital status?    _____

## III. RESIDENCE

15.     How long have you lived at your current address?    _____

16.     What ward of the city do you live in?  _____

17.     What is your neighborhood called?    (e.g. Shaw, Adams Morgan, Georgetown)
        _____

18.     How long have you lived in Washington?_____

19.     Which of the following best describes your type of residence?

        _____Own home                  _____ Rental apartment
        _____Own apartment/condo       _____ Live with relative or friend
        _____Rental house              _____ Other (please specify): _____

2

Juror No.:_____

20.    In what other cities, towns, or areas have you maintained your residence and when did you live there?  (Please note if these places are in another state or country.)

_____
_____
_____

## IV. EDUCATION

21.    Please check the level of education for you and your spouse or significant other.

|  |  |  | You | Spouse/Signif Other |
|---|---|---|---|---|
| _____ | (a) | Grade school or less | _____ | _____ |
|  | (b) | Some high school | _____ | _____ |
|  | (c) | High school graduate | _____ | _____ |
|  | (d) | Technical or business school | _____ | _____ |
|  | (e) | Some college | _____ | _____ |
|  | (f) | College degree | _____ | _____ |
|  | (g) | Graduate degree | _____ | _____ |

22.    If you attended high school in Washington, D.C., what high school(s) did you attend?

_____
_____

23.    If you attended college or graduate school anywhere, what college(s) or school(s) did you attend, what did you study, and what degree or certificate did you receive?

| College or School | Area of Study | Degree or Certificate |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

24.    Do you plan to attend school in the future?  If yes, what do you plan to study?

_____

25.    Describe any special training or skills that you have.

_____
_____
_____

26.    Are you attending school now?

_____ Yes    _____ No

3

Juror No.:_____

27.    Have you, any members of your family, or any close friends ever attended law school, taken paralegal course work, participated in a clinical program involving criminal law issues, or received any other type of legal training?  If yes, please describe.

_____
_____
_____

28.    Have you ever served in the armed forces?  If yes, please indicate the branch of service and your highest rank, and the dates and places of your service.

_____
_____
_____

## V. EMPLOYMENT

29.    What is your occupational status?  (Check all that apply.)

| | | |
|---|---|---|
| _____ Work full-time outside the home | _____ Student | |
| _____ Work part-time outside the home | _____ Retired | |
| _____ Full-time homemaker | _____ Disabled | |
| _____ Homemaker with part-time employment | _____ Other: _____ | |
| _____ Unemployed | _____ | |

30.    Without stating the name of your employer, please describe what you do and how long you have been employed with your current employer.  If self-employed, please so indicate:

_____
_____
_____.

31.    List your previous three jobs, beginning with the most recent.

Type of Employment          Position     Dates                Reason for Leaving

a._____

b._____

c._____

4

Juror No.:_____

32.   Again, without stating the name of the employer, please describe your spouse/partner's current employment.  Also state how long your spouse/partner has been employed there.

_____
_____
_____

33.   What kind of work did he/she do in the past?  _____
_____
_____

34.   Have you, any members of your family, or any close friends ever been employed by, or made or have pending any application for employment with, any local, state, or federal law enforcement or private security agency, including, but not limited to, the following (check as many as  apply  for each  category):

|  | Self | Family Member | Close Friend | Position |
|---|---|---|---|---|
| F.B.I. | ____ | ____ | ____ | _____ |
| U.S. Attorney | ____ | ____ | ____ | _____ |
| District Attorney or Assistant District Attorney | ____ | ____ | ____ | _____ |
| Internal Revenue Service | ____ | ____ | ____ | _____ |
| Drug Enforcement Administration | ____ | ____ | ____ | _____ |
| Central Intelligence Agency | ____ | ____ | ____ | _____ |
| National Security Agency | ____ | ____ | ____ | _____ |
| Department of Justice | ____ | ____ | ____ | _____ |
| Military Police | ____ | ____ | ____ | _____ |
| Correctional Officer | ____ | ____ | ____ | _____ |
| Bureau of Prisons | ____ | ____ | ____ | _____ |
| Parole or Probation Office | ____ | ____ | ____ | _____ |
| State Trooper | ____ | ____ | ____ | _____ |
| Any Police Department | ____ | ____ | ____ | _____ |
| Sheriff's Department | ____ | ____ | ____ | _____ |
| U.S. Marshals Service | ____ | ____ | ____ | _____ |
| U.S. Secret Service | ____ | ____ | ____ | _____ |
| U.S. Customs Service | ____ | ____ | ____ | _____ |
| D.C. Jail/ Other Penal Institution | ____ | ____ | ____ | _____ |
| Federal Protection Service | ____ | ____ | ____ | _____ |

