UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 07-152 (ESH) |
| | : | |
| ANTHONY MAURICE SUGGS, *et al.*, | : | |
| Defendants. | : | |

GOVERNMENT'S SUPPLEMENT TO ITS OPPOSITION TO
DEFENDANT'S JOINT MOTION TO SUPPRESS WIRETAP EVIDENCE

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits the following supplement to its opposition to defendants' Joint Motion to Suppress Wiretap Evidence. At the status hearing on December 7, 2007 Mr. Gilbert on behalf of the defendants discussed the government's offer to the defendants to submit an edited version of one of the periodic reports in these court authorized electronic surveillance of communications over defendant Suggs' cellular telephone. Defendants erroneously contend that the monitors conducting interceptions over defendant Suggs' cellular telephone as an example of Judge Collyer's supervision of the government's performance. We have attached hereto an edited version of the First Periodic Report submitted to Judge Collyer. Each of the numbered paragraphs was followed by a summary of one or more pertinent calls monitored on the date in question. As the Court can see from the reference in the "Authorization" to a total of 21 pages, the summaries were

somewhat detailed, running for a total of 14 additional single spaced pages.  In addition, Attachment A to the government's original opposition, that is, the January 9, 2007 memorandum to monitors entitled "General Operating Procedures For Interception Of Wire Communications To and From Cellular Telephone(240) 988-7588," was also provided to Judge Collyer.

**WHEREFORE**, we respectfully submit that the defendants' Joint Motion to Suppress Wiretap Evidence should be denied.

                      JEFFREY A. TAYLOR
                      UNITED STATES ATTORNEY

_____
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

_____
ANTHONY SCARPELLI
Assistant United States Attorney

_____
JOHN K. HAN
Assistant United States Attorney

*Certificate of Service*

  **I HEREBY** certify that I have caused a copy of the foregoing government's Supplement to Its Opposition to defendants' Joint Motion to Suppress Wiretap Evidence to be served by mail upon counsel, for defendants as listed below;  this 18th day of December, 2007.

                       _____
                        WILLIAM J. O'MALLEY, JR.
                        Assistant United States Attorney
                        D. C. Bar No. 166-991
                        555 4th Street, N.W., Fourth Floor
                        Washington, D.C.  20001
                        (202) 305-1749

| **Anthony Maurice Suggs** | **Glendale Earl Lee** |
|---|---|
| Patrick Donahue, Esquire | Frederick Jones |
| 18 West Street | 5901 Montrose Rd., |
| Annapolis, MD   21401 | Apt. 1009 North |
| | Rockville, Maryland 20852 |
| **James Lawrence Parker** | |
| James W. Rudasill, Jr. | **Helery Price** |
| 601 Indiana Avenue, N.W. #500 | Richard K. Gilbert |
| Washington, D.C. 20004 | 601 Pennsylvania Avenue, N.W. |
| | Suite 900, South Bldg. |
| **Ernest Milton Glover** | Washington, D.C. 20001 |
| Anthony Martin, Esquire | |
| 7841 Belle Point Drive | |
| Greenbelt, Maryland, 20770 | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Criminal No. 07-152 (ESH) |
| : | |
| ANTHONY MAURICE SUGGS, *et al.*, : | |
| Defendants. : | |

GOVERNMENT'S SUPPLEMENT TO ITS OPPOSITION TO
DEFENDANT'S JOINT MOTION TO SUPPRESS WIRETAP EVIDENCE

ATTACHMENT

# Memorandum



*United States Attorney*
*District of Columbia*

| Subject: | Date: |
|---|---|
| Government's First Periodic Report In the Matter of the Application of the United States of America for an Order Authorizing the Interception of Wire Communications to and from Cellular Telephone Number (240) 988-7588 Miscellaneous No. 07-001 | January 25, 2007 |

| To: | From: |
|---|---|
| The Honorable Rosemary M. Collyer, United States District Judge | William J. O'Malley, Jr. Anthony Scarpelli Assistant United States Attorneys |

      This report is submitted pursuant to the Court's January 8, 2007 Order authorizing the interception of wire communications to and from mobile cellular telephone assigned (240) 988-7588.  The telephone number is subscribed to by Irving York, 13701 Foal Court, Upper Marlboro, Maryland,  20772.

## INTRODUCTION

      The supervising Assistant United States Attorneys have reviewed the daily logs of interceptions and summaries of all intercepted conversations to further ensure that the legal requirements concerning the interceptions are being met.  The logs and reports prepared in connection with the wire interceptions are available for the Court's inspection should the Court wish to view them.  Prior to participating in any monitoring of the target telephone all personnel were required to read and be familiar with the Application, Affidavit and Orders in this matter.  Additionally, all personnel were required to required to read and be familiar with a memorandum from the supervising Assistant United States Attorneys reviewing minimization and other procedures for conducting electronic surveillance of the target telephone and to participate in a minimization briefing with the supervising Assistant United States Attorneys.  A copy of the memorandum regarding minimization procedures is attached hereto.

