UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : |
| | : Criminal No. 07-152 (ESH) |
| **ANTHONY MAURICE SUGGS, et al.** | : |
| | : |
| | : |
| | : |
| **Defendants.** | : |

GOVERNMENT'S SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO DEFENDANT PRICE'S
MOTION TO SEVER COUNTS AND/ OR DEFENDANTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this supplemental memorandum in opposition to defendant Price's motion to sever.

At the status hearing on December 20, 2007, the Court invited the government to further address the issue of whether the substantive counts of the indictment that involve non-PCP related contraband (i.e., heroin, cocaine, and guns) should remain joined to Count 1 of the indictment which charges all defendants with Conspiracy to Distribute and Possess with Intent to Distribute PCP ("PCP Conspiracy") and the other PCP-related counts. The government offers the following supplemental points and authorities.

First, the jury can be adequately instructed to "compartmentalize" the evidence and charges against each individual defendant. For example, during the execution of the search warrant at Ernest Glover's residence (47 Randolph Place, June 19, 2007), law enforcement recovered – among other thing – small bottles of PCP, a small amount of heroin, and two guns. The jury can be instructed that

the small bottles of PCP are submitted as evidence against ALL defendants in Count 1 (PCP Conspiracy) and against ONLY Ernest Glover in Count 2 (PWID PCP). However, the heroin and guns that were recovered during that same search warrant are submitted against ONLY Ernest Glover with respect to Count 3 (Possession of Heroin), and Counts 4 and 5 (Felon in Possession of a Firearm). Likewise, for the remaining non-PCP related evidence, the jury can be instructed that the cocaine recovered from the controlled-buy from Anthony Suggs on November 15, 2006, is submitted against ONLY Anthony Suggs with respect to Count 9 (Distribution of Cocaine).

The D.C. Circuit has repeatedly held that proper jury instructions can adequately address claims of prejudice where specific evidence is submitted against one co-defendant but not against other co-defendants. In United States v. Halliman, 923 F.2d 873, 884-85 (D.C. Cir. 1991), the Court affirmed the trial court's denial of the motion to sever where the jury was instructed to consider each defendant's guilt or innocence separately and were reminded that certain narcotics evidence was submitted against only a particular defendant for a particular count in the indictment. In United States v. Mejia, 448 F.3d 436, 446-47 (D.C. Cir. 2006), cert. denied, 127 S.Ct. 989 (2007), the Court approved of the trial court's instruction to the jury to "give separate consideration and render separate verdicts with respect to each defendant because each defendant is entitled to have his guilt or innocence of the crime for which he is on trial determined from his own conduct." (Internal quotation marks omitted). Accordingly, the Court found that the jury "segregated" the relevant evidence to each individual defendant and, therefore, severance was properly denied. Id. at 447. In United States v. Badru, 97 F.3d 1471, 1475 (D.C. Cir. 1996), cert. denied, 520 U.S. 1150 (1997), the Court affirmed the trial court's denial of the motion to sever because the jury was instructed that it must consider each of the nine counts of the indictment separately as to each defendant. In United

States v. Slade, 627 F.2d 293, 310 (D.C. Cir.), cert. denied, 449 U.S. 1034 (1980), the Court found that the defendant's conviction was not improperly based on evidence against his co-defendant where the trial court instructed the jury to determine the guilt or innocence of each defendant separately. These cases are based on the well-established principle that "juries are presumed to follow their instructions." Zafiro v. United States, 506 U.S. 534, 540-41 (1993) (severance motion properly denied where trial court instructed jury that it must "give separate consideration to each individual defendant and to each separate charge against him"). In its original opposition brief [#86], the government proposed Red Book jury instructions 2.54 and 2.55 to address this issue.

Second, maintaining the current joinder of the defendants and the offenses "is consistent with the purpose of Fed.R.Crim.P. 8 to promote economy of judicial and prosecutorial resources." United States v. Gorecki, 813 F.2d 40, 42 (3rd Cir. 1987). In Gorecki, law enforcement recovered – among other things – cocaine and a firearm during the execution of a search warrant at the defendant's house. The defendant moved to sever the PWID cocaine charge from the firearms charge which comprised the two-count indictment. The Court found that severance was unwarranted because "[i]t would have been wasteful and duplicative for the government to have to establish the same facts relating to possession in two separate trials." Id. Similarly, under defendant Price's reasoning, the indictment in the instant case should be broken up into multiple trials: one trial for the PCP-related counts (Counts 1, 2, 6, 7, 8, and 10); a second trial for the heroin-related count (Count 3); a third trial for the gun-related counts (Counts 4 and 5); and a fourth trial for the cocaine-related count (Count 9). The splintering of the indictment into multiple overlapping trials is contrary to the "preference in the federal system for joint trials of defendants indicted together." Zafiro, 506 U.S. at 537.

