UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Criminal Case No. 07-152 (ESH) |
| | : | |
| ANTHONY MAURICE SUGGS, et al., | : | |
| Defendants. | : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM REGARDING
EVIDENCE PURSUANT TO 404(b) OF THE FEDERAL RULES OF EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental memorandum regarding the admission of Rule 404(b) evidence concerning controlled substance not charged in the Indictment .

*Argument and Legal Analysis*

At a previous status hearings the Court expressed concern about Rule 404(b) evidence where the drug in the previous matter that is not the same drug as charged in the Indictment. In *United States v. Sumlin*, 271 F. 3d 274, 279 (D.C. Cir. 2001), the Court determined that the evidence must be relevant; the evidence must be probative of a material issue other than the character of the defendant; the evidence must be more probative than prejudicial; and the evidence at trial must be sufficient to support a jury finding that the defendant committed the charged crime or act. An "other act" under Rule 404(b), Federal Rules of Evidence, need be proven by only a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171 (1987). Indeed, Rule 404(b) limits explicitly the

1

admission of "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evidence is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."

Evidence of involvement in prior narcotics smuggling operations is admissible to prove among other things, knowledge and plan in connection with narcotics charges, including conspiracy. *United States v. Jones*, 982 F.2d 380, 382 (9th Cir. 1992). *See also United States v. Washington*, 969 F.2d 1073, 1080 (D.C. Cir. 1992) (evidence of prior drug transaction, though not smuggling, was probative of knowledge, intent, and plan). It is <u>not</u> significant if the extrinsic act and the charged act involved the distribution of <u>different</u> types of narcotics. The Ninth Circuit noted:

> This attempt to differentiate the two transactions is futile . . . . [B]oth transactions in essence involved distribution . . . . [B]oth transactions were patently illegal. The relevant factor is the type of activity undertaken, not the identity of the drugs. Here the nature of the activity was substantially similar to the indicted offenses: the distribution of controlled substances. *United v. Bibo-Rodriquez*, 922 F.2d 236, 245 (9th Cir. 1991).

In *Bibo-Rodriguez*, the defendant transported cocaine across the border in a vehicle's roof panel. The subsequently transported marijuana was similarly hidden in the hollowed out side panels of a vehicle. The evidence of the December marijuana transaction indicated that Bibo-Rodriguez was not duped during the September transaction and therefore he must have known that he was carrying cocaine. Moreover, the evidence of transporting marijuana is highly probative and does not unfairly

prejudice Bibo-Rodriguez. The district judge, therefore, did not abuse his discretion in finding the evidence relevant and admissible to show Bibo-Rodriguez knew that he was carrying 678 kilograms of cocaine across the border on September 26, 1988.

In close cases, the rule tilts toward the admission of the uncharged conduct evidence. *See United States v. Johnson*, 802 F.2d 1459, 1464 (D.C. Cir.1986) ("the balance should be generally struck in favor of admission when the evidence indicates a close relationship to the event charged (quoting *United States v. Day*, 591 F.2d 861, 878 (D.C. Cir.1978)). The D.C. Circuit has recognized that "Rule 404(b) evidence will often have . . . multiple utility, showing at once intent, knowledge, motive, preparation, and the like." *United States v. Crowder*, 141 F.3d 1202, 1208 (D.C. Cir.1998) (en banc). If evidence is ruled admissible, the trial court, when the defendant so requests, must give a limiting instruction. Fed.R.Evid. 105. A trial court's Rule 404(b) admissibility determination is reviewed under an abuse of discretion standard. *United States v. Pindell*, 336 F.3d 1049, 1056-57 (D.C. Cir. 2003); *United Staes v. Linares*, 367 F.3d 941, 946 (D.C. Cir 2004). Concerning the required Rule 403 balancing test, "the greater the degree of probativeness possessed by the evidence, the greater the showing of unfair prejudice that will be required to exclude the evidence." *United States v. Bailleaux*, 685 F.2d 1105, 1111 (9th Cir.1982). *See also United State v. Mathis*, 216 F.3d 18, 26 (D.C. Cir. 2000) (evidence of defendant's participation in uncharged narcotics trafficking conspiracy admissible to prove defendant's intent to participate in charged conspiracy).

*Conclusion*

**WHEREFORE**, for the reasons stated above, the United States respectfully requests that this Court grant the government's motion to admit evidence defendants' other crimes as proposed.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
WILLIAM J. O'MALLEY, JR
Assistant United States Attorney

_____
ANTHONY SCARPELLI
Assistant United States Attorney

_____
JOHN K. HAN
Assistant United States Attorney

*Certificate of Service*

  **I HEREBY** certify that I have caused a copy of the foregoing government's Supplemental Memorandum Regarding Evidence Pursuant to 404(b) of the Federal Rules of Evidence to be served by mail upon counsel, for defendants as listed below; this 29th day of January, 2008.

                WILLIAM J. O'MALLEY, JR.
                Assistant United States Attorney
                D. C. Bar No. 166-991
                555 4th Street, N.W., Fourth Floor
                Washington, D.C. 20001
                (202) 305-1749

| | |
|---|---|
| **Anthony Maurice Suggs**<br>Patrick Donahue, Esquire<br>18 West Street<br>Annapolis, MD   21401 | **Glendale Earl Lee**<br>Ron Earnest, Esquire<br>8121 Georgia Avenue<br>Suite 406<br>Silver Spring, Maryland 20910 |
| **James Lawrence Parker**<br>James W. Rudasill, Jr.<br>601 Indiana Avenue, N.W. #500<br>Washington, D.C. 20004 | **Helery Price**<br>Richard K. Gilbert<br>601 Pennsylvania Avenue, N.W.<br>Suite 900, South Bldg.<br>Washington, D.C. 20001 |
| **Ernest Milton Glover**<br>Anthony Martin, Esquire<br>7841 Belle Point Drive<br>Greenbelt, Maryland, 20770 | |