UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 07-152 (ESH) |
| | : | |
| ANTHONY MAURICE SUGGS, et al., | : | |
| Defendants. | : | |

GOVERNMENT'S MOTION IN LIMINE
REGARDING SEARCH WARRANT EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moves in limine to address two issues that are likely to arise during trial regarding the search warrant evidence in this case. The government submits that a pre-trial ruling on these issues will assist in reducing delay during the trial and minimizing unnecessary inconvenience to the jury.

1.      **Non-PCP Related Contraband**

In its Order dated January 15, 2008, the Court granted, in part, defendants' motion to sever. Specifically, the Court severed Counts III, IV, V, and IV on the ground that the heroin, guns, and cocaine that are the basis for those counts are not sufficiently related to the PCP conspiracy charged in Court 1 of the Indictment. At the status hearing on January 15, 2008, upon inquiry by the government, the Court further clarified that the government is precluded from entering evidence of that non-PCP related contraband even as 404(b) evidence.

In accordance with the Court's Order, the government will refrain from presenting any evidence of non-PCP related contraband in its search warrant evidence. These items include guns, ammunition, heroin, and cocaine. Along these same lines, the government asks that the Court also

preclude defendants from cross-examining witnesses or presenting evidence on these items. Otherwise, the jury might be left with the mis-impression that the government has intentionally withheld evidence from the jury or somehow sought to deceive them by consciously omitting pertinent evidence.  Such a mis-impression would be unduly prejudicial to the government.

   **2.     Mark Rinfrow Evidence at 9001 Breezewood**

On May 31, 2007, law enforcement executed a search warrant at the residence of defendant James Parker, 9001 Breezewood Terrace #103, Prince Georges County, Maryland.  This is a two bedroom apartment which Parker shared with his roommate, Mark Rinfrow.  The law enforcement officers recovered, among other things, PCP and PCP related paraphernalia in Parker's bedroom, Rinfrow's bedroom, and the kitchen common area.  Mail matter recovered from each bedroom clearly indicated which bedroom was associated with Parker, and which bedroom was associated with Rinfrow.

At several status hearings, counsel for defendant Parker informed the Court that Mark Rinfrow had pled guilty in Prince Georges County Circuit Court to some of the drugs found in that search warrant.  The Court ordered the government to provide all plea-related information of Mark Rinfrow to defense counsel by February 1, 2008, on the ground that information might be exculpatory as to Parker's responsibility for the drugs found in the apartment.  The government has recently obtained the certified conviction of Mark Rinfrow, the plea transcript, and the sentencing transcript, and will produce these materials to defense counsel on February 1, 2008, via compact disk which includes other discovery.

The government requests a pre-trial ruling to permit the government to present evidence of all PCP-related evidence (including the marijuana and other green leafy material, which can be used

as a medium for liquid PCP) found in Parker's bedroom, Rinfrow's bedroom, and the common kitchen area. The government also seeks to introduce Rinfrow's plea transcript and certified conviction.

On September 28, 2007, Mark Rinfrow pled guilty in the Circuit Court for Prince Georges County, Maryland, to one count of possession with the intent to distribute PCP. The transcript of the plea hearing indicates that Rinfrow took responsibility for only the drugs found in his bedroom. The oral factual proffer (there was no written factual proffer) by the prosecutor, and agreed to by Rinfrow, is as follows:

> Had this matter proceeded to trial, the state would have called witnesses to testify that on May 31, 2007, at approximately 10:05 p.m., members of the Prince Georges County police Department Narcotic Enforcement Division along with the Special Operations Division executed a court-ordered search and seizure warrant at 9001 Breeze Wood Terrace, apartment number 103, in Greenbelt, Prince George's County, Maryland.
> Located inside were the defendant, Mark Rinfrow, who is seated to defense counsel's right in the brown suit, along with the co-defendant named Parker. During the search of that residence, various quantities of phencyclidine and marijuana were found throughout, including the bedroom of the defendant, acknowledged to be the defendant's bedroom by the defendant, there was 40.82 grams of phencyclidine. In addition, in the common areas of the apartment, there were also quantities of phencyclidine. There was also $2,000 in cash recovered from the defendant's bedroom closet in a suit, and another $1,995 was recovered in the bedroom closet. An additional $518 was found in the defendant's jacket pocket.
> The substances were presented to the Prince George's County drug lab and confirmed to be phencyclidine. All events occurred in Prince George's County, Maryland. (Tr. 9/29/07 at 8-9).

The factual proffer specifies the weight of the PCP found in Rinfrow's bedroom (40.82 grams), but does not specify the weight of the PCP found in the common area. This indicates that Rinfrow's actual acceptance of responsibility was to only the drugs in his bedroom. This is consistent with the prosecutor's earlier comment to the Court that "This defendant [Rinfrow] had a large amount of PCP and marijuana in his bedroom that is clearly attributable to him." (Tr.9/28/08 at 3).

Mark Rinfrow's guilty plea to some of the drugs in the apartment does not render those drugs inadmissible in this case. The government's evidence will show that all the PCP related evidence in the apartment, including in Mark Rinfrow's bedroom, is evidence of the PCP conspiracy in this case. Specifically, those drugs are relevant to proving James Parker and Anthony Suggs' participation in the conspiracy. The government's evidence will establish that Anthony Suggs is a major supplier of PCP and that James Parker is one of his PCP customers. With regard to the PCP found in Mark Rinfrow's bedroom, the government will present at least two intercepted telephone calls that establish that James Parker coordinated Anthony Suggs supplying PCP to his roommate, Mark Rinfrow.

On April 6, 2007, at 5:14 p.m. (Activation #6377), Parker tells Suggs to "holla at my peoples, my roommate. . . . he knows what to say to you . . . he knows to carry it so." Parker tells Suggs that he can talk to his roommate "like you talk to me." Suggs responds, "Alright, well just call your roommate and let me and just call me back. And I just go and talk to him after rush hour later on tonight or something."

Later, on April 6, 2007, at 7:58 p.m. (Activation #6401), Parker tells Suggs that "my roommate . . . is waiting on you." Suggs responds, "tell him that I'll ride out there about nine."

The government argues that the PCP found throughout 9001 Breezewood, including the drugs found in Mark Rinfrow's bedroom, was supplied by Anthony Suggs and, therefore, is relevant as evidence of the conspiracy in Count 1. At the very least, the PCP found in that apartment, particularly the PCP in Rinfrow's bedroom, is relevant to support the government's contention that Parker and Suggs were talking about supplying Rinfrow with PCP in their telephone calls on April 6, 2007.

Accordingly, the government should be permitted to introduce all PCP-related evidence in the 9001 Breezewood Apartment, including the items recovered from Mark Rinfrow's bedroom.

Respectfully Submitted:

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

_____
ANTHONY SCARPELLI
Assistant United States Attorney

_____/s/_____
JOHN K. HAN
Assistant United States Attorney