## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Case No. 07-152 (ESH) |
| | : | |
| ANTHONY MAURICE SUGGS, et al., | : | |
| Defendants. | : | |

## GOVERNMENT'S REPLY TO DEFENDANTS'
## JOINT RESPONSE TO PROPOSED EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to defendants' Joint Response to Proposed Evidence and respectfully opposes defendants' objections therein to evidence the United States has designated for use in the trial of defendants Suggs, Glover, Lee and Price scheduled to commence before this Court on February 11, 2008. As grounds for its opposition the government cites the following points and authorities and such other points and authorities as may be cited at any hearing on this matter. Defendants make four separate new objections and we will address them *seriatum* in reverse order.

Defendant Price objects to the government's transcript for activation 2152, a conversation between defendants Suggs and Price in which the word "except" is used three times in instances where the proper transcription should be "accept," and in line 6 the word "bother" is used instead of "brother." The government will correct the transcript to reflect defendant Price's proposed changes.

Defendants' next object on grounds of hearsay and Sixth Amendment confrontation grounds to the government's proposed use of ten conversations intercepted pursuant to court authorization

2

to monitor conversations in and within the vicinity of Lonnell Glover's pick up truck. Defendants assert that "Lonnell Glover and the other participants on [sic] the above interceptions (except Dominigue Glover) are named in a related case as coconspirators in a conspiracy of larger scope." Defendants are incorrect. The defendants in this trial, defendants Suggs, Glover Lee and Price, are named in every Indictment in Criminal Nos. 07-152 (ESH) and 07-153 (ESH) in the same conspiracy as every other defendant in those two cases. The only thing that separates the defendants in Criminal No. 07-152 (ESH) from the defendants in Criminal Bo. 07-153 (ESH) is who his or her co-defendants are. In each of the Indictments related to these cases, the Grand Jury which returned the Indictments designated the conspiracy to include the very same people. The presumption which supports the Court's initial determination to forego a *James*[1] hearing in this matter with regard to the seven defendants charged in the original Indictment in this case thus underlies each co-conspirator in this case.

Federal Rule of Evidence 801(d)(2)(E) provides that statements of co-conspirators made in furtherance of the conspiracy are not hearsay. A statement made by a co-conspirator which is also made in furtherance of the conspiracy is admissible against each conspirator. *United States v. Jackson*, 627 F.2d 1198, 1216 (D.C. Cir. 1980). To admit such statements, the government need only prove by a preponderance of the evidence that a conspiracy existed between the defendant and the declarant and that the statement was made in furtherance of the conspiracy. *United States v. Beckham*, 968 F.2d 47, 51-52 (D.C. Cir. 1992) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). The statement may be considered by the court in finding that a conspiracy existed as long

---

[1] *United States v. James,* 590 F.2d 575 (5th Cir. 1979), *en banc, cert. denied* 442 U.S. 917 (1979).

3

as there is also some independent evidence of the conspiracy as well.  *United States v. Beckham*,

*supra,* 968 F.2d at 50-51 (citing *Bourjaily v. United States*, 483 U.S. 171,181 (1987)).

There is no requirement, however, that the government prove the preliminary facts of the

conspiracy prior to the disclosure of a co-conspirator's statement at trial.  Courts have long admitted

such statements on a conditional basis subject to proof of the conspiracy later during the trial:

> As a practical matter, to avoid what otherwise would become a
> separate trial on the issue of admissibility, the court may admit
> declarations of co-conspirators "subject to connection."  If substantial
> evidence of the connection has not been produced at the close of the
> government's case, the court will instruct the jury to disregard the
> hearsay statements; or the court may grant a mistrial.

*United States v. Gantt*, 617 F.2d 831, 845 (D.C. Cir. 1980); *see United States v. Jackson*, 627 F.2d

at 1218 (trial courts are not required to hold "mini-trials" on the conspiracy issue before the

conditional admission of a co-conspirator's statement); *see United States v. Monaco*, 702 F.2d 860,

877 n.29 (11th Cir. 1983) (Court may admit statements subject to the governments "connecting them

up"); *United States v. Graham*, 548 F.2d 1302, 1308-1309 (9th Cir. 1977) (requiring proof of

conspiracy first would compel fragmented presentation of evidence); *United States v. Jones*, 542

F.2d 186 (4th Cir. 1976); *United States v. Katz,* 535 F.2d 593, 597 (10th Cir. 1976); *United States

v. Trotter*, 529 F.2d 806, 811-813 (3rd Cir. 1976).[2]  Rule 104(b) of the Federal Rules of Evidence

