UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Criminal Case No. 07-152 (ESH) |
| v. : | |
| : | |
| ANTHONY MAURICE SUGGS, et al., : | |
| Defendants. : | |

**GOVERNMENT'S OPPOSITION TO "DEFENDANTS'
JOINT MOTION FOR SUPPRESSION OF RECORDING
NOT MADE ON TELEPHONE OF ANTHONY SUGGS"**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits the following opposition to "Defendants' Joint Motion for Suppression of Recording Not Made on Telephone of Anthony Suggs" (Document 161). As grounds for its opposition, the government cites the following points and authorities and any other points and authorities that may be cited at a hearing on this matter.

Defendants have moved to suppress Activation 3245, describing it as a "reverse intercept." Defendants' concerns here are untimely and reflect a misapprehension of how a wiretap works.

In a wiretap in the digital age, the service provider – in this instance, Sprint Nextel – connects the FBI to the cellular telephone which is the subject of the court's wiretap order. The service provider hook-up and the court's order permit the government to monitor any conversation which may be heard over the target telephone. This includes any conversation between two parties in a standard completed call, any voice-mail message left by a party calling the target telephone, and any conversation or sound capable of being overheard by either of the telephones once those two telephones are connected. The simple fact is that the wiretap operates through the target telephone – and only through the target telephone – so that any sound heard over the wiretap must be heard via the target telephone. There is not, as was not in this case, a "reverse intercept."

Since both of the telephones in the activation in question are cellular telephones, we will confine our discussion to cellular telephones. Once a caller dials a telephone number on a cellular telephone and depresses the send button, that telephone is almost instantaneously connected to the dialed telephone and, at the moment of connection, any noise within hearing range of the "sending" telephone may be heard over the dialed telephone. The ringing sound that both the sender and the receiver hear is just a signal that the telephones have been connected, not an indication that the telephones will be connected if the target telephone is picked up. This occurrence is readily apparent when one considers the following examples. First, almost everyone has had the experience of picking up a telephone that is not ringing to find that someone is already on the line. Similarly, the caller on the line never heard the telephone "ring" before the recipient picked up the telephone. Between the time the caller pushed send and before the telephone rang, the person being called picked up his telephone or otherwise opened the line. As a second example, consider the circumstance when a caller dials a number and pushes "send" but her cellular telephone is momentarily out of service. There then occurs an appreciable period of time while the cellular telephone "searches" for service – and the caller can tell that her telephone is not connected. Third, consider as well that on virtually every telephone call intercepted in this (and in every other wiretap) case, every call, whether incoming to or outgoing from the target telephone, usually begins with the sound of the ringing of the telephone being called. The point is that if both cellular telephones have service, the moment a caller to the target telephone pushes "send" or the subject opens the target telephone to make a call, the target telephone begins to transmit. As a consequence of this simple fact of the operation of cellular telephone service (indeed, all telephone service in the digital age), wiretap orders are written to cover the telephone as a broadcasting microphone and authorize the

government, as Judge Collyer ordered, "to intercept wire communications to and from the above-described telephones, <u>including any background conversation intercepted in the vicinity of the target telephone while the telephone is off the hook or otherwise in use</u>." (Emphasis added.)

Voicebox IV, the software program and computer system used by the United States to conduct wiretaps, is specifically programmed for the circumstances presented by the interception of wire communications monitored pursuant to Title III of the Omnibus Crime Bill of 1967, 18 United States Code, §§ 2510, et seq. Title III was designed to permit wiretaps when the government could meet its probable cause burden as in any search warrant, and, among other things, to permit after-the-fact review by courts of all interceptions pursuant to the wiretap order. As a consequence, Voicebox IV will not permit monitors to listen unless the target line is "open" and anything heard is being recorded. Thus, a monitor can only hear what the target telephone hears and cannot listen to anything unless the recorder is operating.

In short, there was nothing untoward, or even unusual, about the recording of the conversation at issue, and the recording was in full conformity with Judge Collyer's wiretap order.

In July of 2007, we supplied defense counsel (including, of course, Mr. Gilbert) with every page of log and every micro-second of interception. In December of 2007, we informed all of the defendants that Activation 3245 would be among those the government expected play at trial, and we provided draft transcripts of those conversations, including Activation 3245.

However, on February 27, 2008, during cross-examination of the government's witness through whom Activation 3245 was presented and played for the jury <u>without objection</u>, counsel for Helery Price suddenly moved to suppress this call, and suggested <u>before the jury</u> that it was "illegally" intercepted. As Mr. Gilbert well knew, however, the alleged illegality of the activation

was not a question properly put before the jurors. Indeed, it is hard to view counsel's assertion before the jury as an inadvertent misstatement; instead, it appears to have been an improper maneuver to insinuate to the jurors that law enforcement misconduct had occurred.

The Court should not forget that Mr. Gilbert represented to the Court that he had just became aware of Activation 3245 because he could not open the call on his computer, and so, he said, he relied on his investigator to review the call. Counsel for Mr. Price was provided these calls on July 27, 2007, and if he could not listen to this call on his computer, as he has represented on the record, we certainly would have expected him to listen to the call on his investigator's computer, or to request another copy of the activation. In any event, Mr. Gilbert has also had a transcript of the call for months now.

We submit that the recording of the call was entirely appropriate and in full conformity with Judge Collyer's order. Counsel's objection before the jury was untimely and without foundation.[1]

---

[1] In any event, suppression would not be an appropriate remedy even assuming the defendants' version of the interception. See United States v. Baranek, 903 F.2d 1068 (6th Cir. 1990), and, for a broader discussion of the plain hearing doctrine, see United States v. Ramirez, 112 F.3d 849 (7th Cir. 1997). After defendant Price pressed the "send" button to connect with defendant Suggs during Activation 3245, Price could reasonably expect that Suggs, or anyone with access to Suggs's telephone, could answer the call and hear what Price was saying to the unidentified person to whom he was talking.

**WHEREFORE**, we respectfully request that the Court summarily deny "Defendants' Joint Motion for Suppression of Recording Not Made on Telephone of Anthony Suggs."

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

_____
ANTHONY SCARPELLI
Assistant United States Attorney

_____
JOHN K. HAN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Case No. 07-152 (ESH) |
| | : | |
| **ANTHONY MAURICE SUGGS, et al.,** | : | |
| **Defendants.** | : | |

### ORDER

Upon consideration of *Defendants' Joint Motion for Suppression of Recording Not Made on Telephone of Anthony Suggs*, and the government's opposition thereto and the entire record in this matter, it is this _____ day of March, 2008,

Ordered that defendants' motion be, and hereby is, denied.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Copies to:

William J. O'Malley, Jr.
Anthony Scarpelli
John K. Han
Assistant United States Attorneys

**Anthony Maurice Suggs**
Patrick Donahue, Esquire
18 West Street
Annapolis, MD 21401

**Ernest Milton Glover**
Anthony Martin, Esquire
7841 Belle Point Drive
Greenbelt, MD 20770
**Glendale Earl Lee**
Ron Earnest, Esquire

8121 Georgia Avenue
Suite 406
Silver Spring, MD 20910

**Helery Price**
Richard K. Gilbert, Esquire
601 Pennsylvania Avenue, N.W.
Suite 900, South Bldg.
Washington, DC 20001