**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal Case No. 07-152-1 (ESH)** |
| | **:** | |
| **ANTHONY SUGGS,** | **:** | |
| **aka "Applejack"** | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S PROPOSED FINDINGS OF FACT ON THE DRUG QUANTITIES
AND RECOMMENDATION AS TO SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully submits its proposed findings of fact as to the amount of

Phencyclidine (PCP) attributable to the defendant, and recommends that the Court sentence the

defendant to 360 months imprisonment with a "mandatory term of 20 years imprisonment without

release," as set forth in 21 U.S.C. Section 841(b)(1).  In support of its motion and recommendation,

the United States relies on the following points, and any such other points that it may cite at a

hearing.

**Background**

On June 12, 2007, a District of Columbia federal grand jury returned a two-count indictment

against Anthony Suggs, Julian Johnson, James Parker, Ernest Milton Glover, Glendale Lee, Helery

Price, and Ngozi Joy, charging them in Count One with Conspiracy to Possess with Intent to

Distribute and to Distribute One Kilogram or More of Phencyclidine, in violation of 21 U.S.C.

Sections 841(a)(1), and 841(b)(1)(A)(iv), and 18 U.S.C. Section 2.  Suggs and Joy were charged in

Count Two with Unlawful Possession with Intent to Distribute One Kilogram or More of

Phencyclidine, in violation of 21 U.S.C. Sections 841(a)(1), and 841(b)(1)(A)(iv), and 18 U.S.C.

Section 2.  See Presentence Investigation Report ("PSR") at ¶ 1.  On October 16, 2007, a District

of Columbia federal grand jury returned a superseding ten-count indictment.  The defendant

remained charged in Count One with Conspiracy to Possess with Intent to Distribute and to

Distribute One Kilogram or More of Phencyclidine, in violation of 21 U.S.C. Sections 841(a)(1),

and Count Two of the original indictment became Count Six, charging the defendant with Unlawful

Possession with Intent to Distribute One Kilogram or More of Phencyclidine, in violation of 21

U.S.C. Sections 841(a)(1), and 18 U.S.C. 841(b)(1)(A)(iv), and 18 U.S.C. Section 2.  Additionally,

the defendant was charged in Counts Seven, Eight, and Ten with Unlawful Distribution of

Phencyclidine, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C), and Count Nine with

Unlawful Distribution of Cocaine, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C).

Id. at ¶ 4[1].  These charges stemmed from the defendant providing his co-defendants with large

quantities of PCP for monetary gain.  The defendant obtained gallon quantities of PCP from Lonnell

Glover, and then redistributed the PCP to his co-defendants, who then resold the PCP in the D.C.

area.  Id. at ¶¶ 16-34 (outlining the defendant's criminal conduct).  On June 19, 2007, the defendant,

along with his co-defendants, was arrested.  On October 15, 2008, the government filed notice of

sentencing enhancement for the defendant, as set forth in 21 U.S.C. Section 851.  (See Document

54).  On March 13, 2008, the defendant was found guilty of Counts One and Two by a jury.  PSR

at ¶ 10.  The defendant has yet to respond to the Court's June 16, 2008 Order requiring the defendant

to provide written notice regarding his position as to his prior conviction noticed by the government

pursuant to 21 U.S.C. Section 851, thus requiring an enhanced sentence.  (See Document 222).

---

[1]        On February 11, 2008, the Court severed Counts Seven, Eight Nine, and Ten.

**Finding of Fact Regarding Drug Quantities**

The defendant is accountable for approximately 7.7 kilograms of PCP. As the Court may recall, 2.3 gallons of PCP was recovered in the basement of Suggs's residence on March 27, 2007, which was in furtherance of the drug conspiracy. (2/26/08 Tr. 62-63). As Forensic Chemist Connie Klinkam testified during the trial, the 2.3 gallons of PCP converts into 7.7 kilograms of a mixture and substance of PCP. (2/20/08 Tr. 23). (See also Government's Exhibit 1604, drug summary chart). Wire interceptions 5812 (2/20/08 Tr. 69) and 5916 (2/20/08 Tr.70) were played for the jury. These intercepted conversations were recorded over Suggs's cellular telephone, shortly after the March 27, 2007 search. In Activation 5812, Suggs told co-defendant Joy "I'm going to take the beef" (referring to accepting responsibility for the 7.7. kilograms of PCP recovered inside the residence he shared with Joy). In Activation 5916 Suggs told Joy "they know it belongs to me" (referring to the fact that law enforcement knew that the PCP was Suggs's PCP). Indeed, the evidence established beyond a reasonable doubt that the defendant possessed these drugs in furtherance of the charged conspiracy.