5

Juror No.:_____

| | | | | |
|---|---|---|---|---|
| Bureau of Alcohol, Tobacco, and Firearms | ____ | ____ | ____ | _____ |
| Investigator or volunteer for a prosecutor | ____ | ____ | ____ | _____ |
| Investigator or volunteer for any law enforcement agency | ____ | ____ | ____ | _____ |
| District of Columbia Office of the Attorney General | ____ | ____ | ____ | _____ |
| Other law enforcement or private security agency | ____ | ____ | ____ | _____ |

If you checked any category above, state whether your experience affected your view of law enforcement and, if so, please explain:

_____
_____
_____

35.    Have you, any members of your family, or any close friends ever been employed by, or made or have pending any application for employment with, any organization or firm involved in criminal defense work, including, but not limited to (check as many as apply for each category):

| | Self | Family Member | Close Friend | Position |
|---|---|---|---|---|
| Criminal defense law firm | ____ | ____ | ____ | _____ |
| Public Defender Office | ____ | ____ | ____ | _____ |
| Paralegal for defense attorney in a law firm or public defender | ____ | ____ | ____ | _____ |
| Investigator/intern/law clerk for defense attorney in a law firm or public defender | ____ | ____ | ____ | _____ |
| Any non-profit organization involving criminal law issues | ____ | ____ | ____ | _____ |

6

Juror No.:_____

Other criminal defense
organization not
listed above                    ____    ____    ____              _____

Any court system               ____    ____    ____              _____

If you checked any category above, state whether your experience affected your
view of the criminal justice system and, if so, please explain:

_____
_____
_____

## VI.  ACTIVITIES

36.    Please list your three favorite TV shows.

_____
_____
_____

37.    Do you ever watch TV programs that show "real life" police activities or actual court cases
       such as "Cops," "The Wire," "CSI," or programs on Court TV?  If so, list their names and
       how often you watch them.            _____ Yes            _____ No

_____
_____

38.    Please list any magazines to which you subscribe and/or regularly read.

_____
_____
_____

39.    How often do you read a newspaper?

_____

40.    To what organizations do you belong, donate your money, or volunteer your time?

_____
_____
_____

Juror No.:_____

## VII. LAW ENFORCEMENT OR LEGAL CONTACTS

41.  Do you or a close friend or family member belong to any group or organization that is active in political, law enforcement, crime victim prevention or rehabilitative matters? (i.e. Mothers Against Drunk Driving, the American Civil Liberties Union, Alcoholics Anonymous, Narcotics Anonymous, Fraternal Order of Police, Crimewatch, Crime Stoppers, Orange Hats, Parents Against Minimum Mandatory Sentences, crime victim or related groups, etc.)

_____Yes  _____No

If yes, please describe.

_____
_____

42.  Have you, any member of your family, or any close personal friend had any experiences (good or bad,  i.e. filing complaints, writing letter of commendation, lawsuits ) with any law enforcement agency or the government that would cause you to <u>favor or disfavor</u> the government or law enforcement?  If yes, please explain.

_____
_____
_____

43.  Have you, a member of your family or a close friend ever had a good or unpleasant experience with a lawyer (civil lawyer, prosecutor, criminal defense attorney or other members of the bar) that would cause you to favor or disfavor the defense?  If yes, please explain your answer.