      The interceptions summarized and discussed in this First Periodic Report began on January 9, 2007 at approximately 8:10 p.m. and ended on January 24, 2007.  Monitoring was done by FBI agents and other law enforcement personnel working supervising interpreters who are FBI employees

or contractors and began each day at approximately 10:00 a.m. and ran until approximately midnight. The interception equipment monitors and records messages left on the voice mail feature of the target phone both at the time the messages are left and when they are retrieved through the target telephone. Communications on the standard cellular telephone feature of the target telephones have been intercepted.

In its reports to the Court the government indicates the number of activations[1] of the target telephone each day that interceptions took place. Generally, the term "activation" means any attempt to use the telephone, including instances where no conversation took place, such as when the caller misdialed a telephone number and hung up before the called telephone was answered, the caller received a busy signal or disengaged the target telephone before any conversation occurred, the caller dialed a pager and entered a return telephone number, or the call from the target telephone was answered by an answering machine. In the case of the target telephone, activations also are registered by the interception equipment when the voice mail alert feature of the phone is activated. When the telephone is turned on, the voice mail alert feature sends a signal indicating that a voice mail message has been received by the phone. These alerts register as activations although they do not represent any communication to or from the target phone. Finally, there is another "term of art" which we will use in our periodic reports, that is, a completed call. That term is used to describe an activation in which the caller, in this matter Mr. Suggs, either speaks to someone or leaves a message or, with reference to incoming calls, Mr. Suggs answers or the caller leaves a message on Suggs' voicemail.

Not all of the pertinent calls intercepted on the target telephone during this period are summarized below. Rather, a sampling of calls is provided for the purpose of demonstrating to the Court that the target telephone is being used for criminal purposes and that there is a need for continued interceptions. Unless otherwise noted all telephone conversations or messages were conducted in English. Similarly, the term "unidentified" male or female, UM or UF, indicates that a speaker in a particular conversation is unidentified and unless specifically designated the term UM or UF refers only to the speaker in the specific conversation under discussion and does not imply the same speaker as so designated in any previous conversation.[2] Finally, if the Court wishes to see any of the additional materials not summarized or otherwise referred to here, they are of course available for the Court's examination.

---

[1] A separate series of activation or sessions numbers is generated for each telephone. Thus the first call on each telephone is activation 1 and the calls are numbered *seriatum* thereafter.

[2] Where some nickname or partial name is provided for ease of reference we will use that name in referring to a particular speaker but a person remains unidentified for purposes of this surveillance until they are fully and completely identified.

4

**SUMMARY OF INTERCEPTIONS AND OF SELECTED CALLS**

**1. January 9, 2007**

There were a total of 13 activations and 11 completed calls. Two of those completed calls was deemed pertinent. Two of the completed calls were minimized and there were no malfunctions of the equipment.

**2. January 10, 2007**

There were a total of 116 activations and 81 completed calls. Six of those completed calls were deemed pertinent. Three of the completed calls were minimized and there were no malfunctions of the equipment.

**3. January 11, 2007**

There were a total of 64 activations and 55 completed calls. Fifteen completed calls were deemed pertinent. Five completed calls were minimized and there were no malfunctions of the equipment. Some of the pertinent calls on this date are summarized below.

**4. January 12, 2007**

There were a total of 103 activations and 71 completed calls. Eleven of those completed calls were deemed pertinent. Thirteen of the completed calls were minimized and there were no malfunctions of the equipment. Some of the pertinent calls on this date are summarized below.

**5. January 13, 2007**

There were a total of 111 activations and 86 completed calls. Of those completed calls 8 were deemed pertinent. A summary of some of those pertinent calls follows. Two of the completed calls were minimized and there were no malfunctions of the equipment.

**6. January 14, 2007**

There were a total of 78 activations and 67 completed calls. Of those completed calls 7 were deemed pertinent. A summary of some of those calls follows. Eleven of the completed calls were minimized and there were no malfunctions of the equipment.

5

**7.  January 15, 2007**

There were a total of 87 activations and 63 completed calls.  Of those completed calls 13 were deemed pertinent.  A summary of some of those pertinent calls follows.  Eleven of the completed calls were minimized and there were no malfunctions of the equipment.

**8.  January 16, 2007**

There were a total of 80 activations and 65 completed calls.  Of those completed calls 12 were deemed pertinent.  A summary of some of those pertinent calls follows.  Eight of the completed calls were minimized and there were no malfunctions of the equipment.