Third, the non-PCP related contraband would nonetheless be admissible as 404(b) evidence

in a trial that involved only the substantive PCP counts of the indictment. For instance, the guns recovered from Ernest Glover's residence would be admissible <u>against Ernest Glover</u> to show his involvement in the PCP conspiracy (Count 1) and possession with intent to distribute the PCP found at his residence (Count 2) because "weapons have been recognized as tools of the narcotics trade." <u>Gorecki</u>, 813 F.2d at 43. Similarly, the cocaine recovered from the controlled-buy from Anthony Suggs on November 15, 2007, would be 404(b) evidence <u>against Anthony Suggs</u> to show motive, preparation, or plan for the controlled-buy of PCP from him on August 23, 2006 (Count 10), and also for his involvement in the PCP conspiracy (Count 1). Therefore, evidence of the non-PCP related contraband would be admissible at trial as either evidence of substantive counts of the indictment or as 404(b) evidence.

<u>Fourth</u>, the nature of the non-PCP related contraband (heroin, cocaine, and guns) are not themselves more offensive than PCP. Defendant's claim of prejudice would be more apposite, but not necessarily successful, if his co-defendants were charged individually with emotionally-charged counts such as murder, rape, or child pornography. Here, heroin and cocaine are controlled substances just like PCP. If anything, PCP carries a more invidious reputation in this community than the other two drugs. With respect to guns, the court's instructions to the jury can cure any potential spillover prejudice. <u>See</u> <u>United States v. Parker</u>, 789 F.Supp. 27 (D.D.C. 1992)[1] (court's instructions can cure any potential prejudice where one defendant is charged with narcotics violations and his co-defendants are also charged with firearms charges).

<u>Finally</u>, in its original opposition to defendant Price's motion to sever [#86], the government

---

[1] The Westlaw printout for this case did not include page numbers so a pincite was not included. For reference, the relevant citation refers to the paragraph associated with headnotes 5 and 6.

indicated that defendant did not cite any legal authority to support his assertion that he is entitled to severance because the evidence against him is "de minimus" compared to the other defendants, and that the government knew of no such authority. In researching this supplemental memorandum, the government has found cases that provide a limited basis for defendant's "de minimus" argument, although the criteria for such a severance is not met in this case. In Halliman, 923 F.2d at 884, the Court noted that severance may be required when evidence against one defendant is far more damaging than the evidence against the other defendant. However, "[t]he few cases in which we have overturned a trial court's denial of a motion to sever have involved clear disparities between the weight, quantity, or type of evidence against the movant and against the other defendants. In these cases, the critical determination has been whether a jury could reasonably compartmentalize the evidence introduced against each individual defendant." Id. (internal quotations omitted). In Halliman, the Court concluded that instructions to the jury to consider each defendant's guilt or innocence separately was sufficient to enable the jury to compartmentalize the relevant evidence in that case. Id. at 884-85. See also Mejia, 448 F.3d at 436-37 (rejecting "de minimus" argument for severance where jury was properly instructed to consider and render separate verdict for each defendant). Similarly, proper jury instructions in this case can address defendant's claim of prejudice based on disparity of evidence.

Wherefore, the government submits that defendant Price's motion to sever counts and/or defendants be DENIED.

                        Respectfully Submitted,

                        JEFFREY A. TAYLOR
                        UNITED STATES ATTORNEY

by:    _____
        William J. O'Malley
        Assistant United States Attorney
        D.C. Bar No. 166-991
        4th Floor, OCNT Section
        555 Fourth St., NW
        Washington, D.C. 20530
        (202)305-1749
        bill.j.o'malley@usdoj.gov

        _____
        Anthony Scarpelli
        Assistant United States Attorney
        D.C. Bar No. 474-711
        4th Floor, OCNT Section
        555 Fourth St., NW
        Washington, D.C. 20530
        (202)353-1679
        anthony.scarpelli@usdoj.gov

        _____/s/_____
        John K. Han
        Assistant United States Attorney
        N.Y. Bar
        4th Floor, OCNT Section
        555 Fourth St., NW
        Washington, D.C. 20530
        (202)514-6519
        john.han@usdoj.gov