---

[2]     The case upon which the defendants rely, *United States v. James*, *supra,* does not
stand for the proposition that a pretrial hearing is required before co-conspirator statements may
be presented to the jury.  This *en banc* decision specifically vacated that portion of an earlier
panel decision in the same case (576 F.2d 1121 (5th Cir. 1978)) which would have required such
hearings in Fifth Circuit courts.  *See United States v. James*, *supra*, 590 F.2d at 584-585 (Tjoflat,
J., concurring).  Thus, the Fifth Circuit, like the District of Columbia Circuit, permits the
introduction of co-conspirator statements "upon the condition that the government demonstrate
the existence of a conspiracy" by the close of the government's case-in-chief.  *United States v.
Beaumont*, 972 F.2d 553, 565 (5th Cir. 1992), *cert. denied*, 508 U.S. 926 (1993).  *See also United
States v. James*, 590 F.2d at 582 ("If [the district court] determines it is not reasonably practical

4

codifies this commonly used judicial practice.[3]

The conspiracy "mini-trial" apparently suggested by defendants in their reference to the Court's ruling that such a hearing is not only unnecessary, it would also significantly prolong the proceedings as a whole, since a pretrial ruling of admissibility would eventually have to be revisited at trial. *See, e.g., United States v. Pepe*, 747 F.2d 632, 653 (11th Cir. 1984) (pretrial ruling in a conspiracy case "is not dispositive on the issue of hearsay, however, because the admissibility of testimony is, ultimately, a trial ruling"). The scheduling of such a pretrial hearing in the case would accomplish nothing more than a complete and necessarily very lengthy preview of the government's case against each of the remaining defendants. *See United States v. Ianniello*, 621 F. Supp. 1455, 1478 (S.D.N.Y. 1985).

The government submits that there will be ample evidence at trial to connect co-conspirator statements to the conspiracy with which the defendants are charged. The government intends to introduce substantial evidence of the conspiracy. That evidence includes, *inter alia*, eyewitness testimony, surveillance testimony and recorded telephone conversations among co-conspirators. This testimony along with these recordings will show meetings, actions, association, and jointly undertaken conduct which demonstrates that each defendant was acting in pursuit of a common design and a common goal. Consequently, the Court will not be placed in the position of ruling upon the existence of a conspiracy solely upon reference to a single unsupported co-conspirator

---

to require the showing [of a conspiracy] to be made before admitting the evidence, the court may admit the statement subject to being connected up.").

[3]    Rule 104(b) states that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

5

declaration. The government therefor submits that an evidentiary pretrial hearing is unnecessary under the *Gantt* decision's "subject to connection" rule.

Moreover, the admission of tape recordings falls within the sound discretion of the trial court. *United States v. White*, 116 F.3d 903, 920 (D.C. Cir.), *cert. denied* 118 S.Ct. 390 (1997). Prior to introducing any tape recording at trial, the government will proffer testimony as to the recording's authenticity. Such testimony will establish that tapes are "authentic, accurate and trustworthy" before they are played at trial. *United States v. Slade*, 627 F.2d 293, 301 (D.C. Cir.), *cert. denied sub nom. Johnson v. United States*, 449 U.S. 1034 (1980). *See United States v. Haldeman*, 559 F.2d 31, 107 (D.C. Cir. 1976). There is no need to do this pretrial.

The majority of the statements of which defendants complain have either been redacted in such a manner as to present to the jury only statements of Lonnell Glover and Anthony Maurice Suggs, see redacted versions of activations 0186 and 0604, or eliminated in their entirety, see activations 0151, 0441, and 0721. Moreover, with regard to those statements which include co-conspirators not charged in this Indictment as co-defendants and which the government still intends to present, the very content of the challenged statements establishes their relevance to these proceedings. Clearly they are statements in furtherance of the conspiracy.

> **Activation** 0083- In this conversation Glover spoke to Christian Donaldson and advised her that JuJu was Suggs' partner. He told her that he (Glover) supplies Suggs and discussed Suggs' business arrangements with JuJu. Donaldson was receiving heroin and PCP from Glover.
> **Activation 0091** - Glover spoke to Thompson about his losses involving PCP and included "that hit, the two and half gallon loss," a reference to the seizure of 2.5 gallons from Suggs on March 27, 2007. Glover then has a similar discussion with Suggs.
> **Activation 0129** - Glover discusses with Henry Brown his dealings with Suggs. Brown and Glover are engaged in the receipt of a delivery of PCP by common carrier.