Given that the defendant has two prior felony convictions (Criminal No. 98-402 - drug offense) and (Criminal No 03-170 escape), pursuant to §4B1.1 of the Guidelines and 28 U.S.C. Section 994(h), the defendant is a career offender. The defendant is also subjected to the 20 year mandatory term of imprisonment enhancement, as set forth in 21 U.S.C. Section 841(b)(1)(A). Therefore, the defendant's Guidelines range is 360 months to life imprisonment, with a mandatory 20 years of imprisonment without release, if the government establishes that the defendant is accountable for "1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine." 21 U.S.C. Section 841(b)(1)(A).

On March 13, 2008, as part of the jury's guilty verdict in reference to the defendant, the jury found beyond a reasonable doubt, that the defendant is accountable for 1 kilogram or more of a mixture or substance containing a detectable amount of PCP on both Counts One and Two. (See Document 171). The jury's verdict was based on evidence presented at trial, including wire intercepted calls between Suggs, Lonell Glover, Price, Ernest Glover, Parker, Lee, Joy, Johnson, and other co-conspirators; truck conversations between Lonnell Glover and Suggs where they discussed their drug trafficking conspiracy; and the search and recovery of 7.7 kilograms of PCP from Suggs's residence on March 27, 2007. Therefore, for sentencing purposes, the defendant is accountable for 1 kilogram or more of PCP, triggering the 20 year imprisonment sentence.

### Sentencing Recommendation

A. Statutory Maximum

As stated above, the defendant was found guilty of Count One Conspiracy to Possess with Intent to Distribute and to Distribute One Kilogram or More of Phencyclidine, and Count Two Unlawful Possession with Intent to Distribute One Kilogram or More of Phencyclidine, in violation of 21 U.S.C. Sections 841(a)(1), and 18 U.S.C. 841(b)(1)(A)(iv), and 18 U.S.C. Section 2. The maximum penalites for Conspiracy to Possess with Intent to Distribute and to Distribute One Kilogram or More of Phencyclidine is life imprisonment, a minimum mandatory sentence of ten years, a fine of $4,000,000, a term of supervised release of up to five years, and a special assessment fee of $100.00. Based on the defendant's criminal history, Suggs therefore should be sentenced to 360 months imprisonment with 20 years of mandatory imprisonment without release, based on 21 U.S.C. Section 841(b)(1), and the defendant's criminal history, most particularly, his two prior felony convictions.

B.  Sentencing Guideline Calculation

The government is in agreement with the Guidelines calculations utilized in the PSR.  The PSR writer (Ms. Renee Moses-Gregory) calculated the defendant's total offense level at 37.  PSR at ¶ 48.  The defendant disagrees with the PSR calculation of defendant's total offense level.  PSR at p. 26-27.  Ms. Moses-Gregory correctly calculated the defendant's criminal history score as Category IV.  Id. at ¶ 57.  The PSR and the government are in agreement that the defendant's Guidelines range is correctly calculated at 360 months to life imprisonment.  Id. at ¶ 95.  The PSR writer did not find factors indicating that a downward departure is warranted, nor could there possibly be any in this matter.  Id. at ¶ 112.  For the reasons set forth above, the government respectfully requests, and the Court must sentence the defendant to 360 months imprisonment, with a mandatory term of 20 imprisonment without release.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asserts that (i) the defendant is accountable for 1 kilogram or more of PCP; and (ii) the defendant should be sentenced to 360 months imprisonment with a 20 year mandatory term of imprisonment without release.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/s/

By:    _____

Anthony Scarpelli
John Han
Assistant United States Attorney
DC Bar No. 474711
(202) 353-1679
anthony.scarpelli@usdoj.gov

John Han
Assistant United States Attorney
NY Bar
(202) 514-6519
john.han@usdoj.gov

555 Fourth Street, N.W., 4th Floor
Washington, D.C. 20530