_____
_____
_____

44.  Would you give law enforcement officers (MPD, FBI, DEA agents, *etc*.) who testify as witnesses in this case more credibility, less credibility, or the same credibility as any other witness?

_____    More credibility
_____    Less credibility
_____    Same credibility

Please explain:  _____
_____
_____

8

Juror No.:_____

45.    Have you, any members of your family, or any close friends ever:

|  |  | Self | Family Member | Close Friend |
|---|---|---|---|---|
| (a) | Been accused of a crime? | _____ | _____ | _____ |
| (b) | Been arrested and/or convicted of a crime? | _____ | _____ | _____ |
| (c) | Been a victim of crime? | _____ | _____ | _____ |
| (d) | Been a witness to crime? | _____ | _____ | _____ |
| (e) | Testified in court or before a grand jury as a witness to a crime? | _____ | _____ | _____ |

## VIII.   DRUGS AND DRUG USE

46.    Have you, your spouse/partner, any other family member or close personal friend, ever been an employee or a volunteer with any type of drug or alcohol treatment program?

_____ Yes     _____ No

If yes, please explain: _____
_____
_____

47.    Do you or any member of your immediate family or close personal friend belong to any church, group or other organization that is actively working to stop the sale or use of illegal drugs?

_____ Yes     _____ No

If yes, please explain: _____
_____
_____

48.    Have you, your spouse/partner, any other family member or close personal friend, ever been adversely impacted by illegal drugs, whether or not treatment in a drug/alcohol rehabilitation program was sought?

_____ Yes     _____ No

If yes, please explain: _____
_____

9

Juror No.:_____

49.    How serious a problem is the sale and use of illegal drugs in your neighborhood?  Would you say very serious, somewhat serious, or not serious at all? (Check one):

___ Very serious
___ Somewhat serious
___ Not at all serious

Please explain: _____
_____

50.    Do you have any opinion as to whether certain drugs that are now illegal should be legalized?  If yes, please explain.

_____
_____
_____

51.    As a result of any personal, family, or other experience, or any religious or moral belief or conviction, have you formed any opinion about persons who allegedly traffic in illegal drugs or narcotics that would affect your ability to sit as a fair and impartial juror?

_____ Yes        _____ No        _____ Not sure

Please explain.

_____
_____

## IX.  GUN CONSIDERATIONS

52.    Have you or any member of your family ever belonged to any kind of anti-gun or pro-gun club or organization, such as the National Rifle Association (NRA)?

_____Yes    _____No

If yes, please explain.

_____
_____

53.    Do you have any feelings about gun control?

_____Yes      _____ No

10

Juror No.:_____

Please explain.

_____
_____
_____

54.    Do you or any members of your immediate family have strong opinions or beliefs against the use and possession of handguns and ammunition?

_____Yes  _____ No

If yes, please explain.

_____
_____
_____

## X. JURY SERVICE AND THE LAW

55.    Have you ever served on a jury in a criminal case?  _____Yes  _____No

If yes, please answer the following questions:

a.    If you have been a juror in the past, please provide the following information.

| Year | Charges or Type of Case | Verdict Reached (Yes or No) | Acquit or Convict |
|------|------|------|------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

b.    Was there anything about that experience that left you disappointed or dissatisfied with our criminal justice system?  _____ Yes  _____ No

Please explain: _____
_____

56.    Have you ever served on a grand jury?

_____ Yes  _____ No

If yes, please state when, where and for how long you served on a grand jury:

_____

11

Juror No.:_____

_____

57.    When you feel you are correct, will you still listen to the arguments of others who do not agree with you?

_____ Yes    _____ No

If yes, are you sometimes persuaded to change your position?