**9.  January 17, 2007**

There were a total of 108 activations and 86 completed calls.  Of those completed calls 3 were deemed pertinent.  None of the completed calls were minimized and there were no malfunctions of the equipment.  It should be pointed out that only four of the completed calls were more than two minutes in duration.  The reduced number of pertinent calls is explained by the fact that as we pointed out to the Court in our request for an order authorizing the installation of a GPS device, Suggs is extremely surveillance conscious.  See  day 8, activation 628, *supra*.  As we discuss in our summary of activation 712, Suggs became concerned by clicking noises on the telephone and used his second cellular telephone (202-420-9847)  to call James "Yogi" Parker back.  It appears that for the remainder of the day Suggs was very cautious in his use of the target telephone.  A summary of the pertinent calls follows.

**10.  January 18, 2007**

There were a total of 106 activations and 83 completed calls.  Of those completed calls 13 were deemed pertinent.  A summary of some of those pertinent calls follows.  Eleven of the completed calls were minimized and there were no malfunctions of the equipment.

**11.  January 19, 2007**

There were a total of 91 activations and 71 completed calls.  Of those completed calls 15 were deemed pertinent.  A summary of some of those pertinent calls follows.  Seven of the completed calls were minimized and there were no malfunctions of the equipment.

6

**12. January 20, 2007**

There were a total of 53 activations and 45 completed calls. Of those completed calls 9 were deemed pertinent. A summary of some of those pertinent calls follows. Three of the completed calls were minimized and there were no malfunctions of the equipment.

**13. January 21, 2007**

There were a total of 47 activations and 33 completed calls. Of those completed calls 8 were deemed pertinent. A summary of some of those pertinent calls follows. Three of the completed calls were minimized and there were no malfunctions of the equipment.

**14. January 22, 2007**

There were a total of 134 activations and 104 completed calls. Of those completed calls 10 were deemed pertinent. A summary of some of those pertinent calls follows. Fourteen of the completed calls were minimized and there were no malfunctions of the equipment.

**15. January 23, 2007**

There were a total of 115 activations and 77 completed calls. Of those completed calls 6 were deemed pertinent. A summary of some of those pertinent calls follows. Fifteen of the completed calls were minimized and there were no malfunctions of the equipment.

**CONCLUSION**

Before discussing the interceptions to date we need to advise the Court of some developments with regard to the computer equipment used to monitor and record interceptions. The FBI uses a computer equipped with a program known as Voicebox III. That program has been in use by the FBI and the DEA for a number of years now and will shortly be up-graded by the installation of Voicebox IV. The new program is scheduled to be installed on or about February 5, 2007 and in preparation for that up-grade shortly before the up-grade monitoring pursuant to this Court's order will be transferred to a temporary system until the up-grade is complete. This will require that the optical disc of interceptions prior to the temporary transfer be sealed and then, following the transfer back to the Voicebox IV system, the optical disc of the temporary system be sealed. Finally, we will be required to seal the optical disc of any interceptions pursuant to the Court's order recorded on the Voicebox IV system. We will provide the Court with additional information as it becomes available.

7

During this first period of interception, the intercepted conversations reveal criminal activity by Suggs. There is a pattern of both buyers and sellers making contact through the target telephone with Suggs. It is through these contacts that Suggs acquires narcotics for redistribution and brokers deals to accomplish the redistribution. While there has been interception of calls which indicate narcotics distribution, the complete scope of Suggs' illegal activities is not yet known.

Two Paragraphs Omitted

It is for this and other reasons that we have identified Lonell Glover as one of Suggs' PCP suppliers. We believe that Suggs has additional PCP suppliers as yet unidentified as well as cocaine supplier(s). Additionally, while we reasonably believe that Suggs' grandmother's house serves at least the function of a "stash house" in Suggs' distribution, we have not yet determined what, if any other, premises Suggs may be utilizing for this or other purposes connected with his illegal drug distribution. In addition, the investigation has yet to determine the locations of stash houses and cutting locations of others engaged with Suggs in the illegal distribution of narcotics, including Lonell Glover, nor have the assets of Suggs' organization been fully identified.

The FBI has been unable to fully identify several persons who are in contact with Suggs for the purposes of illicit narcotics sales, e.g., the individual utilizing telephone number (202) 413-7296. A number of drug dealers who may have been partially identified by phone number have not been properly identified through actual physical surveillance or other means of confirmation to determine their true identities. Therefore, for all of the reasons above, there is a continuing need for interception of these wire communications to insure achievement of the authorized objectives of the investigation.

8

## AUTHORIZATION

      I have read and reviewed the foregoing 21 pages of the government's First Periodic Report Regarding Wire Interceptions in Misc. 07-001, and I agree that continued interception pursuant to the Court's January 8, 2007 Order is necessary.

      It is directed that monitoring continue pursuant to the Court's January 8, 2007, Order, and in conformity with the instructions of the supervising Assistant United States Attorneys as set out herein. I further direct that this First Periodic Report be sealed and it is directed that three certified copies of this report be provided to the United States Attorney's Office.

      Seen and approved this _____ day of January, 2007

_____
ROSEMARY M. COLLYER
United States District Judge