6

> **Activation 0706** - Glover has a discussion with his nephew, Cornell Glover, who sells PCP and heroin he receives from Lonnell Glover and acts as Lonnell Glover's "lieutenant." As they discussed the status of their inventory, Lonnell told Cornell that Ap (Maurice Anthony "Applejack" Suggs) "just got 16 for Fish (Ernest Glover)."

Defendants next complain that certain photographs of drugs obtained by law enforcement in the course of controlled purchases from some of the defendants are objectionable because they bear labels which indicate from whom they were purchased. By the time these items are published to the jury the labels in the photographs will be in the nature of a summary of the testimony of the cooperating witness, the control agents/officers and the the evidence presented in video and audio tape form. Indeed, any "statement" on the label(s) will have already been subject to whatever cross-examination defendants deem necessary under the circumstances.

Finally, defendants complain that the photographs of the conspirators in this case which the government plans to use before the jury are objectionable because: 1.) they are similar and thus create an illusion of solidarity; and 2.) they depict the defendants in orange jump suits which they assert will be recognized by one or more of the jurors as indicating the defendants' custodial status. Instruction 1.15 in the "Redbook" provides two separate instructions to deal with photographs of defendants. Alternative B to that Instruction may be revised to address this situation and would read:

> The Court has admitted into evidence police photographs of the defendants and others the United States contends are co-conspirators in this case. You may conclude from those pictures that these individuals were arrested in connection with the charges in this case as an arrest almost always constitutes the initiation of a criminal case. However, as I am certain you know, an arrest is not the same thing as a conviction for a crime. Therefore, simply because law enforcement has a defendant's picture does not mean the defendant has ever committed a crime. You may not consider the fact that law enforcement has a defendant's photograph as any evidence of the defendant's guilt as to this or any other crime.

7

We submit that such an instruction will eliminate any potential prejudice presented by the photographs in question. Indeed, both Judge Royce C. Lamberth and Judge Richard W. Roberts of this Court have dealt with similar objections to photographs in this way.

**WHEREFORE**, we respectfully submit that the defendants' objections contained in their Joint Response to Proposed Evidence should be over ruled and the evidence held admissible as represented herein.

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY



WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney



ANTHONY SCARPELLI
Assistant United States Attorney



JOHN K. HAN
Assistant United States Attorney

8

*Certificate of Service*

    **I HEREBY** certify that I have caused a copy of the foregoing government's reply to defendants' Joint Response to Proposed Evidence and proposed Order to be served by mail upon counsel, for defendants as listed below; this 11th day of February, 2008.

------------------------------------------------

WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney
D. C. Bar No. 166-991
555 4th Street, N.W., Fourth Floor
Washington, D.C.  20001
(202) 305-1749

**Anthony Maurice Suggs**
Patrick Donahue, Esquire
18 West Street
Annapolis, MD   21401

**Ernest Milton Glover**
Anthony Martin, Esquire
7841 Belle Point Drive
Greenbelt, Maryland, 20770

**Glendale Earl Lee**
Frederick Jones
5901 Montrose Rd.,
Apt. 1009 North
Rockville, Maryland 20852

**Helery Price**
Richard K. Gilbert
601 Pennsylvania Avenue, N.W.
Suite 900, South Bldg.
Washington, D.C. 20001

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA. | : | |
| | : | |
| v. | : | Criminal Case No.  07-152 (ESH) |
| | : | |
| ANTHONY MAURICE SUGGS, et al., | : | |
| Defendants. | : | |

# ORDER

Upon the defendants' objections to certain of the government's proposed evidence as set out in defendants' Joint Response to Proposed Evidence and after consideration of the government's reply thereto and the entire record in this matter, it is this _____ day of February, 2008,

ORDERED that defendants' be, and hereby are, over ruled.

_____

ELLEN SEGAL HUVELLE
United States District Judge

Copies to:

William J. O'Malley, Jr.
Anthony Scarpelli
John K. Han
Assistant United States Attorneys

**Anthony Maurice Suggs**
Patrick Donahue, Esquire
18 West Street
Annapolis, MD   21401

**Ernest Milton Glover**
Anthony Martin, Esquire
7841 Belle Point Drive
Greenbelt, Maryland, 20770
**Glendale Earl Lee**
Frederick Jones
5901 Montrose Rd.,

Apt. 1009 North
Rockville, Maryland 20852

**Helery Price**
Richard K. Gilbert
601 Pennsylvania Avenue, N.W.
Suite 900, South Bldg.
Washington, D.C. 20001