_____ Yes    _____ No

58.    If someone disagrees with you, can you discuss your differences in a calm and respectful manner?

_____ Yes    _____ No

## XI. PUBLICITY AND DISCUSSION

59.    Have you read, heard, or overheard anything concerning this case in the news media? Please explain.

_____
_____

60.    Some of the events to be described during the trial are alleged to have occurred at the following locations.  Please place a check mark next to each location to which you, a member of your family, or close personal friend have a significant connection.
**(The government suggests that the parties provide this information to the Court by January 18, 2008.)**

## XII. ALLEGATIONS and TRIAL PROCEDURE

61.    This case involves alleged violations of conspiracy and narcotics laws.  Is there anything about the nature of these charges that make you feel it would not be possible for you to be an impartial and fair juror?

_____ Yes    _____ No    _____ Not Sure

Please explain:_____
_____
_____

12

Juror No.:_____

62.     Do you agree or disagree with the Government's use of undercover informants to investigate illegal drug distribution in and around the District of Columbia?     (Circle one answer)

Strongly Agree          Agree          Disagree          Strongly Disagree          No Opinion

63.     Do you agree or disagree with the Government's use of electronic surveillance such as telephone "wiretaps", and body bugs to record the conversations of people alleged to be involved in illegal drug distribution in the District of Columbia?

Strongly Agree          Agree          Disagree          Strongly Disagree          No Opinion

64.     Do you have any opinions about the government's use of witnesses who allegedly participated in some of the crimes charged in this indictment and who have entered into plea agreements with the government in exchange for their cooperation?

_____ Yes          _____ No          _____ Not Sure

Please explain:_____
_____
_____
_____

65.     Have you, any family members, or friends ever received any training in the use of electronic surveillance technology ("wiretaps", "bodybugs", etc.)?

_____ Yes          _____ No

If yes, Please explain.  _____
_____

66.     During the course of this trial, you will hear testimony about a substantial amount of trafficking in narcotics.  Will the testimony about a substantial amount of narcotics affect your ability to sit as a fair and impartial juror in this case.

_____ Yes          _____ No          _____ Not Sure

Please explain:  _____
_____

67.     If chosen as a juror would you be able to decide the case solely on the evidence and law as

13

Juror No.:_____

the Court has instructed you to do, without regard to sympathy, bias, or prejudice?

_____ Yes     _____ No     _____ Not Sure

Please explain:  _____

_____

68.    Under the law, you must presume each defendant is innocent, unless and until the government proves his guilt beyond a reasonable doubt.  Do you agree or disagree with this rule of law?  (Circle one answer)

Strongly Agree        Agree        Disagree        Strongly Disagree        No Opinion

69.    At the close of the trial, the Court will instruct the jury that the burden is on the government to prove each defendant guilty beyond a reasonable doubt.  This burden never shifts throughout the trial.  The law does not require the defendant to prove his innocence or to produce any evidence.  Do you agree or disagree with this rule of law? (Circle one answer)

Strongly Agree        Agree        Disagree        Strongly Disagree        No Opinion

70.    Because a defendant is presumed innocent, he is not obliged to testify or put on any evidence.  Would you view a defendant's decision not to testify or put on a defense as an admission of guilt?

___ Yes                    ___ No

71.    Each defendant is charged by way of an indictment.  An indictment is the formal way of charging an individual and is not evidence in a criminal case.  Does the fact that a defendant was indicted cause you to believe that he is probably guilty of that charge.

___ Yes                    ___ No

72.    Even though two  men are being tried together in this case, you will be instructed that you must consider the evidence offered against them on an individual basis.  That means that each one of these men, Antoine Jones and Lawrence Maynard, is entitled to have the charges against them considered by you as if each man were having a separate trial.  Do you believe you will have difficulty considering the evidence against each defendant individually?

_____ Yes        _____ No        _____ Not Sure

## XIII. SOCIOLOGICAL CONSIDERATIONS

14

Juror No.:_____

73.    Have you had any experience, positive or negative, involving a person whose race, gender, nationality or religion is different than yours, which may affect your ability to be a fair and impartial juror in this case?  If yes, please explain:

_____

_____

## XIV. MENTAL HEALTH ISSUES and OPINIONS

74.    Have you, for any reason, sought, or has it been recommenced that you seek counseling, treatment or consultation with any mental health professionals?

Yes ____                    No ____

If yes, please explain:_____

_____

75.    Have you ever received in-patient treatment for any type of mental or psychiatric condition or as treatment for alcoholism or drug abuse?

Yes ____                    No _____

If yes, please describe:_____

76.    Do you now take any prescription drug or other medication to alleviate the symptoms of any type of nervous, behavioral or mental health condition?

Yes _____                    No _____

If yes, please describe:_____

_____

## XV.  CONTACT WITH PARTIES AND WITNESSES

77.    The two defendants at trial are:

Anthony Maurice Suggs
James Lawrence Parker
Ernest Milton Glover
Glendale Earl Lee
Helery Price

15

Juror No.:_____

Do you know or have you had contact with any of the individuals named as a defendant? If yes, please explain: _____

_____

78.    In this case, the government will be represented by two Assistant United States Attorneys. They work at 555 4th Street, NW, Washington, D.C., 20001. Do you know or have you had contact with either of the individuals named below?

> Assistant United States Attorney Anthony Scarpelli
> Assistant United States Attorney John K, Han

If yes, please explain.

_____

_____

79.    The two defendants in this case are represented by individual lawyers. Do you know or have you ever had any contact, whether social or professional, with any of the following attorneys (Please circle name):

Patrick Donahue, Esquire                    1100 H Street, N.W.
(For Anthony Maurice Suggs)                  Annapolis, Maryland, 20000

James W. Rudasill, Jr., Esquire              601 Indiana Avenue, N.W.
(For James Lawrence Parker)                  Washington, D.C. 20004

H. Heather Shaner, Esquire                   1702 S. Street, N.W.
(For Ernest Milton Glover)                   Washington, D.C. 20009

Frederick Jones, Esquire                     5901 Montrose Rd.,
(For Glendale Earl Lee)                      Rockville, Maryland 20852

Richard K. Gilbert, Esquire                  601 Pennsylvania Avenue, N.W.
(For Helery Price)                           Washington, D.C. 20001

If yes, please indicate the period of time that you have known that person and the circumstances under which you know that person, e.g., socially, professionally, friend, acquaintance, etc.

_____

_____

_____

16

Juror No.:_____

80. Do you personally, or does any immediate family, or close friend, know or have any past or present connection (personal, business, or social) with Judge Ellen S. Huvelle?

(    ) Yes                (    ) No

## XVI.  CONCLUSION

81. Do you know of any reason whatsoever why you cannot sit as a fair and impartial juror in this case?

_____Yes  _____No  _____ Maybe

Please explain:_____
_____
_____
_____

Please explain:_____
_____
_____

82. When the time comes for oral questioning of the jurors at the beginning of the trial, you will have the opportunity to discuss privately with the Court and the attorneys in the case any answer which would require you to reveal information you consider personal and private and which you would not want to reveal publicly in open court.  Would any of the above questions require you to receal confidential and personal information which you would like to keep private?          _____ Yes          _____ No

If yes, please list the numbers of the questions that concern you: _____

17

Juror No.:_____

**SIGNATURE**

      I, Juror No. _____, hereby declare under penalty of perjury that the foregoing answers set forth in this juror questionnaire are true and correct to the best of my knowledge and belief.  I have not discussed my answers with others, or received assistance in completing the questionnaire.  I have answered all of the above questions in this jury questionnaire myself.

      Executed in the District of Columbia, this \_\_\_\_\_ day of November, 2007.

_____
JUROR NUMBER

18

Juror No.:_____

PLEASE USE THESE PAGES TO CONTINUE ANY OF YOUR ANSWERS TO THE ABOVE

QUESTIONS.  **BE SURE TO INDICATE THE NUMBER OF THE QUESTION YOU ARE**

**ANSWERING:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Juror No.:_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Juror No.:_____

**POSSIBLE WITNESSES**

Set forth below is a list of people who will either be witnesses in this case or will be discussed

during trial.  Please review the list of names and circle any names that you recognize or know.

**(The government proposes that all parties provide the Court with a list of their witnesses**

**on January 18, 2008)**

21